Whitney, Thompson & Jeffcoach LLP
Mandy L. Jeffcoach, #232313
  mjeffcoach@wtjlaw.com
Devon R. McTeer, #230539
  dmcteer@wtjlaw.com
970 W. Alluvial Ave.
Fresno, California 93711
Telephone:   (559) 753-2550
Facsimile:   (559) 753-2560

Attorneys for DAVID LEON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| SHAWN MAXWELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LISA PACIONE, in her official and individual capacities; RAYMONDA MARQUEZ, in her official and individual capacities; CYNTHIA LOO, in her official and individual capacities; MONICA MEZA TRUJILLO; DAVID LEON; KERN COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, official capacity; KERN COUNTY, a governmental entity; DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No. 1:24-cv-00409 CDB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DAVID LEON'S SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT**<br><br>Date:　July 1, 2024<br>Time:　10:30 a.m.<br>Place:　510 19th Street, Suite 200<br>　　　　Bakersfield, CA  93301 |

Defendant DAVID LEON (hereinafter referred to as "Mr. Leon") hereby submits the following Memorandum of Points & Authorities in support of his Special Motion to Strike the Complaint filed by Plaintiff SHAWN MAXWELL ("Plaintiff") pursuant to California's anti-Strategic Lawsuits Against Public Participation ("anti-SLAPP") statue, California Code of Civil Procedure Section 425.16.

51669.00371 06074621.000

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DAVID LEON'S SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT

# I.
# INTRODUCTION

In 1992, the California legislature passed legislation known as the anti-Slapp statute to provide a procedure by which a trial court can dismiss, at an early stage, non-meritorious litigation meant to chill the valid exercise of the constitutional rights of freedom of speech and petition-based activities. In addition, the law in California is abundantly clear: statements made in connection with a judicial proceeding are absolutely privileged under Civil Code §47.  The Ninth Circuit has determined that CCP §425.16 applies to federal actions.

Despite the fact that Plaintiff has asserted sixteen separately labeled causes of action in his Complaint, each cause of action is derived from the same basic allegations, all arising from Plaintiff's discontent with the results in underlying family law proceedings venued in the Superior Court of Kern County. Now, Plaintiff has sued, not only Mr. Leon, but also his former client Monica Meza Trujillo ("Ms. Trujillo"), the biological mother of Everly, who Plaintiff asserts is his child. In addition, Plaintiff has sued three judicial officers of Kern County, the court clerk, Kern County Department of Child Support Services, and Kern County itself.

The only cause of action expressly asserted against Mr. Leon in Plaintiff's Complaint is the sixteenth cause of action for "Frivolous Litigation and Abuse of Process", allegations which solely arise from Mr. Leon's legal representation of Ms. Trujillo in the underlying family law matter.

The allegations made against Mr. Leon undeniably constitute and arise out of protected activity under California Code of Civil Procedure ("CCP") section 425.16. Thus, the burden shifts to Plaintiff to establish a probability of prevailing on his cause of action against Mr. Leon. Plaintiff will not be able to demonstrate such a probability of prevailing as the conduct alleged is absolutely protected pursuant to the litigation privilege of Civil Code Section 47(b). Thus, Plaintiff's Complaint must be stricken in its entirety as it relates to Mr. Leon, and as the prevailing party on this Motion, Mr. Leon should be awarded his attorney's fees and costs.

