1  9Leonard C. Herr, #081896
   Alex E. Thompson, #280919
2  HERR PEDERSEN & BERGLUND LLP
   Attorneys at Law
3  100 Willow Plaza, Suite 300
   Visalia, California  93291
4  Telephone:  (559) 636-0200

5  Attorneys for Defendant,
   MONICA MEZA TRUJILLO
6

7

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

11  SHAWN MAXWELL,                          Case No.: 1:24-CV-00409-CBD

12              Plaintiff,                  **DEFENDANT MONICA MEZA
                                            TRUJILLO'S MEMORANDUM OF
13       v.                                 POINTS AND AUTHORITIES IN
                                            SUPPORT OF SPECIAL MOTION TO
14  LISA PACIONE, in her official and       STRIKE PLAINTIFF'S COMPLAINT**
    individual capacities; RAYMONDA
15  MARQUEZ, in her official and individual Judge: Hon. Christopher D. Baker
    capacities; CYNTHIA LOO, in her official
16  and individual capacities; MONICA       Date:       July 1, 2024
    MEZA TRUJILLO; DAVID LEON; KERN         Time:       10:30 a.m.
17  COUNTY DEPARTMENT OF CHILD              Location:   510 19th Street, Suite 200
    SUPPORT SERVICES, official capacity;                Bakersfield, CA 93301
18  KERN COUNTY, a governmental entity;
    Does 1 through 10, inclusive,
19
                Defendants.
20

21

22

23       Defendant MONICA MEZA TRUJILLO (hereinafter referred to as "Ms. Trujillo")

24  hereby submits the following Memorandum of Points and Authorities in support of

25  her Special Motion to Strike the Complaint filed by Plaintiff SHAWN MAXWELL

26  ("Plaintiff") pursuant to California's anti-Strategic Lawsuits Against Public

27  Participation ("anti-SLAPP") statute, California Code of Civil Procedure Section

28  425.16.

HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-1-
**DEFENDANT MONICA MEZA TRUJILLO'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF SPECIAL MOTION TO STRIKE PLAINTIFF'S
COMPLAINT**

**I. INTRODUCTION**

In 1992, the California legislature passed legislation known as the anti-Slapp statute to provide a procedure by which a trial court can dismiss, at an early stage, non-meritorious litigation meant to chill the valid exercise of the constitutional rights of freedom of speech and petition-based activities. In addition, the law in California is abundantly clear: statements made in connection with a judicial proceeding are absolutely privileged under Civil Code §47. The Ninth Circuit has determined that CCP §425.16 applies to federal actions.

Despite the fact that Plaintiff has asserted sixteen separately labeled causes of action in his Complaint, each cause of action is derived from the same basic allegations, all arising from Plaintiff's discontent with the results in underlying family law proceedings venued in the Superior Court of Kern County. Now, Plaintiff has sued not only, Ms. Trujillo, the biological mother of Everly, who Plaintiff asserts is his child, but also her attorney David Leon ("Mr. Leon"). In addition, Plaintiff has sued three judicial officers of Kern County, the court clerk, Kern County Department of Child Support Services, and Kern County itself.

The only causes of action which appear to be asserted against Ms. Trujillo in Plaintiff's Complaint are the Fourth Cause of Action – Interference with Parental Rights, Sixth Cause of Action – Failure to Adhere to Due Process by Court Clerks and DCSS, Ninth Cause of Action – Fraud or Misrepresentation, Tenth Cause of Action – Invasion of Privacy, Twelfth Cause of Action- Breach of Contract, Thirteenth Cause of Action – Negligent Infliction of Emotional Distress, Fifteenth Cause of Action – Conspiracy to Interfere with Civil Rights, and Sixteenth Cause of Action – Frivolous Litigation and Abuse of Process. These allegations arise solely out of Ms. Trujillo's participation in the underlying family law case.

The allegations made against Ms. Trujillo undeniably constitute and arise out of protected activity under California Code of Civil Procedure ("CCP") section 425.16. Thus, the burden shifts to Plaintiff to establish a probability of prevailing on his

HERR PEDERSEN & BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-2-

**DEFENDANT MONICA MEZA TRUJILLO'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT**

1  cause of action against Ms. Trujillo. Plaintiff will not be able to demonstrate such a

2  probability of prevailing as the conduct alleged is absolutely protected pursuant to

3  the litigation privilege of Civil Code Section 47(b). Thus, Plaintiff's Complaint must

4  be stricken in its entirety as it relates to Ms. Trujillo, and as the prevailing party on

5  this Motion, Ms. Trujillo should be awarded her attorney's fees and costs.

