Whitney, Thompson & Jeffcoach LLP
Mandy L. Jeffcoach, #232313
Devon R. McTeer, #230539
970 W. Alluvial Ave.
Fresno, California 93711
Telephone:    (559) 753-2550
Facsimile:    (559) 753-2560

Attorneys for DAVID LEON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| SHAWN MAXWELL,<br><br>Plaintiff,<br><br>v.<br><br>LISA PACIONE, in her official and individual capacities; RAYMONDA MARQUEZ, in her official and individual capacities; CYNTHIA LOO, in her official and individual capacities; MONICA MEZA TRUJILLO; DAVID LEON; KERN COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, official capacity; KERN COUNTY, a governmental entity; DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 1:24-cv-00409 CDB<br><br>**REPLY IN SUPPORT OF DEFENDANT DAVID LEON'S SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT**<br><br>Date:    July 12, 2024<br>Time:    10:30 a.m.<br>Crtrm.:   510 19th Street, Suite 200<br>         Bakersfield, CA 93301 |

Defendant DAVID LEON (hereinafter referred to as "Mr. Leon") hereby submits the following Reply Brief in support of his Special Motion to Strike the Complaint filed by Plaintiff SHAWN MAXWELL ("Plaintiff") pursuant to California's anti-Strategic Lawsuits Against Public Participation ("anti-SLAPP") statue, California Code of Civil Procedure Section 425.16.

## I.<br>INTRODUCTION

Plaintiff uses his entire Opposition as an opportunity to explain, in further detail, all of the wrongful actions Mr. Leon allegedly took in the underlying proceedings. Even if all of Plaintiffs'

allegations are true, such conduct on the part of Mr. Leon is absolutely protected under CCP section 425.16, as it arises from protected activity. As such, the burden shifts to Plaintiff to show that he is likely to prevail on the merits of his sole cause of action against Mr. Leon for Frivolous Litigation and Abuse of Process. However, Plaintiff can never show he is likely to prevail on the merits of his claim because the litigation privilege bars his claims against Mr. Leon in their entirety. Thus, Mr. Leon respectfully requests this Court strike Plaintiff's sixteenth cause of action against Mr. Leon, pursuant to CCP section 425.16. Moreover, attorney's fees are warranted and will be the subject of a second motion.

## II.
## LAW AND ARGUMENT

**A.  Mr. Leon Has Met His Burden Of Showing That The Complaint Arises Out Of Protected Activity.**

Despite Plaintiff's arguments in his Opposition, Defendants have sufficiently demonstrated that Plaintiffs' Complaint arises from protected activity.

   1.  **The Allegations Against Mr. Leon Solely Relate To Actions Commenced, Statements Made, Or Pleadings Submitted By Him In A Judicial Proceeding, Regardless Of Their Nature.**

To support his argument that the first prong of the anti-SLAPP statute has not been met, Plaintiff asserts that the Motion mischaracterizes the nature of the proceedings as "family law proceedings", but in reality the proceedings were "equivalent of a parental establishment under the IV-D program which is not a "typical family law case" and "involves different standards and processes." (See Opposition at pp. 6:18-27; 12:25-13:3)

However, the anti-SLAPP statute applies to *all* petition and petition-related activity. *Chavez v. Mendoza* (2001) 94 Cal.App.4th 1083,1088. It protects communications "made in connection with an issue under consideration or review by a legislative, executive or judicial body, or any other official proceeding authorized by law." CCP §425.16(e)(2); *Paul v. Friedman* (2002) 95 Cal.App.4th 853, 866; *Rand Resources, LLC v. City of Carson* (2019) 6 Cal. 5th 610, 620.

Thus, even if IV-D proceedings involved "different standards and processes", Plaintiff cannot show that Mr. Leon's representation of Ms. Trujillo in such proceeding is not protected under the statute, particularly given the fact that these proceedings remain before a judicial body.

In return for receiving federal funding for public assistance, Title IV-D of the Social Security Act requires states to provide services related to the establishment, modification and enforcement of child support (42 USC § 654(4)(A)). A comprehensive statutory scheme in California is designed to ensure that this state complies with its Title IV-D obligations (Fam. Code § 17000 et seq.; *County of Lake v. Palla* (2001) 94 Cal. App. 4th 418, 421-422.