## II.
## RELEVANT ALLEGATIONS IN THE COMPLAINT SUBJECT TO A SPECIAL MOTION TO STRIKE

The Complaint at issue in this action is premised upon an underlying family law proceeding in Kern County. Mr. Leon represented Ms. Trujillo, the biological mother of Everly, who Plaintiff asserts is his child. (Complaint at ¶1)

Only one cause of action in Plaintiff's Complaint on file herein is directed at Mr. Leon, the sixteenth cause of action for Frivolous Litigation and Abuse of Process. (Complaint at ¶¶142-146) In support of this cause of action, Plaintiff alleges that Mr. Leon served a "pivotal role in prosecuting actions against Plaintiff that appear to lack merit and substance. He alleges that these legal actions have been facilitated through the pursuit of fee waivers, raising questions about the ethical and legal propriety of the litigation pursued." (Complaint at ¶142.) Plaintiff alleges that Mr. Leon knowingly prosecuted legal actions against Plaintiff "that lack a solid legal foundation", including pursuing claims for paternity and child support that contradict available evidence and legal standards, specifically following the valid rescission of the Voluntary Declaration of Paternity (VDOP) by Plaintiff within the statutorily permitted period. (*Id.* at ¶143.) Plaintiff alleges that Mr. Leon abused the legal process by utilizing the Court to harass and financially deplete Plaintiff without just cause. (*Id.* at ¶145.)

As will be shown, Plaintiff's allegations against Mr. Leon clearly fall within protective, petitioning activity, and as such, Mr. Leon is entitled to the protections of the anti-SLAPP statute so as not to have to face prolonged, meritless litigation.

## III.
## LAW AND ARGUMENT

**A.  The Ninth Circuit Has Determined That CCP Section 425.16 Applies In Federal Courts.**

The Ninth Circuit has determined that CCP section 425.16 applies in federal courts in absence of "direct collusion" between the state enactment and the Federal Rules of Civil Procedure 8, 12 and 56. *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999) ("*Lockheed*"); see also *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 261 (9th Cir. 2013); see also *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1109 (9th Cir.2003)

("Motions to strike a state law claim under California's anti-SLAPP statute may be brought in federal court."); *Rogers v. Home Shopping Network, Inc.,* 57 F. Supp. 2d 973, 983 (C.D. Cal. 1999) (§ 425.16 applies in federal court.)

The *Lockheed* court determined that, because there was no direction collusion between the Federal Rules of Civil Procedure and section 425.16, subdivisions (b) (providing the availability of the special motion to strike) and (c) (providing for attorney fees), those provisions are available to a defendant in federal court. *Lockheed, supra*, at pp. 972-973 [there is no indication that Rules 8, 12, and 56 were intended to "occupy the field" with respect to pretrial procedures aimed at weeding out meritless claims.]  It held:

> Although Rules 12 and 56 allow a litigant to test the opponent's claims before trial, California's "special motion to strike" adds an additional, unique weapon to the pretrial arsenal, a weapon whose sting is enhanced by an entitlement to fees and costs. Plainly, if the anti-SLAPP provisions are held not to apply in federal court, a litigant interested in bringing meritless SLAPP claims would have a significant incentive to shop for a federal forum. Conversely, a litigant otherwise entitled to the protections of the anti–SLAPP statute would find considerable disadvantage in a federal proceeding.

*Lockheed, supra*, at p. 973.

Special procedural rules apply where an anti-SLAPP motion is brought in federal court. *Bull. Displays, LLC v. Regency Outdoor Advert., Inc*., 448 F. Supp. 2d 1172, 1180 (C.D. Cal. 2006). If a defendant makes a special motion to strike based on alleged deficiencies in the plaintiff's complaint, the motion must be treated in the same manner as a motion under Rule 12(b)(6) except that the attorney's fee provision of § 425.16(c) applies. If a defendant makes a special motion to strike based on the plaintiff's alleged failure of proof, the motion must be treated in the same manner as a motion under Rule 56 except that again the attorney's fees provision of § 425.16(c) applies. *Rogers v. Home Shopping Network, Inc*., *supra*, 57 F. Supp. 2d p. 983.