6  **II.   GENERAL ALLEGATIONS**

7  Plaintiff's allegations against Ms. Trujillo only identify her actions in seeking

8  court and administrative redress. Plaintiff complains that Ms. Trujillo received relief

9  and that somehow "Defendant TRUJILLO is implicated in the events following the

10  judicial orders issued by Judges LISA M. PACIONE and RAYMOND MARQUEZ,

11  which resulted in Plaintiff being required to surrender his child to Defendant

12  MONICA MEZA TRUJILLO under conditions disputed by Plaintiff as unlawful and

13  unwarranted." (Complaint, ¶ 22.)

14  Plaintiff and Ms. Trujillo are the parents of a minor child, born on August 24,

15  2018. (Complaint, ¶¶14-15, 22, 29.)

16  On August 24, 2018, Plaintiff signed a Voluntary Declaration of Paternity

17  ("VDOP"). (Complaint, ¶ 30.) On September 24, 2018, Plaintiff signed a Declaration

18  of Paternity Rescission. (Complaint, ¶ 34.) On October 22, 2018, the California

19  Department of Child Support Services sent Plaintiff a letter stating the VDOP was

20  rescinded. (Complaint, ¶35.)

21  On September 16, 2021 Ms. Trujillo filed a Petition to Establish Parental

22  Relationship against MAXWELL; Kern County Superior Court, case no. BPT-21-

23  002372. (Complaint, ¶¶ 36-37.) Plaintiff asserts Ms. Trujillo had no standing or

24  cause for filing/to file her petition to seek a child support order. (Complaint, ¶ 36.)

25  Ms. Trujillo also sought and received a waiver of court fees, which Plaintiff alleges

26  were impermissibly granted. (Complaint, ¶ 38-39.) On December 22, 2021, Plaintiff

27  filed a Request for a Domestic Violence Restraining Order against Ms. Trujillo, which

28  was rejected by the Kern County Superior Court clerk. (Complaint, ¶¶ 41-42.)

HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-3-

**DEFENDANT MONICA MEZA TRUJILLO'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT**

1           On January 31, 2022 Ms. Trujillo filed a request for a temporary protective

2  order against Plaintiff, which was accepted. (Complaint ¶ 45.)

3           On April 19, 2022 Ms. Trujillo received physical and legal custody of her minor

4  child and dismissed Plaintiff's prior request for a protective order. (Complaint ¶ 47.)

5  On October 10, 2022 Ms. Trujillo's petition to establish paternity was granted.

6  (Complaint ¶ 54.) On October 30, 2022 Ms. Trujillo applied for a child support order;

7  Plaintiff alleged that Ms. Trujillo was arguably not entitled to a child support order.

8  (Complaint, ¶55.) Additionally, Plaintiff alleged Ms. Trujillo violated Plaintiff's privacy

9  by using his social security number to apply for child support services. (Complaint,

10  ¶ 113.) On June 14, 2023, Ms. Trujillo's request for a permanent protective order

11  was denied. (Complaint ¶ 65.) On August 7, 2023, Ms. Trujillo received a Default

12  Judgment for Parental Obligations against Plaintiff. (Complaint ¶ 66.)

13  Plaintiff has alleged that Ms. Trujillo impermissibly interfered with his parental

14  rights without any explanation other than Ms. Trujillo availing herself of legal and

15  administrative actions. (Complaint, ¶ 85-87.) Plaintiff alleges Ms. Trujillo as a

16  "potentially other [defendant] […]," engaged in fraud or misrepresentations, which

17  involved "misleading [Plaintiff] or the court regarding legal standing of paternity,

18  support claims, or the validity of the [VDOP]." (Complaint, ¶ 107.) Plaintiff alleges

19  that Ms. Trujillo "possibly" breached a contract by "ignoring the valid rescission of

20  the VDOP […] and proceeding as if the VDOP remained in effect […]." (Complaint, ¶

21  123.) Plaintiff has alleged that family law litigation and results have caused him

22  emotional distress. (Complaint, ¶ 127.) Plaintiff alleges that the Defendants have

23  acted in concert through the misuse of the legal system, which may amount to a

24  conspiracy, to deprive him of his parental rights. (Complaint, ¶ 137.) Plaintiff also

25  alleges that Ms. Trujillo "prosecuted actions against [Plaintiff] that appear to lack

26  merit and substance." (Complaint, ¶142.)