Under the authority of Family Code § 17400, a local child support agency, here, the Kern County Department of Child Support Services (KCDCSS), can (1) initiate child support actions; (2) defend against child support reductions, and (3) intervene in family law actions and other proceedings where child support (including medical support) is in issue, regardless of the family's financial circumstances. Fam. Code § 17400(h) & (k); see *Worth v. Sup.Ct. (Worth)* (1989) 207 Cal. App. 3d 1150, 1155 [defending non-public assistance recipient against obligor's motion to reduce child and spousal support]; *Marriage of Dade* (1991) 230 Cal. App. 3d 621, 628-629.

All proceedings filed by the local child support agency, or by any other party in a support action in which agency enforcement services are being provided pursuant to Family Code §17400, for an order to establish, modify or enforce child or spousal support "**shall be referred for hearing to a child support commissioner**" unless a commissioner is not available due to "exceptional circumstances" Family Code § 4251(a); *Kern County Dept. of Child Support Services v. Camacho* (2012) 209 Cal. App. 4th 1028, 1035; *County of Sacramento v. Llanes* (2008) 168 Cal. App. 4th 1165, 1172; *Orange County Dept. of Child Support Services v. Sup.Ct. (Ricketson)* (2005) 129 Cal. App. 4th 798, 806 [Emphasis Added].

Despite the arguments set forth in his Opposition, Plaintiff has not and cannot dispute the fact that the gravamen of the allegations against Mr. Leon arise from statements made to the court (i.e., Commissioner) in his representation of Ms. Meza Trujillo, regardless of whether one classifies the proceedings as "family law proceedings", "child support proceedings", or "paternity establishment proceeding." Proceedings under Title IV-D are still presented before a judicial body and thus Mr. Leon's conduct in connection with those proceedings remains protected.

In addition, despite the manner in which he classifies the underlying proceedings, Plaintiff continues to allege in his Opposition, as he does in his Complaint, that Mr. Leon prosecuted

1  actions against him that lacked merit and substances, wrongfully pursued fee waivers on behalf of
2  his client, asserting that Plaintiff was an absent parent, yet served him at the same address where
3  Mr. Trujillo resides, etc. (See Complaint at ¶142; see also Opposition at p. 6:18-7:4) Clearly
4  Plaintiff's allegations against Mr. Leon relate to his protected petitioning activity in representing
5  Ms. Truillo in a court of law and is thus protected. Accordingly, the burden properly shifts to
6  Plaintiff to demonstrate a probability of success on the merits; a burden he could not meet.

7      2.    **Abuse Of Process Claims Are Subject To Special Motions To Strike.**

8  In his Opposition, Plaintiff asserts that his claims against Mr. Leon are based upon Mr.
9  Leon's "misuse of the judicial and administrative processes, including prosecutions actions that
10 lack merit and substance which goes beyond mere representations and enters the realm of
11 "frivolous and abusive litigation." (See Opposition at p. 6:13-17)

12 He also claims that Mr. Leon filed a request that he submit to a drug test without
13 corroborating evidence violating his rights and conducting an illegal search and seizure. He alleges
14 that this last minute request for a drug test without corroborative evidence or procedural
15 safeguards violates his fourth amendment rights and is an "***abuse of the judicial process***" taking
16 this out of the protected activity. (See Opposition at p. 14:8-16:1) [Emphasis Added].

17 First, this allegation is not made in the Complaint as it relates to Mr. Leon and should be
18 disregarded. Regardless, Mr. Leon confirmed in his Opposition that he is asserting an abuse of
19 process claim[1] against Mr. Leon and legal authority holds that such claims **are subject to a**
20 **special motion to strike.** *Booker v. Rountree*, 155 Cal. App. 4th 1366, 1370 (2007); *Rusheen v.*
21 *Cohen*, 37 Cal. 4th 1048, 1057 (2006) [Emphasis Added].

22 In his Opposition, Plaintiff cites to the case of *Paul for Council v. Hanyecz*, 85 Cal. App.
23 4th 1356, 1365 (2001), for the proposition that frivolous and abusive litigation actions go beyond
24 the protective activity contemplated under anti-SLAPP actions. (See Opposition at p. 6:11-17) He
25 claims that in that case, the court held that the anti-SLAPP statute does not protect conduct that is

---

[1] Plaintiff has cited to no legal authority which recognizes an affirmative cause of action for "Frivolous Litigation and Abuse of Process."

illegal as a matter of law and that David Leon's actions in misusing the IV-D process for frivolous claims fall within this category, removing him from the protection of the anti-SLAPP statute.