B. **Legal Authority Relating To Anti-SLAPP Motions in California.**

California's anti-Slapp statute, set forth under CCP §425.16, was enacted in order to "protect citizens in the exercise of their First Amendment constitutional rights of free speech and petition." *Dowling v. Zimmerman*, 85 Cal.App.4th 1400, 1414 (2001). This statute encourages

participation in matters of public significance by permitting a court to promptly dismiss unmeritorious actions or claims that are brought to chill the valid exercise of constitutional rights of speech and petition for the redress of grievances. CCP §425.16(a); *Ketchum v. Moses*, 24 Cal.4th 1122, 1130 (2001); *Sipple v. Foundation for Nat. Progress*, 71 Cal.App.4th 226, 235 (1999).

The statute provides, in relevant part:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.
>
> ***
>
> As used in this section, "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" includes: **(1)** any written or oral statement or writing made before a legislative, executive, or judicial body, or any other official proceeding authorized by law; **(2)** any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; **(3**) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; **(4)** or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest. (CCP §425.16(b)(l) & (e).)

SLAPP suits are "civil lawsuits … aimed at preventing citizens from exercising their [constitutional] rights or punishing those who have done so." *Church of Scientology v. Wollersheim*, 42 Cal.App.4th 628, 645 (1996) [noting that it is not the moving party's burden on an anti-SLAPP motion to prove that the plaintiff had an intent to chill their free-speech] (disapproved of on other grounds by *Equilon Enterprises v. Consumer Cause, Inc.,* 29 Cal.4th 53, 57 (2002). "Thus, the only thing the defendant needs to establish to invoke the protection of the SLAPP statute is that the challenged lawsuit arose from an act on the part of the defendant in furtherance of her right of petition or free speech." *Fox Searchlight Pictures, Inc. v. Paladino,* 89 Cal.App.4th 294, 307. (2001).

Section 425.16, subdivision (b)(1) requires the Court to engage in a two-step process.

*Equilon Enterprises v. Consumer Cause, Inc.*, *supra*, 29 Cal.4th at p. 67.

First, the Court decides whether the defendant has made a prima facie showing that the challenged cause of action is one arising from protected activity. *Equilon Enterprises v. Consumer Cause, Inc.*, *supra*, 29 Cal.4th at p. 67; *Dowling v. Zimmerman*, *supra*, 85 Cal.App.4th at p. 1417; CCP § 425.16(b)(1). The defendant can meet its burden "by showing the act which forms the basis for the plaintiff's cause of action was an act that falls within one of the four categories of conduct described in subdivision (e) of Section 425.16, set forth above. *Ibid*. In other words, the critical point is whether the plaintiff's cause of action itself was based on an act in furtherance of the defendant's right of petition or free speech. *City of Cotati v. Cashman,* 29 Cal. 4th 69, 78 (2002).

If a cause of action arises from protected activity, the burden then shifts to plaintiff to prove a probability he or she will prevail on each claim asserted. *Equilon Enterprises v. Consumer Cause, Inc.*, *supra*, 29 Cal.4th at p. 67; *Dowling v. Zimmerman*, *supra*, 85 Cal.App.4th at p. 1417; CCP § 425.16. In other words, the plaintiff must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited. *Wilson v. Parker, Covert & Chidester,* 28 Cal.4th 811, 821 (2002); *Nagel v. Twin Laboratories, Inc.*, 109 Cal.App.4th 39, 45 (2004). If the party opposing the motion fails to make that showing with competent, admissible evidence, the anti-SLAPP motion must be granted. *Slaney v. Ranger Ins. Co.*, 115 Cal.App.4th 306, 318 (2004).

An anti-SLAPP motion may be directed at individual causes of action. CCP § 425.16(b)(l) Thus, where a complaint contains both SLAPP and non-SLAPP causes of action, the SLAPP claim alone may be stricken. The fact that other claims remain does not bar a trial judge from granting a § 425.16 special motion to strike. *Shekhter v. Financial Indem. Co.*, 89 Cal.App.4th 141, 150 (2001).