27           As will be shown, Plaintiff's allegations against Ms. Trujillo clearly fall within

28  protective, petitioning activity, and as such, Ms. Trujillo is entitled to the protections

HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-4-

**DEFENDANT MONICA MEZA TRUJILLO'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT**

1   of the anti-SLAPP statute so as not to have to face prolonged, meritless litigation.

2   ### III.   LEGAL ANALYSIS

3   **A.   The Ninth Circuit Has Determined That CCP Section 425.16 Applies In Federal Courts.**

4

5   The Ninth Circuit has determined that CCP section 425.16 applies in federal

6   courts in absence of "direct collusion" between the state enactment and the Federal

7   Rules of Civil Procedure 8, 12 and 56. U.S. ex rel. (*Newsham v. Lockheed Missiles &*

8   *Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999) ("*Lockheed*"); see also *Makaeff v. Trump*

9   *Univ., LLC*, 715 F.3d 254, 261 (9th Cir. 2013); see also *Vess v. Ciba–Geigy Corp. USA*,

10  317 F.3d 1097, 1109 (9th Cir.2003) ("Motions to strike a state law claim under

11  California's anti-SLAPP statute may be brought in federal court."); *Rogers v. Home*

12  *Shopping Network, Inc.*, 57 F. Supp. 2d 973, 983 (C.D. Cal. 1999) (§ 425.16 applies

13  in federal court.).)

14  The *Lockheed* court determined that, because there was no direct collusion

15  between the Federal Rules of Civil Procedure and section 425.16, subdivisions (b)

16  (providing the availability of the special motion to strike) and (c) (providing for

17  attorney fees), those provisions are available to a defendant in federal court.

18  (*Lockheed, supra*, at pp. 972-973 [there is no indication that Rules 8, 12, and 56

19  were intended to "occupy the field" with respect to pretrial procedures aimed at

20  weeding out meritless claims.].) It held:

21      Although Rules 12 and 56 allow a litigant to test the opponent's claims
        before trial, California's "special motion to strike" adds an additional,
22      unique weapon to the pretrial arsenal, a weapon whose sting is
        enhanced by an entitlement to fees and costs. Plainly, if the anti-SLAPP
23      provisions are held not to apply in federal court, a litigant interested in
        bringing meritless SLAPP claims would have a significant incentive to
24      shop for a federal forum. Conversely, a litigant otherwise entitled to the
        protections of the anti–SLAPP statute would find considerable
25      disadvantage in a federal proceeding.

26      (*Lockheed, supra*, at p. 973. )

27  Special procedural rules apply where an anti-SLAPP motion is brought in

28  federal court. (*Bull Displays, LLC v. Regency Outdoor Advert., Inc.*, 448 F. Supp. 2d

HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

**DEFENDANT MONICA MEZA TRUJILLO'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT**

1   1172, 1180 (C.D. Cal. 2006).) If a defendant makes a special motion to strike based

2   on alleged deficiencies in the plaintiff's complaint, the motion must be treated in the

3   same manner as a motion under Rule 12(b)(6) except that the attorney's fee provision

4   of § 425.16(c) applies. If a defendant makes a special motion to strike based on the

5   plaintiff's alleged failure of proof, the motion must be treated in the same manner as

6   a motion under Rule 56 except that again the attorney's fees provision of § 425.16(c)

7   applies. (*Rogers v. Home Shopping Network, Inc., supra*, 57 F. Supp. 2d p. 983.)