The facts in the *Paul for Council v. Hanyecz* case are a far cry from those set forth in the present proceedings. In that case, the Court held that the Defendant had not met the first prong of the anti-SLAPP statute as the activity of which plaintiff complained of consisted of the defendants' campaign of money laundering campaign contributions. The court found that money laundering was not a valid activity undertaken by defendants in furtherance of their constitutional right free speech and that section 425.16 does not exist to protect such illegal activity. *Paul for Council v. Hanyecz*, *supra*, 85 Cal. App. 4th at p. 1367. Clearly, Plaintiff is not accusing Mr. Leon of engaging in such criminal acts. As such the case cited by Plaintiff is inapplicable.

**B.    Plaintiff Failed To Meet His Burden Of Presenting Admissible Evidence Sufficient To Demonstrate A Probability of Succeeding On the Merits of his Claim.**

Mr. Leon has met his initial burden under CCP section 425.16 by showing that the conduct alleged in the Complaint, even if true, occurred during and in relation to judicial proceedings. CCP. § 425.16(b)(1). Because Mr. Leon met his initial burden, in opposing this motion, the burden shifted to Plaintiff to demonstrate a reasonable probability of prevailing on the merits in this action. *Jarrow Formulas, Inc. v. La Marche, 31* Cal.4th 728, 744 (2003); *Zamos v. Stroud,* 32 Cal.4th 958, 965 (2004); CCP §425.16.

To meet its burden a plaintiff must offer competent, admissible evidence that, if credited at trial, would support a verdict in their favor. *Nagel v. Twin Laboratories, Inc.,* 109 Cal.App.4th 39, 45 (2004). Here, not only did Plaintiff fail to present sufficient evidence to show he is likely to prevail on his sole claim against Mr. Leon for Frivolous Litigation and Abuse of Process, but he also cannot dispute the fact that the litigation privilege bars his claims.

   1.   **Plaintiff Has Failed To Show Mr. Leon Had A Conflict Of Interest In The Underlying Proceedings**

Plaintiff makes various arguments that Mr. Leon had a conflict of interest, apparently believing this somehow shows he is likely to succeed on the merits. Each of these fail.

First, Plaintiff cannot assert that any conflict of interest on the part of Mr. Leon caused him damages as there is no dispute that Mr. Leon owed no duty to Plaintiff as he was not a client of

Mr. Leon.

Next, Plaintiff seems to assert that a conflict of interest arose given the fact that Mr. Leon represented Ms. Trujillo in both her personal capacity, and in her dealings with the Kern County Department of Child Support Services (KCDCSS). Plaintiff seemingly argues that representing one client in dual capacities is considered a conflict of interest thus supporting his claim for Frivolous Litigation and Abuse of Process. This is an incorrect assumption and not supported by any legal authority or foundation.

Next, Plaintiff argues that Mr. Leon's duty to represent Ms. Trujillo, in a manner which aligns with her personal interests, conflicts with the broader public interest goals of the IV-D program, which compromised his ability to effectively advocate for the public interest mandates of the IV-D program. (Opposition at p. 8:22-9-:24) He also asserts that Mr. Leon represented KCDSCC in relation to the IV-D paternity establishment process and represented Ms. Trujillo separately in her own personal interests. (See Opposition at p. 9:26-10-10:27) Again, Plaintiff set forth no legal foundation or authority for this proposition and, quite frankly it is nonsensical and incorrect. Plaintiff cannot show Mr. Leon represented anyone other than Ms. Trujillo as his Complaint admits. (See Complaint at ¶142.) Just because Plaintiff believes Mr. Leon represented Ms. Trujillo in a manner in which was misaligned with the IV-D programs' objectives, does not equate to him having a professional conflict of interest in his representation.

2. **Plaintiff Failed To Address In His Opposition The Fact That The Litigation Privilege Bars His Claims, Even If A Conflict Of Interest Existed.**

At the end of the day, even if all of Plaintiff's claims regarding Mr. Leon's alleged conflicts of interest were true, Plaintiff still cannot get around the fact that Mr. Leon was acting in his role as an attorney and Mr. Leon's alleged petitioning activity in the Courts is an activity which holds the utmost protection, particularly when the litigation privilege applies.

As shown, the litigation privilege is absolute and prohibits all *tort* actions that are based upon protected communications or actions taken in relation to litigation, except claims for malicious prosecution. *Silberg v. Anderson* (1990) 50 Cal.3d 205, 215; *Rubin v. Green*, *supra*, 4 Cal.4th at 1194-1196. The litigation privilege is broadly applied to protect any communication and

publication having "some relation" or connection to a judicial proceeding. *Ibid.*; *Pollock v. Univ. of S. California*, 112 Cal.App.4th 1416, 1430 (2003); *Alpha & Omega Dev., LP v. Whillock Contracting, Inc.*, *supra*, 200 Cal.App.4th at p. 664 [the privilege has been broadly applied]; *Rusheen v. Cohen, supra,* 37 Cal.4th at p. 1058 [the privilege has been applied in the context of abuse of process claims alleging the filing of false or perjurious testimony or declarations].