A mixed cause of action is also subject to CCP section 425.16 if at least one of the underlying acts is protected conduct, unless the allegations of protected conduct are merely incidental to the unprotected activity. *Salma v. Capon* , 161 Cal.App.4th 1275, 1287–88 (2008) [citing to *Peregrine Funding, Inc. v. Sheppard Mullin Richter Hampton LLP*, 133 Cal.App.4th

658, 672 (2005). A plaintiff cannot frustrate the purposes of the anti-SLAPP statute through a pleading tactic of combining allegations of protected and nonprotected activity under the label of one "cause of action." *Fox Searchlight Pictures, Inc. v. Paladino, supra,* 89 Cal.App.4th at p. 308; *Shekhter v. Financial Indem. Co.*, *supra*, 89 Cal.App.4th at p. 150.

C. **Plaintiff's Claims Against Mr. Leon Arise Out Of Protected Petitioning Activities In And Related To The Underlying Family Law Proceedings.**

The anti-SLAPP statute applies to all petition and petition-related activity. *Chavez v. Mendoza* (2001) 94 Cal.App.4th 1083,1088. It protects communications "made in connection with an issue under consideration or review by a... judicial body..." CCP §425.16(e)(2); *Paul v. Friedman* (2002) 95 Cal.App.4th 853, 866. **Attorneys representing clients in litigation may invoke the anti-SLAPP statute in lawsuits based on actions commenced, statements made, or pleadings submitted on behalf of their clients.** *Briggs v. Eden Council for Hope & Opportunity,* 19 Cal.4th 1106, 1116 (1999); *Predi-Wave Corp. v. Simpson Thacher & Bartlett LLP*, 179 Cal.App.4th 1204, 1220–1221 (2009) [Emphasis Added].

Further, CCP 425.16 protects a defendant who has provided a written or oral statement in any "legislative, executive or judicial proceedings, or any other official proceeding authorized by law."  CCP §425.16 (b)(1). A statement or writing is "in connection with" litigation if it "relates to the substantive issues in the litigation and is directed to persons having some interest in the litigation." *Neville v. Chudacoff*, 160 Cal.App.4th 1255, 1266 (2008).

CCP section 425.16 is construed broadly, to protect the right of litigants to "the utmost freedom of access to the courts without the fear of being harassed subsequently by derivative tort actions." Thus, it has been established for well over a century that a communication is absolutely immune from any tort liability if it has "'some relation to judicial proceedings." *Healy v. Tuscany Hill Landscape & Recreation Corp.*, 137 Cal.App.4th 1, 5 (2006); *Rubin v. Green*, 4 Cal.4th 1187, 1193-1194 (1993); *Blanchard v. DIRECTV, Inc.,* 123 Cal.App.4th 903, 919 (2004).

Here, it is undeniable that the gravamen of Plaintiff's Complaint, including his sixteenth causes of action for Frivolous Litigation and Abuse of Process, as alleged against Mr. Leon, arises out of protected activity in that it is based entirely on claims of conduct related to Mr. Leon's

representation of Ms. Trujillo in the family law (judicial) proceedings. Indeed, that is the essence of the tort of abuse of process—some misuse of process in a prior action. It is undisputed that **abuse of process claims are subject to a special motion to strike**[1]. *Booker v. Rountree*, 155 Cal. App. 4th 1366, 1370 (2007); *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1057 (2006) [Emphasis Added].

Mr. Leon has met his initial burden under CCP section 425.16 by showing that the conduct alleged in the Complaint, even if true, occurred during and in relation to judicial proceedings. Thus, the burden shifts to Plaintiff to provide admissible evidence showing he has a probability of prevailing his claims against Mr. Leon. Plaintiff cannot meet this burden, particularly because the litigation privilege bars his claims.

### D. Plaintiff Cannot Meet His Burden To Demonstrate A Likelihood Of Success On The Merits As The Litigation Privilege Bars His Claims.

As shown above, once the defendant establishes a prima facie case that the conduct at issue arises from the defendant's free speech or petition activity, "the burden shifts to the plaintiff to establish a probability that the plaintiff will prevail on the claim, i.e., make a prima facie showing of facts that would, if proved at trial, support a judgment in the plaintiffs favor." *Equilon Enterprises v. Consumer Cause, Inc., supra*, 29 Cal.4th at p. 57.