8        **B.**    **Legal Authority Relating To Anti-SLAPP Motions in California.**

9        California's anti-Slapp statute, set forth under CCP §425.16, was enacted in

10  order to "protect citizens in the exercise of their First Amendment constitutional

11  rights of free speech and petition." (*Dowling v. Zimmerman*, 85 Cal.App.4th 1400,

12  1414 (2001).) This statute encourages participation in matters of public significance

13  by permitting a court to promptly dismiss unmeritorious actions or claims that are

14  brought to chill the valid exercise of constitutional rights of speech and petition for

15  the redress of grievances. (CCP §425.16(a); *Ketchum v. Moses*, 24 Cal.4th 1122, 1130

16  (2001); *Sipple v. Foundation for Nat. Progress*, 71 Cal.App.4th 226, 235 (1999).)

17       The statute provides, in relevant part:

18           A cause of action against a person arising from any act of that
             person in furtherance of the person's right of petition or free
19           speech under the United States or California Constitution
             in connection with a public issue shall be subject to a special
20           motion to strike, unless the court determines that the plaintiff
             has established that there is a probability that the plaintiff will
21           prevail on the claim.

22           [...]

23           As used in this section, "act in furtherance of a person's right of
             petition or free speech under the United States or California
24           Constitution in connection with a public issue" includes: (1) any
             written or oral statement or writing made before a legislative,
25           executive, or judicial body, or any other official proceeding
             authorized by law; (2) any written or oral statement or writing
26           made in connection with an issue under consideration or review
             by a legislative, executive, or judicial body, or any other official
27           proceeding authorized by law; (3) any written or oral statement
             or writing made in a place open to the public or a public forum
28           in connection with an issue of public interest; (4) or any other
             conduct in furtherance of the exercise of the constitutional right

HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-6-

**DEFENDANT MONICA MEZA TRUJILLO'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF SPECIAL MOTION TO STRIKE PLAINTIFF'S
COMPLAINT**

1   of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest. (CCP §425.16(b)(l) & (e).)

2

3

4   SLAPP suits are "civil lawsuits … aimed at preventing citizens from exercising their [constitutional] rights or punishing those who have done so." (*Church of Scientology v. Wollersheim*, 42 Cal.App.4th 628, 645 (1996) [noting that it is not the moving party's burden on an anti-SLAPP motion to prove that the plaintiff had an intent to chill their free-speech] (disapproved of on other grounds by *Equilon Enterprises v. Consumer Cause, Inc.*, 29 Cal.4th 53, 57 (2002).) "Thus, the only thing the defendant needs to establish to invoke the protection of the SLAPP statute is that the challenged lawsuit arose from an act on the part of the defendant in furtherance of her right of petition or free speech." (*Fox Searchlight Pictures, Inc. v. Paladino*, 89 Cal.App.4th 294, 307. (2001).)

5

6

7

8

9

10

11

12

13   Section 425.16, subdivision (b)(1) requires the Court to engage in a two-step process. (*Equilon Enterprises v. Consumer Cause, Inc., supra*, 29 Cal.4th at p. 67.)

14

15

16   First, the Court decides whether the defendant has made a prima facie showing that the challenged cause of action is one arising from protected activity. (*Equilon Enterprises v. Consumer Cause, Inc., supra*, 29 Cal.4th at p. 67; *Dowling v. Zimmerman, supra*, 85 Cal.App.4th at p. 1417; CCP § 425.16(b)(1).) The defendant can meet its burden "by showing the act which forms the basis for the plaintiff's cause of action was an act that falls within one of the four categories of conduct described in subdivision (e) of Section 425.16, set forth above. Ibid. In other words, the critical point is whether the plaintiff's cause of action itself was based on an act in furtherance of the defendant's right of petition or free speech. (*City of Cotati v. Cashman*, 29 Cal. 4th 69, 78 (2002).)If a cause of action arises from protected activity, the burden then shifts to plaintiff to prove a probability he or she will prevail on each claim asserted. (*Equilon Enterprises v. Consumer Cause, Inc., supra*, 29 Cal.4th at p. 67; *Dowling v. Zimmerman, supra*, 85 Cal.App.4th at p. 1417; CCP § 425.16.) In other words, the plaintiff must demonstrate that the complaint is both

17

18

19

20

21

22

23

24

25

26

27

28

HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-7-

**DEFENDANT MONICA MEZA TRUJILLO'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT**

1  legally sufficient and supported by a sufficient prima facie showing of facts to sustain

2  a favorable judgment if the evidence submitted by the plaintiff is credited. (*Wilson v.*

3  *Parker, Covert & Chidester*, 28 Cal.4th 811, 821 (2002); *Nagel v. Twin Laboratories,*

4  *Inc.*, 109 Cal.App.4th 39, 45 (2004).) If the party opposing the motion fails to make

5  that showing with competent, admissible evidence, the anti-SLAPP motion must be

6  granted. (*Slaney v. Ranger Ins. Co.*, 115 Cal.App.4th 306, 318 (2004).)