Matters falling within the protection of Civil Code § 47, ***including an attorney's representation of his or her client in an underlying matter***, are protected communications under California's anti-SLAPP statute. Civil Code § 47(b); *Wilson v. Parker Covert & Chidester, supra,* 28 Cal.4th at p. 821 [Emphasis added].

There is no dispute that the gravamen of Plaintiff's Complaint, and the additional allegations of wrongful conduct set forth in Plaintiff's Opposition, are solely based upon Mr. Leon's representation of his client Ms. Trujillo, in a judicial proceeding. This conduct is absolutely privileged under Civil Code section 47(b). As a result, Plaintiff cannot demonstrate a probability of prevailing on any of his claims against Mr. Leon as cannot overcome this privilege.

**C.   Defendants Should Be Deemed The Prevailing Parties And Are Therefore Entitled To An Award Of Attorneys' Fees And Costs Associated With This Motion.**

A prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees." CCP § 425.16(c); *Dove Audio, supra,* 47 Cal.App.4th at p. 785. Courts have no discretion to refuse to award attorney's fees to the prevailing party. *Ketchum v. Moses, supra*, 24 Cal.4th at p. 1131. As such, Plaintiff is hereby on notice that Mr. Leon will move by way of a properly-noticed post-judgment Motion and cost memorandum to recover all fees and costs associated with the present Motion, should he prevail.

**D.   Plaintiff Is Not Entitled To Fees.**

In his Opposition, Plaintiff argues that the substantial effort and resources he has invested in this case justifies an award of costs. First, Plaintiff solely refers to his efforts and resources expended in the underlying proceedings, not the present litigation, efforts which are irrelevant to the subject request for fees pursuant to CCP 425.16.

Next, pro se litigants are generally not entitled to attorney's fee awards, at least where the

litigant is not an attorney. *Atherton v. Bd. of Supervisors*, 176 Cal. App. 3d 433, 436 (1986) 222 Cal. Rptr. 56, 57; *In re Dormio*, 127 Cal. App. 3d 788, 794 (1981); *Muller v. Martin*, 116 Cal. App. 2d 431, 436 (1953).

Regardless, the anti-SLAPP statute requires a court to award attorney fees to a plaintiff who defeats an anti-SLAPP motion **only** where the court determines the anti-SLAPP motion was "frivolous or is solely intended to cause unnecessary delay." CCP § 425.16(c)(1) [Emphasis Added]. Here, Plaintiff did not, and cannot, make any such showing in his Opposition. As such, any requests for costs on the part of Plaintiff should be denied.

### III.
### CONCLUSION

Given the fact that Mr. Leon has established the first prong of his anti-SLAPP motion by showing that the alleged activity on his part is protected under the statute, and given the fact that Plaintiff failed to meet his burden in showing that he is likely to prevail on the merits of his sole cause of action against Mr. Leon for Frivolous Litigation and Abuse of Process, particularly as the litigation privilege bars his claims, this Court must strike Plaintiff's sixteenth cause of action as it relates to Mr. Leon, pursuant to CCP section 425.16 and rule that attorney's fees are warranted as a result of Mr. Leon having to file the present Motion.

Dated: June 28, 2024

WHITNEY, THOMPSON & JEFFCOACH LLP

By: _____
Mandy L. Jeffcoach
Devon R. McTeer
Attorneys for DAVID LEON

## PROOF OF SERVICE

**Shawn Maxwell v. David Leon, et al.**
**Case No. 1:24-CV-00409-CDB**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Fresno, State of California.  My business address is 970 W. Alluvial Ave., Fresno, CA 93711.

On June 28, 2024, I served true copies of the following document(s) described as **REPLY IN SUPPORT OF DEFENDANT DAVID LEON'S SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT** on the interested parties in this action as follows:

**VIA USPS**
Shawn Maxwell
324 Beardsley Ave., Apt. B
Bakersfield, CA 93308
Email: shawn.maxwell@gmail.com

Pro Se Plaintiff

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Whitney, Thompson & Jeffcoach LLP for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope was placed in the mail at Fresno, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 28, 2024, at Fresno, California.

Nicole Lee