#### 1. Plaintiff's Claims against Mr. Leon Are Barred By The Litigation Privilege Of Civil Code § 47(b).

If the opposing party's action is subject to a complete defense, the anti-SLAPP motion must be granted. *Blanchard v. DIRECTV, Inc., supra*, 123 Cal.App.4th at p. 922 [holding that plaintiff could not satisfy second prong of anti-SLAPP analysis as a matter of law in light of applicability of litigation privilege].)

Since 1996, the law of this state has been to apply Section 425.16's protection of statements made "before a legislative, executive, or judicial proceeding" congruently with the parallel language in Civil Code § 47 by establishing an absolute privilege for statements made "[i]n any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding

---

[1] Plaintiff has not referenced, and counsel for Mr. Leon has not found any legal authority which recognizes an affirmative cause of action for "Frivolous Litigation".

1  authorized by law, or (4) in the initiation or course of any other proceeding authorized by law .... "
2  Civil Code § 47(b); *Aronson v. Kinsella*, 58 Cal.App.4th 254, 266 (1997); *Dove Audio. Inc. v.*
3  *Rosenfeld, Meyer & Susman ("Dove Audio")*, 47 Cal.App.4th 777, 784 (1996). Both the
4  California Supreme Court and the Fifth District Court of Appeal, has cited *Dove Audio*, *supra*,
5  with approval on the coextension of the two statutes on this point. *Briggs v. Eden Council for*
6  *Hope & Opportunity, supra,* 19 Cal.4th at p. 1115; *Kashian v. Harriman,* 98 Cal.App.4th 892,
7  908-909, 915 (2002).

8      The litigation privilege is absolute and prohibits all tort actions that are based upon
9  protected communications or actions taken in relation to litigation, except claims for malicious
10 prosecution. *Silberg v. Anderson* (1990) 50 Cal.3d 205, 215; *Rubin v. Green*, *supra*, 4 Cal.4th at
11 1194-1196. The litigation privilege is broadly applied to protect any communication and
12 publication having "some relation" or connection to a judicial proceeding. *Ibid*.; *Pollock v. Univ.*
13 *of S. California*, 112 Cal.App.4th 1416, 1430 (2003); *Alpha & Omega Dev., LP v. Whillock*
14 *Contracting, Inc.*, *supra*, 200 Cal.App.4th at p. 664 [the privilege has been broadly applied];
15 *Rusheen v. Cohen, supra,* 37 Cal.4th at p. 1058 [the privilege has been applied in the context of
16 abuse of process claims alleging the filing of false or perjurious testimony or declarations];

17     The litigation privilege applies "to any publication required or permitted by law in the
18 course of a judicial proceeding to achieve the objections of the litigation, even though the
19 publication is made outside the courtroom and no function of the court or its officers is involved."
20 *Silberg v. Anderson*, *supra*, 50 Cal.3d at p. 212; *Green v. Uccelli* , 207 Cal.App.3d 1112, 1124
21 (1989). It is not limited to statements made during a trial or other proceedings, but may extend to
22 steps taken prior thereto, or afterwards. 5 Witkin, Summary of Cal. Law, supra, Torts, §§ 470,
23 505, pp. 554, 591; *Rusheen v. Cohen*, *supra*, 37 Cal. 4th at p. 1057.

24     Matters falling within the protection of Civil Code § 47, ***including an attorney's***
25 ***representation of his or her client in an underlying matter***, are protected communications under
26 California's anti-SLAPP statute. (Civil Code § 47(b); *Wilson v. Parker Covert & Chidester, supra,*
27 28 Cal.4th at p. 821 [Emphasis added].)