7       An anti-SLAPP motion may be directed at individual causes of action. CCP §

8  425.16(b)(l) Thus, where a complaint contains both SLAPP and non-SLAPP causes

9  of action, the SLAPP claim alone may be stricken. The fact that other claims remain

10  does not bar a trial judge from granting a § 425.16 special motion to strike. (*Shekhter*

11  *v. Financial Indem. Co.*, 89 Cal.App.4th 141, 150 (2001).)

12       A mixed cause of action is also subject to CCP section 425.16 if at least one

13  of the underlying acts is protected conduct unless the allegations of protected

14  conduct are merely incidental to the unprotected activity. (*Salma v. Capon*, 161

15  Cal.App.4th 1275, 1287–88 (2008) [citing to *Peregrine Funding, Inc. v. Sheppard*

16  *Mullin Richter Hampton LLP*, 133 Cal.App.4th 658, 672 (2005).) A plaintiff cannot

17  frustrate the purposes of the anti-SLAPP statute through a pleading tactic of

18  combining allegations of protected and nonprotected activity under the label of one

19  "cause of action." (*Fox Searchlight Pictures, Inc. v. Paladino, supra*, 89 Cal.App.4th at

20  p. 308; *Shekhter v. Financial Indem. Co., supra*, 89 Cal.App.4th at p. 150.)

21      **C.**    **Plaintiff's Claims Against Ms. Trujillo Arise Out Of Protected**
22              **Petitioning Activities In And Related To The Underlying Family Law Proceedings.**

23       The anti-SLAPP statute applies to all petition and petition-related activity.

24  (*Chavez v. Mendoza* (2001) 94 Cal.App.4th 1083,1088.) It protects communications

25  "made in connection with an issue under consideration or review by a... judicial

26  body..." (CCP §425.16(e)(2); *Paul v. Friedman* (2002) 95 Cal.App.4th 853, 866.)

27       Further, CCP 425.16 protects a defendant who has provided a written or oral

28  statement in any "legislative, executive or judicial proceedings, or any other official

HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-8-

**DEFENDANT MONICA MEZA TRUJILLO'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT**

1   proceeding authorized by law." (CCP §425.16 (b)(1).) A statement or writing is "in
2   connection with" litigation if it "relates to the substantive issues in the litigation and
3   is directed to persons having some interest in the litigation." (*Neville v. Chudacoff*,
4   160 Cal.App.4th 1255, 1266 (2008).)

5        CCP section 425.16 is construed broadly, to protect the right of litigants to
6   "the utmost freedom of access to the courts without the fear of being harassed
7   subsequently by derivative tort actions." Thus, it has been established for well over
8   a century that a communication is absolutely immune from any tort liability if it has
9   "'some relation to judicial proceedings." (*Healy v. Tuscany Hill Landscape &
10  Recreation Corp.*, 137 Cal.App.4th 1, 5 (2006); *Rubin v. Green*, 4 Cal.4th 1187, 1193-
11  1194 (1993); *Blanchard v. DIRECTV, Inc.*, 123 Cal.App.4th 903, 919 (2004).)

12       Here, it is undeniable that the gravamen of Plaintiff's Complaint, arises out of
13  protected activity in that it is based entirely on claims of conduct related to Ms.
14  Trujillo's petition in the family law (judicial) proceedings and application to the
15  Department of Child Support Services.

16       Ms. Trujillo has met her initial burden under CCP section 425.16 by showing
17  that the conduct alleged in the Complaint, even if true, occurred during and in
18  relation to judicial proceedings. Thus, the burden shifts to Plaintiff to provide
19  admissible evidence showing he has a probability of prevailing his claims against
20  Ms. Trujillo. Plaintiff cannot meet this burden, particularly because the litigation
21  privilege bars his claims.