28

Any communications or actions taken in relation to litigation are provided the absolute protection of the litigation privilege, regardless of the actor's motive. *Cruey v. Gannett Co.*, 64 Cal.App.4th 356. 367 (1998) ["If absolutely privileged, there is no liability even if the . . . communication is made with actual malice"]; *Navellier v. Sletten*, 106 Cal.App.4th 763, 769 (2003) [even claims of fraud are protected by the litigation privilege."]; *Alpha & Omega Dev., LP v. Whillock Contracting, Inc.*, 200 Cal.App.4th 656, 664 (2011) [the privilege is absolute and applies regardless of malice]. "**Any doubt about whether the privilege applies is resolved in favor of applying it.**" *Kashian v. Harriman, supra,* 98 Cal.App.4th at p. 913 [Emphasis Added].

There is no dispute that the gravamen of Plaintiff's Complaint is based upon Mr. Leon's representation of his client Ms. Trujillo in the underlying family law proceedings; specifically that he inappropriately pursued fee waivers on behalf of Ms. Trujillo, that his prosecution of Plaintiff lacked "a solid legal foundation", and that he pursued claims for paternity and child support that contradicted available evidence and legal standards. (Complaint at ¶¶142-146). This alleged conduct, not only related to the underlying judicial proceedings, but undoubtedly are absolutely privileged under Civil Code section 47(b). As a result, Plaintiff will not be able to demonstrate a probability of prevailing on any of his claims against Mr. Leon as he will not be able to overcome this absolute privilege.

E. **Defendants Should Be Deemed The Prevailing Parties And Are Therefore Entitled To An Award Of Attorneys' Fees And Costs Associated With This Motion.**

"The point of the anti-SLAPP statute is that [parties] have a right *not* to be dragged through the courts because [they] exercised [their] constitutional rights." *People ex rel. Lockyer v. Brar*, 115 Cal.App.4th 1315, 1317 (2004) [italics in original].

The language of the statute is clear and unambiguous: "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees." CCP § 425.16(c). The intent of this provision is to mandate an award "'which will adequately compensate the defendant for the expense of responding to a baseless lawsuit." *Dove Audio, supra,* 47 Cal.App.4th at p. 785 [upholding an award of $28,296 in fees and costs].)

The California Supreme Court has confirmed that once a special Motion to Strike has been

granted, courts have no discretion to refuse to award attorney's fees to the prevailing party. "[U]nder CCP section 425.16, subdivision (c), any SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees." *Ketchum v. Moses, supra*, 24 Cal.4th at p. 1131. This statutory remedy does not require the prevailing defendant to demonstrate that the SLAPP suit was brought "frivolously" or in "bad faith" instead, a successful defendant is merely required to show that he or she was sued based upon "conduct in furtherance" of the rights of free speech or petition activity on behalf of himself or the client he represents. *Equilon Enterprises v. Consumer Cause, Inc.*, *supra*, 29 Cal.4th at p. 63.

Plaintiff is hereby on notice that Defendant will move by way of a properly-noticed post-judgment Motion and cost memorandum to recover all fees and costs associated with the present Motion, should it prevail.

## IV. CONCLUSION

Plaintiff's Complaint against Mr. Leon is the precise type of litigation from which the anti-SLAPP statute was designed to protect. The gravamen of Plaintiff's Complaint is his plea to this Court to hold Mr. Leon liable for the actions taken in the underlying family law proceedings on behalf of his client. Such actions undeniably arise out of protected, petitioning activity, and as such, Mr. Leon is entitled to the protections of the anti-SLAPP statute so as not to have to face prolonged, meritless litigation. Mr. Leon respectfully requests this Court strike Plaintiff's sixteenth cause of action as it relates to Mr. Leon, pursuant to CCP section 425.16. Moreover, attorney's fees are warranted and will be the subject of a second motion.

Dated: May 22, 2024                          WHITNEY, THOMPSON & JEFFCOACH LLP

                                             By: _/s/ Mandy Jeffcoach_____
                                                Mandy L. Jeffcoach
                                                Devon R. McTeer
                                                Attorneys for DAVID LEON