22       **D.   Plaintiff Cannot Meet His Burden To Demonstrate A Likelihood Of
             Success On The Merits As The Litigation Privilege Bars His Claims.**
23

24       As shown above, once the defendant establishes a prima facie case that the
25  conduct at issue arises from the defendant's free speech or petition activity, "the
26  burden shifts to the plaintiff to establish a probability that the plaintiff will prevail
27  on the claim, i.e., make a prima facie showing of facts that would, if proved at trial,
28  support a judgment in the plaintiffs favor." (*Equilon Enterprises v. Consumer Cause,*

HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

**DEFENDANT MONICA MEZA TRUJILLO'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF SPECIAL MOTION TO STRIKE PLAINTIFF'S
COMPLAINT**

1    *Inc., supra*, 29 Cal.4th at p. 57.)

2         If the opposing party's action is subject to a complete defense, the anti-SLAPP

3    motion must be granted. (*Blanchard v. DIRECTV, Inc., supra*, 123 Cal.App.4th at p.

4    922 [holding that plaintiff could not satisfy second prong of anti-SLAPP analysis as

5    a matter of law in light of applicability of litigation privilege].)

6         Since 1996, the law of this state has been to apply Section 425.16's protection

7    of statements made "before a legislative, executive, or judicial proceeding"

8    congruently with the parallel language in Civil Code § 47 by establishing an absolute

9    privilege for statements made "[i]n any (1) legislative proceeding, (2) judicial

10   proceeding, (3) in any other official proceeding authorized by law, or (4) in the

11   initiation or course of any other proceeding authorized by law .... " (Civil Code § 47(b);

12   *Aronson v. Kinsella*, 58 Cal.App.4th 254, 266 (1997); *Dove Audio. Inc. v. Rosenfeld*,

13   *Meyer & Susman* ("*Dove Audio*"), 47 Cal.App.4th 777, 784 (1996).) Both the California

14   Supreme Court and the Fifth District Court of Appeal, have cited *Dove Audio, supra*,

15   with approval on the coextension of the two statutes on this point. (*Briggs v. Eden*

16   *Council for Hope & Opportunity, supra*, 19 Cal.4th at p. 1115; *Kashian v. Harriman*,

17   98 Cal.App.4th 892, 908-909, 915 (2002).

18        The litigation privilege is absolute and prohibits all tort actions that are based

19   upon protected communications or actions taken in relation to litigation, except

20   claims for malicious prosecution. (*Silberg v. Anderson* (1990) 50 Cal.3d 205, 215;

21   *Rubin v. Green, supra*, 4 Cal.4th at 1194-1196.) The litigation privilege is broadly

22   applied to protect any communication and publication having "some relation" or

23   connection to a judicial proceeding. (*Ibid.*; *Pollock v. Univ. of S. California*, 112

24   Cal.App.4th 1416, 1430 (2003); *Alpha & Omega Dev., LP v. Whillock Contracting, Inc.,*

25   *supra*, 200 Cal.App.4th at p. 664 [the privilege has been broadly applied]; *Rusheen*

26   *v. Cohen, supra*, 37 Cal.4th at p. 1058 [the privilege has been applied in the context

27   of abuse of process claims alleging the filing of false or perjurious testimony or

28   declarations].)

HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-10-

**DEFENDANT MONICA MEZA TRUJILLO'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF SPECIAL MOTION TO STRIKE PLAINTIFF'S
COMPLAINT**

1    The litigation privilege applies "to any publication required or permitted by
2   law in the course of a judicial proceeding to achieve the objections of the litigation,
3   even though the publication is made outside the courtroom and no function of the
4   court or its officers is involved." (*Silberg v. Anderson, supra*, 50 Cal.3d at p. 212;
5   *Green v. Uccelli*, 207 Cal.App.3d 1112, 1124 (1989).) It is not limited to statements
6   made during a trial or other proceedings, but may extend to steps taken prior
7   thereto, or afterwards. (5 Witkin, Summary of Cal. Law, supra, Torts, §§ 470, 505,
8   pp. 554, 591; *Rusheen v. Cohen, supra*, 37 Cal. 4th at p. 1057.)

9    Any communications or actions taken in relation to litigation are provided the
10  absolute protection of the litigation privilege, regardless of the actor's motive. (*Cruey
11  v. Gannett Co.*, 64 Cal.App.4th 356. 367 (1998) ["If absolutely privileged, there is no
12  liability even if the . . . communication is made with actual malice"]; *Navellier v.
13  Sletten*, 106 Cal.App.4th 763, 769 (2003) [even claims of fraud are protected by the
14  litigation privilege]; *Ribas v. Clark*, 38 Cal.3d 355, 364-365 [claims of invasion of
15  privacy are protected by the litigation privilege], *Alpha & Omega Dev., LP v. Whillock
16  Contracting, Inc.*, 200 Cal.App.4th 656, 664 (2011) [the privilege is absolute and
17  applies regardless of malice]. "Any doubt about whether the privilege applies is
18  resolved in favor of applying it." *Kashian v. Harriman, supra*, 98 Cal.App.4th at p.
19  913 [Emphasis Added].)

20   There is no dispute that the gravamen of Plaintiff's Complaint is based upon
21  Ms. Trujillo seeking redress in the underlying family law proceedings when she
22  sought a parentage determination and child support; every allegation against Ms.
23  Trujillo relates to her actions in prosecuting the family law matter. Plaintiff alleged
24  that Ms. Trujillo did not have standing or cause to file a petition to seek a child
25  support order to which she was not entitled (Complaint, ¶ 36, 55); that she violated
26  Plaintiff's privacy in using his social security number in applying for child support
27  services (Complaint, ¶ 113); that she sought and received an impermissible waiver
28  of court fees (Complaint, ¶ 38-39); that she engaged in fraud which involved

HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-11-

**DEFENDANT MONICA MEZA TRUJILLO'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF SPECIAL MOTION TO STRIKE PLAINTIFF'S
COMPLAINT**

1    "misleading [Plaintiff] or the court regarding legal standing of paternity, support
2    claims, or the validity of the [VDOP];" (Complaint, ¶ 107); that she breached a
3    contract by "ignoring the valid rescission of the VDOP […] and proceeding as if the
4    VDOP remained in effect […];" (Complaint, ¶ 123); that she misused the legal system
5    in a potential conspiracy (Complaint, ¶ 137); and, that she prosecuted claims in the
6    family law matter without merit and substance (Complaint, ¶ 142-146.)

7         This alleged conduct is absolutely privileged under Civil Code section 47(b).
8    As a result, Plaintiff will not be able to demonstrate a probability of prevailing on any
9    of his claims against Ms. Trujillo as he will not be able to overcome this absolute
10   privilege.

11        **E.    Defendants Should Be Deemed The Prevailing Parties And Are**
          **Therefore Entitled To An Award Of Attorneys' Fees And Costs**
12        **Associated With This Motion.**

13        "The point of the anti-SLAPP statute is that [parties] have a right not to be
14   dragged through the courts because [they] exercised [their] constitutional rights."
15   (*People ex rel. Lockyer v. Brar*, 115 Cal.App.4th 1315, 1317 (2004) [italics in original].)

16        The language of the statute is clear and unambiguous: "a prevailing defendant
17   on a special motion to strike shall be entitled to recover his or her attorney's fees."
18   (CCP § 425.16(c).) The intent of this provision is to mandate an award '"which will
19   adequately compensate the defendant for the expense of responding to a baseless
20   lawsuit." (*Dove Audio, supra*, 47 Cal.App.4th at p. 785 [upholding an award of
21   $28,296 in fees and costs].)

22        The California Supreme Court has confirmed that once a special Motion to
23   Strike has been granted, courts have no discretion to refuse to award attorney's fees
24   to the prevailing party. "[U]nder CCP section 425.16, subdivision (c), any SLAPP
25   defendant who brings a successful motion to strike is entitled to mandatory attorney
26   fees." (*Ketchum v. Moses, supra*, 24 Cal.4th at p. 1131.) This statutory remedy does
27   not require the prevailing defendant to demonstrate that the SLAPP suit was brought
28   "frivolously" or in "bad faith" instead, a successful defendant is merely required to

HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-12-

DEFENDANT MONICA MEZA TRUJILLO'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF SPECIAL MOTION TO STRIKE PLAINTIFF'S
COMPLAINT

1  show that he or she was sued based upon "conduct in furtherance" of the rights of

2  free speech or petition activity on behalf of himself or the client he represents.

3  (*Equilon Enterprises v. Consumer Cause, Inc.*, *supra*, 29 Cal.4th at p. 63.)

4      Plaintiff is hereby on notice that Defendant will move by way of a properly

5  noticed post-judgment Motion and cost memorandum to recover all fees and costs

6  associated with the present Motion, should it prevail.

7                        **IV. CONCLUSION**

8      Ms. Trujillo availed herself of judicial and administrative remedies to seek

9  child support. Nothing in Plaintiff's Complaint takes Ms. Trujillo's activities outside

10 of the litigation privilege. It is clear the Plaintiff has raised claims in this Court

11 ultimately seeking a review of the court decisions in the underlying family law matter.

12     Ms. Trujillo respectfully requests this Court to strike all causes of action in

13 Plaintiff's Complaint against her pursuant to CCP section 425.16 and find Ms.

14 Trujillo is the prevailing party against Plaintiff.

15

16 DATED:  May 23, 2024        HERR, PEDERSEN & BERGLUND LLP

17

18                    By: /s/ Alex E. Thompson
                          LEONARD C. HERR,
19                        ALEX E. THOMPSON
                          Attorneys for Defendant
20                        MONICA MEZA TRUJILLO

21

22

23

24

25

26

27

28

**DEFENDANT MONICA MEZA TRUJILLO'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT**

HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

**PROOF OF SERVICE**
FRCP RULE 5(b)

STATE OF CALIFORNIA, COUNTY OF TULARE

I am over the age of 18 years and not a party to the above-entitled cause. My business address is 100 Willow Plaza, Suite 300, Visalia, California. My electronic e-mail address is lespinoza@hpblaw.net.

On **May 23, 2024,** I served the document(s) described as **DEFENDANT MONICA MEZA TRUJILLO'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT** on the interested parties in this action by providing each a true copy thereof as follows:

**\*\*\* SEE ATTACHED SERVICE LIST \*\*\***

\_\_\_\_    **BY PERSONAL SERVICE:**
I delivered such document(s) by hand to the office of the above-stated addressee.

X    **BY MAIL:**
I placed a true copy thereof enclosed in a sealed envelope for delivery and addressed to the above-stated addressee. I am readily familiar with the practice of HERR PEDERSEN & BERGLUND LLP for the collection and processing of correspondence for mailing with the United States Postal Service. In accordance with the ordinary course of business, the above-mentioned document(s) would have been deposited with the United States Postal Service, with postage fully prepaid, the same day on which they were placed for deposit. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing an affidavit.

\_\_\_\_    **BY FACSIMILE:**
I transmitted the above-stated document(s) addressed to the above-stated addressee at the above-stated facsimile number. A transmission report was issued by the sending facsimile machine, and the transmission was reported as complete without error.

X    **BY PDF TRANSMISSION:**
I transmitted the above-stated document(s) via e-mail to the above-stated e-mail address(es).

I declare that I am employed in the office of a member of the bar in this Court at whose direction service was made. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **May 23, 2024**, at Visalia, Tulare County, California.

_Lorena Espinoza_
**Lorena Espinoza**

**SERVICE LIST**
*Maxwell v. Pacione, et al.*
United States District Court
Eastern District of California
Case No.: 1:24-CV-00409-CBD

### *VIA U.S. MAIL ONLY*

Shawn Maxwell
324 Beardsley Ave, Apt B
Bakersfield, CA 93308

*Pro se, Plaintiff*

Derick E. Konz
Angelo Kilday & Kilduff, LLP
601 University Ave, Suite 150
Sacramento, CA 95826

*Attorney for Defendants, Lisa Pacione, Raymonda Marquez and Cynthia Loo*

### *VIA ELECTRONIC MAIL AND U.S. MAIL*

Andrew Christopher Hamilton
Kern County Counsel
1115 Truxton Ave, 4th Floor
Bakersfield, CA 93301
Email: ahamilton@kerncounty.com

*Attorney for Defendants, Kern County and Kern County Department of Child Support Services*

Mandy Louise Jeffcoach
Whitney Thompson & Jeffcoach, LLP
970 W. Alluvial
Fresno, CA 93711
Email: mjeffcoach@wtjlaw.com

*Attorney for Defendant, David Leon*