1  Shawn Maxwell
2  324 Beardsley Ave B
   Bakersfield, California
3  Tel. +1 (661) 472-8632
   shawn.maxwell@gmail.com
4

FILED

JUL 08 2024

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

11 SHAWN MAXWELL,                    NO. 1:24-CV-00409-JLT-CDB

12          Plaintiff,               SURREPLY IN RESPONSE TO
                                     DAVID LEON'S REPLY IN SUPPORT
13          vs.                      OF SPECIAL MOTION TO STRIKE

14 LISA PACIONE, ET AL.,             DATE: July 12, 2024 at 10:30 a.m
                                     TIME: 510 9th Streeet, Suite 200,
15          Defendants.                     Bakersfield, Ca 93301

16                                   DISTRICT JUDGE
                                     JENNIFER L. THURSTON
17
                                     CHRISTOPHER D. BAKER
18                                   MAGISTRATE JUDGE

19 _____ /

20      TO THE COURT, DAVID LEON, AND HIS ATTORNEY OF RECORD:

21      I, Shawn Maxwell, submit this surreply to address the arguments made in David Leon's

22 reply in support of his special motion to strike. Despite David Leon's assertions, his actions do not

23 warrant protection under California's anti-SLAPP statute. Moreover, my claims are not barred by

24 the litigation privilege, and awarding attorney's fees to him would be inequitable.

25                       II. SUMMARY OF KEY POINTS

26      1. Mischaracterization of Proceedings: Leon's actions are not protected under the anti-

27         SLAPP statute as they involve unethical and illegal conduct.

28      2. IV-D Program is Not Judicial: The IV-D program operates administratively within the

29         executive branch, not as a court of law.

                                  1

1       3.  Lack of Free Speech Connection: Leon's actions do not constitute petitioning activity

2           protected by the anti-SLAPP statute.

3       4.  Ethical Violations: Leon's conduct violates multiple ethical rules and statutes.

4       5.  Sufficiency of Evidence: I have presented admissible evidence sufficient to demonstrate

5           a probability of success on the merits of my claims.

6       6.  Request for Attorney's Fees: As the prevailing party, I am entitled to attorney's fees for

7           my efforts in this litigation.

8                   **III. MISCHARACTERIZATION OF PROCEEDINGS**

9     **1. Illegal and Unethical Conduct:**

10       David Leon contends that all his actions are shielded under the anti-SLAPP statute because

11 they arise from judicial proceedings. However, not all activities associated with legal proceedings

12 are protected, especially when they involve illegal or unethical conduct.

13       Leon's broad interpretation of the anti-SLAPP statute ignores the fact that actions

14 undertaken in bad faith, such as pursuing meritless claims or misusing fee waivers, are not

15 protected. The anti-SLAPP statute was never intended to shield attorneys from accountability for

16 engaging in abusive litigation tactics (See ***Flatley v. Mauro*, 39 Cal.4th 299, 317-318 (2006)**,

17 holding that the anti-SLAPP statute does not apply to illegal conduct).

18     **2. Comparison to Paul for Council v. Hanyecz and Paul v. Friedman:**

19       In Paul for ***Council v. Hanyecz*, 85 Cal. App. 4th 1356 (2001)**, the court dealt with

20 defendants who engaged in a money laundering scheme to funnel illegal contributions to a political

21 campaign. The court found that such activities were not protected under the anti-SLAPP statute

22 because they did not constitute valid petitioning activity. The defendants in that case attempted to

23 disguise their illegal activities as legitimate political contributions, thereby abusing the legal

24 protections intended to safeguard free speech and petitioning rights.

25       Similarly, in ***Paul v. Friedman*, 95 Cal. App. 4th 853 (2002)**, the court addressed

26 defendants who engaged in illegal activities such as extortion and bribery. The court held that the

27 anti-SLAPP statute does not protect illegal activities, even if they are connected to a judicial

28 proceeding.

1  Likewise, David Leon's conduct in my case involves manipulating the judicial process to

2  serve illegitimate ends. Specifically:

3  • <u>Frivolous Motions</u>: Leon filed meritless motions that had no substantial legal basis, intended

4  solely to harass and exhaust my resources. This is akin to the defendants in Paul for Council

5  v. Hanyecz who engaged in fraudulent activities under the guise of legitimate political

6  contributions.

7  • <u>Unsupported Allegations</u>: Leon made baseless accusations, such as the unsubstantiated

8  claim of illegal drug use, which served no legitimate legal purpose in determining paternity.

9  These actions were designed to prejudice the court against me, similar to how the Paul v.

10  Friedman defendants aimed to influence legal outcomes through illegal means.

11  • <u>Misuse of Judicial Processes</u>: Just as the *Paul for Council v. Hanyecz* and *Paul v. Friedman*

12  defendants abused financial and judicial processes for illegal gains, Leon abused the judicial

13  process by misrepresenting the nature of the IV-D proceedings and using them as a tool for

14  personal vendettas rather than genuine legal disputes.

15  Both cases illustrate how individuals can exploit legal protections and processes to further

16  unethical or illegal objectives. In both Paul for Council v. Hanyecz and Paul v. Friedman, the anti-

17  SLAPP statute did not shield the defendants from accountability for their fraudulent activities.

18  Likewise, Leon's misuse of the judicial process and the IV-D program should not be protected

19  under the anti-SLAPP statute.

20  **IV. THE IV-D PROGRAM IS NOT A PROTECTED ACTIVITY UNDER ANTI-SLAPP**

21  **STATUTE**

22  The IV-D program, which provides child support services, is an administrative function

23  operated by the executive branch and is fundamentally distinct from activities protected under the

24  anti-SLAPP statute. Title IV-D services are part of a federally mandated program aimed at enforcing

25  child support obligations. They do not involve any exercise of free speech or petitioning rights that

26  the anti-SLAPP statute is designed to protect.

27  **1. Nature of Title IV-D Services:**

28  Title IV-D services are established to ensure that child support obligations are met through

29  an administrative process, not through a judicial one. The program is implemented through a

1   partnership between federal, state, and local governments and functions more like a public service

2   than a private contract (See *Blessing v. Freestone,* **520 U.S. 329, 340-345 (1997)**).

3   **2. Public Service vs. Private Contract:**

4   The IV-D program does not operate as a private entity engaged in a commercial contract.

5   Instead, it provides a public service aimed at ensuring that children receive the financial support

6   they need. The program's administrative nature means it handles the enforcement of child support

7   obligations through non-judicial means (**42 U.S.C. § 651 et seq.**; *Blessing v. Freestone,* **520 U.S.**

8   **329, 333-334 (1997)**).

9   **3. Federal and State Roles:**

10  Both federal and state governments are heavily involved in the administration and

11  enforcement of the IV-D program. This cooperative federalism framework underscores the

12  program's role as a public service initiative rather than a platform for exercising free speech or

13  petitioning rights (**42 U.S.C. § 654(20)**; *Wehunt v. Ledbetter,* **875 F.2d 1558, 1565 (11th Cir.**

14  **1989)**).

15  **4. No Right to Enforce Compliance:**

16  In *Blessing v. Freestone,* the Supreme Court held that Title IV-D does not provide

17  individuals with a federal right to enforce state compliance with the program's requirements. This

18  ruling highlights that the IV-D program's purpose is administrative enforcement of child support,

19  not the adjudication of personal rights (*Blessing v. Freestone* **520 U.S. 329, 340-345 (1997)**).

20  **5. California Law and IV-D Program:**

21  California courts have also recognized the IV-D program as a public service. For example, in

22  County of Santa Clara v. Perry, the court acknowledged that the IV-D program's processes are

23  administrative and designed to facilitate the enforcement of child support obligations, not to

24  adjudicate disputes in a judicial capacity (*County of Santa Clara v. Perry* **18 Cal.App.4th 1006,**

25  **1012-1013 (1993)**).

26  **6. Administrative Nature of Child Support Commissioners:**

27  According to the "Child Support Commissioner Fact Sheet," Child Support Commissioners

28  are specifically appointed to handle Title IV-D child support cases. Their duties are administrative

29  and include taking testimony, establishing records, evaluating evidence, making decisions or

4

1    recommendations, and entering judgments or orders based on stipulated agreements. These

2    functions are not equivalent to the formal judicial proceedings conducted in a court of law. The fact

3    sheet clarifies that the expedited judicial processes used in the IV-D program are designed to

4    streamline and facilitate child support enforcement rather than provide a full judicial adjudication

5    (See Exhibit G: Child Support Commissioner Fact Sheet, p. 1-3).

6            **7. Cooperative Agreements and Financial Participation:**

7            The appearance of a court of law in IV-D proceedings is due to the cooperative agreements

8    outlined in **45 CFR 302.34**. These agreements involve the IV-D program working with courts,

9    district attorneys, and other entities to secure federal financial participation. However, this financial

10   participation benefits the administrative bodies, not the families or children directly. This

11   underscores the administrative, rather than judicial, nature of the IV-D program's operations.

12           **8. Regulatory Framework (45 CFR 303.101):**

13           The federal regulation **45 CFR 303.101** specifically outlines that expedited processes for

14   establishing and enforcing child support orders are administrative and must be conducted by

15   officers who are not judges of the court. This regulation underscores the non-judicial nature of the

16   IV-D program and its separation from traditional judicial proceedings:

17           "Expedited processes" means administrative or expedited judicial processes or both which

18   increase effectiveness and meet processing times specified and under which the presiding officer is

19   **not a judge** of the court (**45 CFR 303.101(a)**).

20           This regulation highlights that the administrative nature of these processes does not align

21   with the characteristics of a traditional court of law.

22                              **V. LACK OF FREE SPEECH CONNECTION**

23           **1. Defendant's Failure to Clarify Protected Activity:**

24           The defendant has not clarified what right to free speech or petition was being exercised

25   through Leon's actions. The anti-SLAPP statute is intended to protect activities directly related to

26   free speech and petitioning, not actions that misuse judicial processes for personal vendettas (See

27   *City of Cotati v. Cashman*, **29 Cal.4th 69, 78 (2002)**, holding that the anti-SLAPP statute's

28   protection is not extended to activities that are not genuine exercises of free speech or petition

29   rights).

**2. Mandate of IV-D Program vs. Free Speech:**

The IV-D program's mandate to provide child support services is a far cry from the exercise of free speech or petitioning. The anti-SLAPP statute was designed to protect individuals exercising their constitutional rights, not those misusing government programs (See ***Wehunt v. Ledbetter,* 875 F.2d 1558, 1565 (11th Cir. 1989)**).

3. Federal and State Case Law:

Federal and state case law supports the view that misuse of government programs does not fall under the protection of the anti-SLAPP statute (See ***Nevada Dept. of Human Resources v. Hibbs,* 538 U.S. 721, 732-733 (2003);** ***County of Santa Clara v. Perry,* 18 Cal.App.4th 1006, 1012-1013 (1993)**).

## VI. CONFLICT OF INTEREST AND ETHICAL VIOLATIONS

**1. Conflict of Interest:**

Leon's dual representation created a conflict that compromised the fairness of the proceedings (See ***People ex rel. Dept. of Corporations v. Speedee Oil Change Systems, Inc.,* 20 Cal.4th 1135, 1146 (1999)**).

**2. Ethical Violations:**

David Leon's actions violated several provisions of the California Business and Professions Code and the California Rules of Professional Conduct:

- Frivolous Claims: Leon pursued a meritless paternity and child support case despite knowing I was not an absent parent, violating **Cal. Bus. & Prof. Code § 6068(c) and Rule 3.1.**
- Candor Towards the Tribunal: Leon misled the court by representing a false narrative about my status, violating **Cal. Bus. & Prof. Code § 6068(d) and Rule 3.3.**
- Conflict of Interest: Leon's dual representation and actions against my rights is a conflict of interest, violating **Rule 1.7.**
- Truthfulness in Statements: Leon's use of my personal information without consent and providing false information violates **Rule 4.1.**

## VII. THE IV-D PROGRAM AND SEPARATION OF POWERS

**1. Administrative Nature of IV-D Program:**

6

1       The IV-D program operates within the executive branch and involves administrative

2   processes distinct from those of a court of law. These processes are designed to enforce child

3   support obligations efficiently.

4       The administrative nature of the IV-D program means that it does not conduct judicial

5   proceedings. Instead, it uses "expedited judicial processes" to handle child support cases quickly,

6   which are administrative in nature and do not have the same formalities as traditional courts of law

7   (Child Support Commissioner Fact Sheet, p. 1-3).

8   **2. Separation of Powers:**

9       The separation of powers doctrine prohibits the executive branch from performing judicial

10  functions. The IV-D program's role in child support enforcement is administrative and does not

11  equate to conducting judicial proceedings.

12      Leon's actions within the IV-D program, therefore, do not constitute protected petitioning

13  activity in a court of law.

14       **VIII. DEFENDANT'S UNSUBSTANTIATED ALLEGATIONS OF DRUG USE**

15    **1. Irrelevance to Paternity Determination:**

16      David Leon's last-minute, unsubstantiated allegation of illegal drug use against me is

17  irrelevant to determining paternity. Paternity actions are intended to establish biological parentage,

18  not to evaluate personal conduct unrelated to the parentage issue.

19      Requesting a drug test before determining paternity is an abuse of the judicial process and is

20  intended to harass and intimidate rather than serve any legitimate legal purpose.

21    **2. Lack of Legal Justification:**

22      Leon has failed to provide any legal basis for why an allegation of drug use would be

23  relevant or necessary in a paternity determination. Such tactics are clearly intended to prejudice the

24  court against me without any substantive connection to the case at hand.

25    **3. Abuse of Process:**

26      This tactic of introducing irrelevant and unsubstantiated allegations exemplifies the abuse of

27  process that Leon has engaged in throughout these proceedings. It further underscores that his

28  actions are not protected under the anti-SLAPP statute as they do not constitute legitimate

29  petitioning activity (See ***Navellier v. Sletten*, 29 Cal.4th 82, 92-93 (2002)**, holding that the anti-

SLAPP statute does not protect conduct that is not in furtherance of the right to petition or free speech).

## IX. SUFFICIENCY OF EVIDENCE PRESENTED BY PLAINTIFF

### 1. Admissible Evidence Demonstrating Probability of Success:

- Contrary to the defendant's assertion, I have presented admissible evidence sufficient to demonstrate a probability of success on the merits of my claims. The evidence includes:
- Documents showing the administrative nature of the IV-D program and its role in enforcing child support, not determining paternity.
- Evidence of Leon's unethical and potentially illegal conduct, including filing frivolous motions and making unsupported allegations.
- Proof of Leon's conflict of interest and violations of ethical rules.
- This evidence establishes a prima facie case that my claims have merit and are likely to succeed if allowed to proceed.

### 2. Legal Standards for Anti-SLAPP Motions:

Under the anti-SLAPP statute, a plaintiff must demonstrate that their claim is both legally sufficient and supported by a prima facie showing of facts. The evidence I have presented meets this standard by providing credible, admissible proof of Leon's misconduct (See *Navellier v. Sletten*, 29 Cal.4th 82, 89 (2002)).

## X. ATTORNEY'S FEES SHOULD BE AWARDED TO SHAWN MAXWELL

### 1. Pro Se Litigants Entitlement to Fees:

As the prevailing party in this special motion to strike, I request an award of attorney's fees. Despite being a pro se litigant, the effort and time invested in researching, writing, printing, copying, and filing the response and surreply to this motion were substantial. Pro se litigants have been awarded attorney's fees in cases where their efforts significantly contributed to the litigation (See *Blanchard v. Bergeron*, 489 U.S. 87 (1989), and *Elwood v. Drescher*, 90 Cal.App.4th 354, 360 (2001)).

Just as attorney's fees are awarded to deter meritless complaints, they should also be awarded to deter meritless anti-SLAPP motions. Filing an anti-SLAPP motion without merit is equivalent to filing a meritless claim. If the anti-SLAPP motion is denied because it lacks merit, I

8

1    should be awarded attorney's fees for the time and effort spent countering it (See *Wilson v. Parker,*

2    *Covert & Chidester,* **28 Cal.4th 811, 817 (2002)**).

3    **2. Effort and Resources Expended:**

4    In this case, David Leon has hired a team of attorneys equipped with specialized skills,

5    tools, and professional support. These attorneys are undoubtedly compensated at rates far exceeding

6    the national minimum wage, which is currently $7.25 per hour (**29 U.S.C. § 206(a)(1)**). Given the

7    complexity and demands of this case, the time and effort I expended as an individual pro se litigant

8    far exceed what one would expect from a team of attorneys working collectively.

9    Specifically, I estimate that I spent at least 5 hours on each of the following tasks:

10   researching the legal issues, writing the response in opposition to the special motion to strike,

11   printing, copying, and filing the necessary documents, and preparing this surreply. At a conservative

12   rate of $7.25 per hour, the total compensation should be $72.50.

13   **3. Fairness and Equity:**

14   The purpose of awarding attorney's fees is to compensate the prevailing party for the costs

15   associated with their legal representation. If Leon's attorneys believe they are entitled to fees upon

16   prevailing, it is only fair and equitable that I, too, should be compensated for my significant efforts

17   if I prevail. Asking for $72.50 is reasonable and a mere fraction of what Leon's team likely bills

18   their client.

19   ## XI. CONCLUSION

20   Given that David Leon's actions do not merit protection under the anti-SLAPP statute, and

21   that I have demonstrated a likelihood of success on the merits of my claims, this Court should deny

22   Leon's special motion to strike. Additionally, awarding attorney's fees to me as the prevailing party

23   would be appropriate and just under the circumstances. I respectfully request this Court deny Leon's

24   motion in its entirety, award me attorney's fees in the amount of $72.50, and allow my claims to

25   proceed.

26   Dated: July 5, 2024

27   Respectfully submitted,

28

29   Shawn Maxwell

9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16          **EXHIBIT F: CHILD SUPPORT COMMISSIONER FACT SHEET**

17

18

19

20

21

22

23

24

25

26

27

28

29



**JUDICIAL COUNCIL OF CALIFORNIA**

455 Golden Gate Avenue
San Francisco, CA
94102-3688
Tel 415-865-4200
TDD 415-865-4272
Fax 415-865-4205
www.courts.ca.gov

# FACT SHEET

October 2015

# Child Support Commissioner and Family Law Facilitator Program

The Child Support Commissioner and Family Law Facilitator Program (Assem. Bill 1058) is a mandated statewide program to expedite child support cases. The Judicial Council administers it by adopting rules and forms, setting standards for the Office of the Family Law Facilitator, overseeing budget administration, and in other ways ensuring successful implementation of the program.

### History

Assembly Bill 1058, signed by Governor Pete Wilson in September 1996, expedited the court process for families involved in child support cases and made the process accessible and cost-effective. The legislation also made assistance with health insurance and spousal support issues available to litigants. Most significantly, the legislation established the Child Support Commissioner and Family Law Facilitator Program.

AB 1058 originated with the Governor's Child Support Court Task Force, which included family law judges and commissioners, private and public attorneys, representatives of the Judicial Council and the California Department of Social Services, and members of groups representing fathers, mothers, and children.

### Commissioners

Under the Child Support Commissioner and Family Law Facilitator Program, 69 commissioners hear child support matters that fall under title IV-D of the Social Security Act—that is, actions in which the local child support agency establishes, modifies, or enforces a child support order. Each court is responsible for the recruitment and assignment of commissioners. Smaller counties are encouraged to share commissioners and other resources.

All actions filed by the local child support agency regarding child and spousal support or paternity must be referred for hearing to a child support commissioner. The commissioner's duties include taking testimony, establishing a record, evaluating

*Child Support Commissioner and Family Law Facilitator Program*
*Page 2 of 3*

evidence, making decisions or recommendations, and entering judgments or orders based on stipulated agreements.

### Family Law Facilitators

AB 1058 requires the superior court in each of California's 58 counties to maintain an Office of the Family Law Facilitator to provide litigants with free education, information, and assistance with child support issues. Each court appoints a California-licensed attorney with mediation or litigation experience in family law to head the office. The family law facilitator does not represent any party, and there is no attorney-client relationship.

For the parents, a family law facilitator helps demystify courtroom procedures and humanize the court system. For the court personnel, commissioners, and judges, a family law facilitator increases the effectiveness of child support decisions, because with the facilitator's help parents prepare their legal papers correctly and more fully understand how to present their cases and collect support.

As an individual court's program matures and the need arises—and as additional funding is secured—the court may (within the limits established by statute) create additional duties for the facilitator, such as mediating support issues, helping parties draft agreements, and preparing formal orders consistent with the court's announced order.

Statewide, family law facilitator offices report more than 324,060 visits each year.

### Funding

A cooperative agreement between the Department of Child Support Services (DCSS) and the Judicial Council provides for full state funding by DCSS (with two-thirds of the funds originating with the federal government) for 69 commissioners (52 full-time equivalent positions), 116 facilitators (50 full-time equivalent positions), and their support staffs. Commissioner funding for fiscal year 2015–2016 is $43,798,768 and facilitator funding for fiscal year 2015–2016 is $15,040,301. Some courts supplement the AB 1058 facilitator funding in order to furnish additional facilitator services. The program staff of the Judicial Council Center for Families, Children & the Courts (CFCC) reevaluates local court staffing, as well as financial and other needs, to support adequate allocation of resources to achieve program goals.

*Child Support Commissioner and Family Law Facilitator Program*
*Page 3 of 3*

**Other AB 1058 Provisions**

In addition, AB 1058:

- Requires uniform and simplified procedures for title IV-D child support cases;
- Improved the procedures for establishing child support by lengthening the required notice to the person from whom support payments are sought and by requiring a more expeditious method of establishing support;
- Furnishes administrative remedies for certain difficulties of local child support agencies in enforcing support orders; and
- Requires that the person requesting services become a party to an action brought by the local child support agency once a support order is made, and allows issues of custody, visitation, and restraining orders to be determined in the action.

**Role of Judicial Council**

The Judicial Council, through CFCC, is responsible for administering the program; adopting rules and forms; adopting minimum standards for Offices of the Family Law Facilitator; overseeing budget administration; and taking other actions to ensure the program's success, such as establishing minimum education and training requirements for commissioners and other court personnel (Fam. Code, § 4252(b)(2)), providing training and technical assistance for facilitators, and serving as a clearinghouse for information. The CFCC program staff functions as a communication hub to strengthen and bridge intercounty and Judicial Council-county communication.

Based on recommendations from the Family and Juvenile Law Advisory Committee, the Judicial Council made determinations about the following issues involving child support commissioners:

- Minimum qualifications (Fam. Code, § 4252(b)(1));
- Caseload, case processing, and staffing standards setting forth the maximum number of cases each commissioner may process (Fam. Code, § 4252(b)(3)); and
- Technical assistance for counties with issues related to implementation and operation of the child support system, including the sharing of resources between counties (Fam. Code, § 4252(b)(5)).

*Contact:*
> Irene C. Balajadia, Senior Program Coordinator, Center for Families, Children & the Courts, irene.balajadia@jud.ca.gov

*Additional resources:*
> Reports and publications, http://www.courts.ca.gov/626.htm

## Assembly Bill No. 1058

### CHAPTER 957

An act to amend Section 259 of, to add Chapter 9 (commencing with Section 689.010) to Division 1 of Title 9 of Part 2 of, and to repeal Sections 639.5 and 640.1 of, the Code of Civil Procedure, to amend Section 4506.3 of, to add Section 5246 to, to add Article 3 (commencing with Section 3680) to Chapter 6 of Part 1 of Division 9 of, to add Article 4 (commencing with Section 4250) to Chapter 2 of Part 2 of Division 9 of, and to add Division 14 (commencing with Section 10000) to, the Family Code, to amend Section 70141 of the Government Code, to amend Sections 11350.1, 11475.1, and 11478.2 of, and to add Sections 11350.7, 11354, 11355, and 11356 to, the Welfare and Institutions Code, relating to family law.

[Approved by Governor September 26, 1996. Filed with Secretary of State September 27, 1996.]

#### LEGISLATIVE COUNSEL'S DIGEST

AB 1058, Speier.   Family law: support.

(1) Existing law requires all applications filed by the district attorney or by another party, as provided, for an order to establish or enforce child support, including actions to establish paternity, to be referred for hearing to a commissioner or a referee to the extent required by federal law, except as provided.

This bill would repeal this provision and instead require all actions filed by the district attorney or by another party, as provided, for an order to establish, modify, or enforce child or spousal support, including actions to establish paternity, to be referred for hearing to a child support commissioner, except as provided. The bill would require each superior court to provide sufficient child support commissioners to hear these cases, as specified, thereby imposing a state-mandated local program. The bill would prescribe specified duties of the Judicial Council with regard to child support commissioners.

(2) Existing law specifies procedures for the enforcement of money judgments, including provisions for wage garnishment. Under the Wage Garnishment Law, a withholding order for support has priority over any other earnings withholding order.

This bill would enact special provisions for the enforcement of support judgments, and would authorize the district attorney to use any of the existing remedies available to a judgment creditor and to act as a levying officer when enforcing a support obligation pursuant to a writ of execution, as provided. The bill would authorize the district attorney to issue a warrant to levy on and sell vehicles or

90

vessels, as defined, or aircraft, for the collection of support arrearages, as specified.

(3) Existing law provides for the modification and termination of support orders.

This bill would state the intent of the Legislature that the Judicial Council adopt rules of court and forms for a simplified method to modify support orders, for use by parents who are not represented by counsel.

(4) Under existing law, when a court orders a party to pay an amount for support or orders a modification of support, the court is required to include in the order an earnings assignment order for support that orders the employer of the obligor to pay to the obligee a portion of future earnings.

This bill would provide that in cases in which support enforcement services are being provided by the district attorney, and after a court has ordered an earnings assignment for support, the district attorney may serve on the employer a notice of assignment prescribed by the Judicial Council, containing specified information, in lieu of the earnings assignment order, in the manner specified. The bill would impose a state-mandated local program by requiring new duties of district attorneys and court clerks. The bill would require the employer to deliver specified documents and information to the obligor, and would specify procedures under which the obligor may obtain a court hearing.

(5) Existing law specifies that the superior court has jurisdiction in proceedings under the Family Code.

This bill would require each superior court to maintain an office of the family law facilitator, to be staffed by an attorney. The family law facilitator would provide specified services to parties at no cost, and to other entities, as provided. The bill would require the Judicial Council to adopt minimum standards for the office and to adopt any forms or rules of court necessary to implement these provisions. The bill would require the Director of the State Department of Social Services to seek federal approval to utilize specified federal funds for the services of the office, as provided. The bill would impose a state-mandated local program by requiring new services by local officials.

(6) Under existing law, in any action brought by the district attorney for the support of a minor child or children, the action may be prosecuted in the name of the county on behalf of the child, children, or parent, and the parent is not a necessary party to the action. In such an action, joinder of actions, or coordination of actions, or cross-complaints, are prohibited and the issues are limited to the question of paternity and child support.

This bill would provide that after a support order has been entered in such an action, the parent who has requested or is receiving support enforcement services of the district attorney shall become a

90

party to the action for the purposes of child support, custody, and visitation, and restraining orders, as provided, and would make related changes. The bill would impose a state-mandated local program by requiring the district attorney to provide specified notice.

(7) Existing law requires the district attorney to' establish, modify, and enforce child support and, when appropriate, enforce spousal support orders, and establish paternity in the case of a child born out of wedlock, when the child is receiving public assistance, and is authorized to take the same actions on behalf of a child who is not receiving public assistance.

This bill would provide that in any action or proceeding brought by the district attorney to establish parentage pursuant to the above provision, the court shall enter a judgment establishing parentage upon the filing of a written stipulation between the parties, as provided.

(8) Existing law specifies the procedures under which judgment may be had if the defendant fails to answer the complaint.

This bill would require the court to enter a judgment in any support or paternity action filed by the district attorney pursuant to specified provisions of law, if the defendant fails to file an answer or otherwise appear in the action within 30 days of service of process, as specified.

(9) Under existing law, the court may relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect, if application is made within a reasonable time, in no case exceeding 6 months after the action was taken.

This bill would provide that in any support or paternity action filed by the district attorney pursuant to specified provisions of law, the court may relieve the defendant from that part of the judgment or order concerning the amount of child support to be paid, after the 6-month time limit described above has elapsed, if the judgment or order was based upon presumed income as described in (10) below and was entered after the entry of the default of the defendant, as specified.

(10) Existing law requires the Judicial Council, in consultation with certain organizations, to develop simplified complaint and answer forms for any action for support brought by the district attorney, as specified. Under existing law, the simplified complaint form is required to provide the defendant with notice of the amount of child support that is sought by stating the possible amount of an order in terms of a percentage of the defendant's income for the number of children specified in the order.

This bill would require the Judicial Council to develop simplified summons, complaint, and answer forms and would delete reference

90

to the organizations the Judicial Council is required to consult with regarding development of the simplified forms. The bill would revise the latter provision described above to instead require the simplified complaint form to provide the defendant with notice of the amount of child support that is sought based upon the income or income history of the defendant as known to the district attorney. The bill would provide that if the defendant's income or income history is unknown to the district attorney, the simplified complaint shall inform the defendant that income shall be presumed, as provided. The bill would make related and conforming changes.

(11) The California Constitution requires the state to reimburse local agencies and school districts for certain costs mandated by the state. Statutory provisions establish procedures for making that reimbursement.

· This bill would provide that no reimbursement is required by this act for a specified reason.

*The people of the State of California do enact as follows:*

SECTION 1. Section 259 of the Code of Civil Procedure is amended to read:

259. Subject to the supervision of the court, every court commissioner shall have power to do all of the following:

· (a) Hear and determine ex parte motions for orders and alternative writs and writs of habeas corpus in the superior court for which the court commissioner is appointed.

(b) Take proof and make and report findings thereon as to any matter of fact upon which information is required by the court. Any party to any contested proceeding may except to the report and the subsequent order of the court made thereon within five days after written notice of the court's action. A copy of the exceptions shall be filed and served upon opposing party or counsel within the five days. The party may argue any exceptions before the court on giving notice of motion for that purpose within 10 days from entry thereof. After a hearing before the court on the exceptions, the court may sustain, or set aside, or modify its order.

(c) Take and approve any bonds and undertakings in actions or proceedings, and determine objections to the bonds and undertakings.

(d) Administer oaths and affirmations, and take affidavits and depositions in any action or proceeding in any of the courts of this state, or in any matter or proceeding whatever, and take acknowledgments and proof of deeds, mortgages, and other instruments requiring proof or acknowledgment for any purpose under the laws of this or any other state or country.

(e) Act as temporary judge when otherwise qualified so to act and when appointed for that purpose, or by written consent of an

90

appearing party. While acting as temporary judge the commissioner shall receive no compensation therefor other than compensation as commissioner.

(f) Hear and report findings and conclusions to the court for approval, rejection, or change, all preliminary matters including motions or petitions for the custody and support of children, the allowance of temporary spousal support, costs and attorneys' fees, and issues of fact in contempt proceedings in proceedings for support, dissolution of marriage, nullity of marriage, or legal separation.

(g) Hear actions to establish paternity and to establish or enforce child and spousal support pursuant to subdivision (a) of Section 4251 of the Family Code.

(h) Hear, report on, and determine all uncontested actions and proceedings subject to the requirements of subdivision (e).

(i) Charge and collect the same fees for the performance of official acts as are allowed by law to notaries public in this state for like services. This subdivision does not apply to any services of the commissioner, the compensation for which is expressly fixed by law. The fees so collected shall be paid to the treasurer of the county, for deposit in the general fund of the county.

(j) Provide an official seal, upon which must be engraved the words "Court Commissioner" and the name of the county, or city and county, in which the commissioner resides.

(k) Authenticate with the official seal the commissioner's official acts.

SEC. 2.   Section 639.5 of the Code of Civil Procedure is repealed.

SEC. 3.   Section 640.1 of the Code of Civil Procedure is repealed.

SEC. 4.   Chapter 9 (commencing with Section 689.010) is added to Division 1 of Title 9 of Part 2 of the Code of Civil Procedure, to read:

CHAPTER 9.   ENFORCEMENT OF SUPPORT JUDGMENTS

689.010. For the purpose of the remedies provided under this chapter, jurisdiction is conferred upon the superior court.

689.020. (a) Except as otherwise provided by statute, whenever a warrant may properly be issued by the district attorney pursuant to Section 11350.7 of the Welfare and Institutions Code, and the warrant may be levied with the same effect as a levy pursuant to a writ of execution, the district attorney may use any of the remedies available to a judgment creditor, including, but not limited to, those provided in Chapter 6 (commencing with Section 708.010) of Division 2.

(b) The proper court for the enforcement of the remedies provided under this chapter is the superior court in the county where the district attorney enforcing the support obligation is located.

90

689.030. (a) Whenever the district attorney, pursuant to Section 11350.7 of the Welfare and Institutions Code, levies upon property pursuant to a warrant for the collection of a support obligation:

(1) If the debtor is a natural person, the debtor is entitled to the same exemptions to which a judgment debtor is entitled. Except as provided in subdivisions (b) and (c), the claim of exemption shall be made, heard, and determined as provided in Chapter 4 (commencing with Section 703.010) of Division 2 in the same manner as if the property were levied upon under a writ of execution.

(2) A third person may claim ownership or the right to possession of the property or a security interest in or lien on the property. Except as provided in subdivisions (b) and (c) or as otherwise provided by statute, the third-party claim shall be made, heard, and determined as provided in Division 4 (commencing with Section 720.010) in the same manner as if the property were levied upon under a writ of execution.

(b) In the case of a warrant issued pursuant to Section 11350.7 of the Welfare and Institutions Code, the claim of exemption or the third-party claim shall be filed with the district attorney who issued the warrant.

(c) A claim of exemption or a third-party claim pursuant to this section shall be heard and determined in the court specified in Section 689.010 in the county where the district attorney enforcing the support obligation is located.

689.040. (a) Notwithstanding any other provision of law, in the case of a writ of execution issued by a court of competent jurisdiction pursuant to Chapter 3 (commencing with Section 699.010) and Chapter 5 (commencing with Section 706.010) of Division 2, the district attorney, when enforcing a support obligation pursuant to Section 11475.1 of the Welfare and Institutions Code, may perform the duties of the levying officer, except that the district attorney need not give himself or herself the notices that the levying officer is required to serve on a judgment creditor or creditor or the notices that a judgment creditor or creditor is required to give to the levying officer.

(b) Notwithstanding subdivision (a) of Section 700.140, if the writ of execution is for a deposit or credits or personal property in the possession or under the control of a bank or savings and loan association, the district attorney may deliver or mail the writ of execution to a centralized location designated by the bank or savings and loan association. If the writ of execution is received at the designated central location, it will apply to all deposits and credits and personal property held by the bank or savings and loan association regardless of the location of that property.

689.050. For the purpose of this chapter:

90

(a) "Judgment creditor" or "creditor" means the district attorney seeking to collect a child or spousal support obligation pursuant to a support order.

(b) "Judgment debtor" or "debtor" means the debtor from whom the support obligation is sought to be collected.

SEC. 5. Article 3 (commencing with Section 3680) is added to Chapter 6 of Part 1 of Division 9 of the Family Code, to read:

Article 3.    Simplified Procedure for Modification of Support Order

3680.  (a) The Legislature finds and declares the following:

(1) There is currently no simple method available to parents to quickly modify their support orders when circumstances warrant a change in the amount of support.

(2) The lack of a simple method for parents to use to modify support orders has led to orders in which the amount of support ordered is inappropriate based on the parents' financial circumstances.

(3) Parents should not have to incur significant costs or experience significant delays in obtaining an appropriate support order.

(b) Therefore, it is the intent of the Legislature that the Judicial Council adopt rules of court and forms for a simplified method to modify support orders. This simplified method should be designed to be used by parents who are not represented by counsel.

SEC. 6. Article 4 (commencing with Section 4250) is added to Chapter 2 of Part 2 of Division 9 of the Family Code, to read:

Article 4.    Child Support Commissioners

4250.  (a) The Legislature finds and declares the following:

(1) Child and spousal support are serious legal obligations.

(2) The current system for obtaining, modifying, and enforcing child and spousal support orders is inadequate to meet the future needs of California's children due to burgeoning caseloads within district attorneys' offices and the growing number of parents who are representing themselves in family law actions.

(3) The success of California's child support enforcement program depends upon its ability to establish and enforce child support orders quickly and efficiently.

(4) There is a compelling state interest in creating an expedited process in the courts that is cost-effective and accessible to families, for establishing and enforcing child support orders in cases being enforced by the district attorney.

(5) There is a compelling state interest in having a simple, speedy, conflict-reducing system, that is both cost-effective and accessible to families, for resolving all issues concerning children, including

90

support, health insurance, custody, and visitation in family law cases that do not involve enforcement by the district attorney.

(b) Therefore, it is the intent of the Legislature to: (1) provide for commissioners to hear child support cases being enforced by the district attorney; (2) adopt uniform and simplified procedures for all child support cases; and (3) create an Office of the Family Law Facilitator in the courts to provide education, information, and assistance to parents with child support issues.

4251. (a) Commencing July 1, 1997, each superior court shall provide sufficient commissioners to hear Title IV-D child support cases filed by the district attorney. The number of child support commissioners required in each county shall be determined by the Judicial Council as prescribed by paragraph (3) of subdivision (b) of Section 4252. All actions or proceedings filed by the district attorney, or by any other party in a support action or proceeding in which enforcement services are being provided by the district attorney pursuant to Section 11475.1 of the Welfare and Institutions Code, for an order to establish, modify, or enforce child or spousal support, including actions to establish paternity, shall be referred for hearing to a child support commissioner unless a child support commissioner is not available due to exceptional circumstances, as prescribed by the Judicial Council pursuant to paragraph (7) of subdivision (b) of Section 4252.

(b) The commissioner shall act as a temporary judge unless an objection is made by the district attorney or any other party. The Judicial Council shall develop a notice which shall be included on all forms and pleadings used to initiate a child support action or proceeding that advises the parties of their right to review by a superior court judge and how to exercise that right. The parties shall also be advised by the court prior to the commencement of the hearing that the matter is being heard by a commissioner who shall act as a temporary judge unless any party objects to the commissioner acting as a temporary judge. While acting as a temporary judge, the commissioner shall receive no compensation other than compensation as a commissioner.

(c) If any party objects to the commissioner acting as a temporary judge, the commissioner may hear the matter and make findings of fact and a recommended order. Within 10 court days, a judge shall ratify the recommended order unless either party objects to the recommended order, or where a recommended order is in error. In both cases, the judge shall issue a temporary order and schedule a hearing de novo within 10 court days. Any party may waive his or her right to the review hearing at any time.

(d) The commissioner shall, where appropriate, do any of the following:

(1) Review and determine ex parte applications for orders and writs.

90

(2) Take testimony.

(3) Establish a record, evaluate evidence, and make recommendations or decisions.

(4) Enter judgments or orders based upon voluntary acknowledgments of support liability and parentage and stipulated agreements respecting the amount of child support to be paid.

(5) Enter default orders and judgments pursuant to Section 4253.

(6) In actions in which paternity is at issue, order the mother, child, and alleged father to submit to genetic tests.

(e) The commissioner shall, upon application of any party, join issues concerning custody, visitation, and protective orders in the action filed by the district attorney, subject to Section 11350.1 of the Welfare and Institutions Code. After joinder, the commissioner shall:

(1) Refer the parents for mediation of disputed custody or visitation issues pursuant to Section 3170 of the Family Code.

(2) Accept stipulated agreements concerning custody, visitation, and protective orders and enter orders pursuant to the agreements.

(3) Refer contested issues of custody, visitation, and protective orders to a judge or to another commissioner for hearing. A child support commissioner may hear contested custody, visitation, and restraining order issues only if the court has adopted procedures to segregate the costs of hearing Title IV-D child support issues from the costs of hearing other issues pursuant to applicable federal requirements.

(f) The district attorney shall be served notice by the moving party of any proceeding under this section in which support is at issue. Any order for support that is entered without the district attorney having received proper notice shall be voidable upon the motion of the district attorney.

4252. (a) One or more child support commissioners shall be appointed by the superior court to perform the duties specified in Section 4251. The child support commissioners first priority always shall be to hear Title IV-D child support cases. The child support commissioners shall specialize in hearing child support cases, and their primary responsibility shall be to hear Title IV-D child support cases. Child support commissioner positions shall not be subject to the limitation on other commissioner positions imposed upon the counties by Article 13 (commencing with Section 70140) of Chapter 5 of Title 8 of the Government Code. The number of child support commissioner positions allotted to each superior court shall be determined by the Judicial Council in accordance with caseload standards developed pursuant to paragraph (3) of subdivision (b), subject to appropriations in the annual Budget Act.

(b) The Judicial Council shall do all of the following:

(1) Establish minimum qualifications for child support commissioners.

90

(2) Establish minimum educational and training requirements. for child support commissioners and other court personnel that are assigned to Title IV-D child support cases. Training programs shall include both federal and state laws concerning child support, and related issues.

(3) Establish caseload, case processing, and staffing standards for child support commissioners on or before April 1, 1997, which shall set forth the maximum number of cases that each child support commissioner can process. These standards shall be reviewed and, if appropriate, revised by the Judicial Council every two years.

(4) Adopt uniform rules of court and forms for use in Title IV-D child support cases.

(5) Offer technical assistance to counties regarding issues relating to implementation and operation of the child support commissioner system, including assistance related to funding, staffing, and the sharing of resources between counties.

(6) Establish procedures for the distribution of funding to the courts for child support commissioners, family law facilitators pursuant to Division 14 (commencing with Section 10000) and related allowable costs.

(7) Adopt rules that define the exceptional circumstances in which judges may hear Title IV-D child support matters as provided in subdivision (a) of Section 4251.

(8) Undertake other actions as appropriate to ensure the successful implementation and operation of child support commissioners in the counties.

4253. Notwithstanding any other provision of law, when hearing child support matters, a commissioner or referee may enter default orders if the defendant does not respond to notice or other process within the time prescribed to respond to that notice.

SEC. 7.  Section 4506.3 of the Family Code is amended to read:

4506.3.  The Judicial Council, in consultation with the California Family Support Council, the State Department of Social Services, and title insurance industry representatives, shall develop a single form, which conforms with the requirements of Section 27361.6 of the Government Code, for the substitution of payee, for notice directing payment of support to the district attorney pursuant to Sections 4200 and 4201, and for notice that support has been assigned pursuant to Section 11477 of the Welfare and Institutions Code.

SEC. 8.  Section 5246 is added to the Family Code, to read:

5246.  (a) This section applies only to Title IV-D cases where support enforcement services are being provided by the district attorney pursuant to Section 11475.1 of the Welfare and Institutions Code.

(b) After the court has ordered an earnings assignment for support pursuant to Section 5230 or 5253, the district attorney may

90

serve on the employer a notice of assignment in lieu of the earnings assignment order in the manner specified in Section 5232.

(c) The notice of assignment shall contain, at a minimum, the following information:

(1) The amount of current support ordered by the court.

(2) Any additional amount to be withheld and applied to arrearages.

(3) The date of the most recent support order.

(4) The name and address of the district attorney to whom the support is to be paid.

(5) The amount of arrearages and the date through which the arrearages have been calculated, and a statement as to whether or not the arrearages include interest.

(6) Instructions to the employer on how to comply with the earnings assignment order.

(7) A written statement of the obligor's rights under the law to seek to quash or modify the earnings assignment order, together with a blank form which the obligor can file with the court to request a hearing to modify or quash the assignment with instructions on how to file the form and obtain a hearing date.

(d) If the underlying court order for support does not provide for an arrearage payment, or if an additional arrearage accrues after the date of the court order for support, the district attorney may send a notice of assignment directly to the employer which specifies the updated arrearage amount and directs the employer to withhold an additional amount not to exceed 3 percent of the arrearage or fifty dollars ($50), whichever is greater, to be applied towards liquidation of the arrearages.

(e) Within 10 days of service of the notice of assignment, the employer shall deliver both of the following to the obligor:

(1) A copy of the notice of assignment.

(2) The form to request a hearing described in paragraph (7) of subdivision (c).

(f) If the obligor requests a hearing, a hearing date shall be scheduled within 20 days of the filing of the request with the court. The clerk of the court shall provide notice of the hearing to the district attorney and the obligor no later than 10 days prior to the hearing.

(1) If at the hearing the obligor establishes that he or she is not the obligor or good cause or an alternative arrangement as provided in Section 5260, the court may order that service of the earnings assignment order be quashed. If the court quashes service of the earnings assignment order, the district attorney shall notify the employer within 10 days.

(2) If the obligor contends at the hearing that the payment of arrearages at the rate specified in this section is excessive or that the total arrearages owing is incorrect, and if it is determined that

90

payment of the arrearages at the rate specified in this section creates an undue hardship upon the obligor or that the withholding would exceed the maximum amount permitted by Section 1673(b) of Title 15 of the United States Code Annotated, the rate at which the arrearages must be paid shall be reduced to a rate that is fair and reasonable considering the circumstances of the parties and the best interest of the child. If it is determined at a hearing that the total amount of arrearages calculated is erroneous, the court shall modify the amount calculated to the correct amount. If the court modifies the total amount of arrearages owed or reduces the monthly payment due on the arrearages, the district attorney shall serve the employer with an amended notice of assignment within 10 days.

(g) If an obligor's current support obligation has terminated by operation of law, the district attorney may serve a notice of assignment on the employer which directs the employer to continue withholding from the obligor's earnings an amount not to exceed the current support order that was in effect or 3 percent of the total support arrearages including interest, whichever is greater, until such time that the employer is notified by the district attorney that the arrearages have been paid in full. The employer shall provide the obligor with the same documents as provided in subdivision (e). The obligor shall be entitled to the same rights to a hearing as specified in subdivision (f).

(h) The district attorney shall retain a copy of the notice of assignment and shall file a copy with the court whenever a hearing concerning the notice of assignment is requested.

(i) Nothing in this section prohibits the district attorney from seeking a payment on arrearages which is greater than the amount specified in this section. The district attorney may seek a higher payment on arrearages by filing an ex parte motion with the court.

SEC. 9.   Division 14 (commencing with Section 10000) is added to the Family Code, to read:

### DIVISION 14.   FAMILY LAW FACILITATOR ACT

10000.   This division shall be known and may be cited as the Family Law Facilitator Act.

10001.   (a) The Legislature finds and declares the following:

(1) Child and spousal support are serious legal obligations. The entry of a child support order is frequently delayed while parents engage in protracted litigation concerning custody and visitation. The current system for obtaining child and spousal support orders is suffering because the family courts are unduly burdened with heavy case loads and do not have sufficient personnel to meet increased demands on the courts.

(2) Reports to the Legislature regarding the family law pilot projects in the Superior Courts of the Counties of Santa Clara and San

90

Mateo indicate that the pilot projects have provided a cost-effective and efficient method for the courts to process family law cases that involve unrepresented litigants with issues concerning child support, spousal support, and health insurance.

(3) The reports to the Legislature further indicate that the pilot projects in both counties have been successful in making the process of obtaining court orders concerning child support, spousal support, and health insurance more accessible to unrepresented parties. Surveys conducted by both counties indicate a high degree of satisfaction with the services provided by the pilot projects.

(4) There is a compelling state interest in having a speedy, conflict-reducing system for resolving issues of child support, spousal support, and health insurance that is cost-effective and accessible to families that cannot afford legal representation.

(b) Therefore, it is the intent of the Legislature to make the services provided in the family law pilot projects in the Counties of Santa Clara and San Mateo available to unrepresented parties in the superior courts of all California counties.

10002. Each superior court shall maintain an office of the family law facilitator. The office of the family law facilitator shall be staffed by an attorney licensed to practice law in this state who has mediation or litigation experience, or both, in the field of family law. The family law facilitator shall be appointed by the superior court.

10003. This division shall apply to all actions or proceedings for temporary or permanent child support, spousal support, or health insurance in a proceeding for dissolution of marriage, nullity of marriage, legal separation, or exclusive child custody, or pursuant to the Uniform Parentage Act (Part 3 (commencing with Section 7600) of Division 12) or the Domestic Violence Prevention Act (Division 10 (commencing with Section 6200)).

10004. Services provided by the family law facilitator shall include, but are not limited to, the following: providing educational materials to parents concerning the process of establishing parentage and establishing, modifying, and enforcing child and spousal support in the courts; distributing necessary court forms and voluntary declarations of paternity; providing assistance in completing forms; preparing support schedules based upon statutory guidelines; and providing referrals to the district attorney, family court services, and other community agencies and resources that provide services for parents and children.

10005. (a) By local rule, the superior court may designate additional duties of the family law facilitator, which may include, but are not limited to, the following:

(1) Meeting with litigants to mediate issues of child support, spousal support, and maintenance of health insurance, subject to Section 10012. Actions in which one or both of the parties are unrepresented by counsel shall have priority.

90

(2) Drafting stipulations to include all issues agreed to by the parties, which may include issues other than those specified in Section 10003.

(3) If the parties are unable to resolve issues with the assistance of the family law facilitator, prior to or at the hearing, and at the request of the court, the family law facilitator shall review the paperwork, examine documents, prepare support schedules, and advise the judge whether or not the matter is ready to proceed.

(4) Assisting the clerk in maintaining records.

(5) Preparing formal orders consistent with the court's announced order in cases where both parties are unrepresented.

(6) Serving as a special master in proceedings and making findings to the court unless he or she has served as a mediator in that case.

(b) If staff and other resources are available and the duties listed in subdivision (a) have been accomplished, the duties of the family law facilitator may also include the following:

(1) Assisting the court with research and any other responsibilities which will enable the court to be responsive to the litigants' needs.

(2) Developing programs for bar and community outreach through day and evening programs, videotapes, and other innovative means that will assist unrepresented and financially disadvantaged litigants in gaining meaningful access to family court. These programs shall specifically include information concerning underutilized legislation, such as expedited child support orders (Chapter 5 (commencing with Section 3620) of Part 1 of Division 9), and preexisting, court-sponsored programs, such as supervised visitation and appointment of attorneys for children.

10006. The court shall adopt a protocol wherein all litigants, both unrepresented by counsel and represented by counsel, have ultimate access to a hearing before the court.

10007. The court shall provide the family law facilitator at no cost to the parties.

10008. (a) Except as provided in subdivision (b), nothing in this chapter shall be construed to apply to a child for whom services are provided or required to be provided by a district attorney pursuant to Section 11475.1 of the Welfare and Institutions Code.

(b) In cases in which the services of the district attorney are provided pursuant to Section 11475.1 of the Welfare and Institutions Code, either parent may utilize the services of the family law facilitator that are specified in Section 10004. In order for a custodial parent who is receiving the services of the district attorney pursuant to Section 11475.1 of the Welfare and Institutions Code to utilize the services specified in Section 10005 relating to support, the custodial parent must obtain written authorization from the district attorney. It is not the intent of the Legislature in enacting this section to limit the duties of district attorneys with respect to seeking child support

90

payments or to in any way limit or supersede other provisions of this code respecting temporary child support.

10010. The Judicial Council shall adopt minimum standards for the office of the family law facilitator and any forms or rules of court that are necessary to implement this division.

10011. The Director of the State Department of Social Services shall seek approval from the United States Department of Health and Human Services, Office of Child Support Enforcement, to utilize funding under Title IV-D of the Social Security Act for the services provided pursuant to this division.

10012. (a) In a proceeding in which mediation is required pursuant to paragraph (1) of subdivision (a) of Section 10005, where there has been a history of domestic violence between the parties or where a protective order as defined in Section 6218 is in effect, at the request of the party alleging domestic violence in a written declaration under penalty of perjury or protected by the order, the family law facilitator shall meet with the parties separately and at separate times.

(b) Any intake form that the office of the family law facilitator requires the parties to complete before the commencement of mediation shall state that, if a party alleging domestic violence in a written declaration under penalty of perjury or a party protected by a protective order so requests, the mediator will meet with the parties separately and at separate times.

SEC. 10. Section 70141 of the Government Code is amended to read:

70141. (a) To assist the court in disposing of its business connected with the administration of justice, the superior court of any city and county may appoint not exceeding 10 commissioners, and the superior court of every county, except a county with a population of 4,000,000 or over, may appoint one commissioner. Each person so appointed shall be designated as "court commissioner" of the county.

(b) In addition to the court commissioners authorized by subdivision (a) or any other provision of law, either the superior court or the municipal court, but not both, of any county or city and county may appoint one additional commissioner, at the same rate of compensation as the other commissioner or commissioners for that court, upon adoption of a resolution by the board of supervisors pursuant to subdivision (c).

(c) The county or city and county shall be bound by, and the resolution adopted by the board of supervisors shall specifically recognize, the following conditions:

(1) The county or city and county has sufficient funds for the support of the position and any staff who will provide direct support to the position, agrees to assume any and all additional costs that may result therefrom, and agrees that no state funds shall be made

90

available, or shall be used, in support of this position or any staff who provide direct support to this position.

(2) The additional commissioner shall not be deemed a judicial position for purposes of calculating trial court funding pursuant to Section 77202.

(3) The salary for this position and for any staff who provide direct support to this position shall not be considered as part of court operations for purposes of Sections 77003 and 77204.

(4) The county or city and county agrees not to seek funding from the state for payment of the salary, benefits, or other compensation for such a commissioner or for any staff who provide direct support to such a commissioner.

(d) The court may provide that the additional commissioner may perform all duties authorized for a commissioner of that court in the county. In a county or city and county that has undertaken a consolidation of the trial courts, the additional commissioner shall be appointed by the superior, municipal, or justice courts pursuant to the consolidation agreement.

(e) In addition to the court commissioners authorized by subdivisions (a) and (b), the superior court of any county or city and county shall appoint additional commissioners pursuant to Sections 4251 and 4252 of the Family Code. These commissioners shall receive a salary equal to 85 percent of a superior court judge's salary. These commissioners shall not be deemed a court operation for purposes of Section 77003.

SEC. 11.   Section 11350.1 of the Welfare and Institutions Code is amended to read:

11350.1.   (a) Notwithstanding any other statute, in any action brought by the district attorney for the support of a minor child or children, the action may be prosecuted in the name of the county on behalf of the child, children, or a parent of the child or children. The parent who has requested or is receiving support enforcement services of the district attorney shall not be a necessary party to the action but may be subpoenaed as a witness. Except as provided in subdivision (e), in an action under this section there shall be no joinder of actions, or coordination of actions, or cross-complaints, and the issues shall be limited strictly to the question of parentage, if applicable, and child support, including an order for medical support. A final determination of parentage may be made in any action under this section as an incident to obtaining an order for support. An action for support or parentage pursuant to this section shall not be delayed or stayed because of the pendency of any other action between the parties.

(b) Judgment in an action brought pursuant to this section, and in an action brought pursuant to Section 11350, if at issue, may be rendered pursuant to a noticed motion, which shall inform the

90

defendant that in order to exercise his or her right to trial, he or she must appear at the hearing on the motion.

If the defendant appears at the hearing on the motion, the court shall inquire of him or her if he or she desires to subpoena evidence and witnesses, if parentage is at issue and genetic tests have not already been conducted whether he or she desires blood tests, and if he or she desires a trial. If his or her answer is in the affirmative, a continuance shall be granted to allow him or her to exercise those rights. A continuance shall not postpone the hearing to more than 90 days from the date of service of the motion. In the event that a continuance is granted, the court may make an order for temporary support without prejudice to the right of the court to make an order for temporary support as otherwise allowed by law.

(c) In any action to enforce a spousal support order the action may be pled in the name of the county in the same manner as an action to establish a child support obligation. The same restrictions on joinder of actions, coordination of actions, and cross-complaints, and delay because of the pendency of any other action as relates to actions to establish a child support obligation shall also apply to actions to enforce a spousal support order.

(d) Nothing contained in this section shall be construed to prevent the parties from bringing an independent action under the Family Code or otherwise, and litigating the issue of support. In that event, the court in those proceedings shall make an independent determination on the issue of support which shall supersede the support order made pursuant to this section.

(e) (1) After a support order, including a temporary support order and an order for medical support only, has been entered in an action brought pursuant to this section, the parent who has requested or is receiving support enforcement services of the district attorney shall become a party to the action brought pursuant to this section, only in the manner and to the extent provided by this section, and only for the purposes allowed by this section.

(2) Notice of the parent's status as a party shall be given to the parent by the district attorney in conjunction with the notice required by subdivision (e) of Section 11478.2. The complaint shall contain this notice. Service of the complaint on the parent in compliance with Section 1013 of the Code of Civil Procedure, or as otherwise provided by law, shall constitute compliance with this section.

(3) The parent who has requested or is receiving support enforcement services of the district attorney is a party to an action brought under this section for issues relating to the support, custody, and visitation of a child, and for restraining orders, and for no other purpose. The district attorney shall not be required to serve or receive service of papers, pleadings, or documents, or participate in, or attend any hearing or proceeding relating to issues of custody or

90

visitation, except as otherwise required by law. Orders concerning custody and visitation may be made in an action pursuant to this subdivision only if orders concerning custody and visitation have not been previously made by a court of competent jurisdiction in this state or another state and the court has jurisdiction and is the proper venue for custody and visitation determinations. All issues regarding custody and visitation shall be heard and resolved in the manner provided by the Family Code. Except as otherwise provided by law, the district attorney shall control support and parentage litigation brought pursuant to this section, and the manner, method, and procedures used in establishing parentage and in establishing and enforcing support obligations unless and until the parent who requested or is receiving support enforcement services has requested in writing that the district attorney close his or her case and the case has been closed in accordance with federal regulation.

(f) (1) A parent who has requested or is receiving support enforcement services of the district attorney may take independent action to modify a support order made pursuant to this section while support enforcement services are being provided by the district attorney. The parent shall serve the district attorney with notice of any action filed to modify the support order and provide the district attorney with a copy of the modified order within 15 calendar days after the date the order is issued.

(2) A parent who has requested or is receiving support enforcement services of the district attorney may take independent action to enforce a support order made pursuant to this section while support enforcement services are being provided by the district attorney with the written consent of the district attorney. At least 30 days prior to filing an independent enforcement action, the parent shall provide the district attorney with written notice of the parent's intent to file an enforcement action which includes a description of the type of enforcement action the parent intends to file. Within 30 days of receiving the notice, the district attorney shall either provide written consent for the parent to proceed with the independent enforcement action or notify the parent that he or she objects to the parent filing the proposed independent enforcement action. The district attorney may object only if the district attorney is currently using an administrative or judicial method to enforce the support obligation or if the proposed independent enforcement action would interfere with an investigation being conducted by the district attorney. If the district attorney does not respond to the parent's written notice within 30 days, the district attorney shall be deemed to have given consent.

(3) The court shall order that all payments of support shall be made to the district attorney in any action filed under this section by the parent who has requested, or is receiving, support enforcement services of the district attorney unless support enforcement services

90

have been terminated by the district attorney by case closure as provided by federal law. Any order obtained by a parent prior to support enforcement services being terminated in which the district attorney did not receive proper notice pursuant to this section shall be voidable upon the motion of the district attorney.

(g) The Judicial Council shall prepare the notice required by subdivision (e).

SEC. 12.   Section 11350.7 is added to the Welfare and Institutions Code, to read:

11350.7.   (a) Notwithstanding any other provision of law, if any support obligor is delinquent in the payment of support for at least 30 days and the district attorney is enforcing the support obligation pursuant to Section 11475.1, the district attorney may issue a warrant for the collection of that support and may levy on and sell vehicles and vessels as defined in the Vehicle Code, or aircraft.

(b) A warrant may be issued by a district attorney for a support obligation which accrued under a court order or judgment if the obligor had notice of the accrued support arrearage as provided in this section, and did not make a timely request for review.

(c) The notice requirement shall be satisfied by the district attorney sending a statement of support arrearages to the obligor at the obligor's last known address by first-class mail, postage prepaid. The notice shall advise the obligor of the amount of the support arrearage. The notice shall advise the obligor that the obligor may have the arrearage determination reviewed by administrative procedures and state how such a review may be obtained. The notice shall also advise the obligor of his or her right to seek a judicial determination of arrearages pursuant to Section 11350.8 and shall include a form to be filed with the court to request a judicial determination of arrearages. If the obligor requests an administrative review of the arrearage determination within 20 days from the date the notice was mailed to the obligor, the district attorney shall review the assessment or determination and shall not issue the warrant for a disputed amount of support until the administrative review procedure is completed.

(d) If the obligor requests a judicial determination of the arrearages within 20 days from the date the notice was mailed to the obligor, the district attorney shall not issue the warrant for a disputed amount of support until the judicial determination is complete.

(e) The warrant shall be directed to any sheriff, constable, marshal, or the Department of the California Highway Patrol and shall have the same force and effect as a writ of execution. The warrant shall be levied and sale made pursuant to it in the manner and with the same force and effect as a levy and sale pursuant to a writ of execution. The district attorney may pay or advance to the levying officer the same fees, commissions, and expenses for his or her services under this section as are provided by law for similar

90

services pursuant to a writ of execution, except for those fees and expenses for which the district attorney is exempt by law from paying. The district attorney, and not the court, shall approve the fees for publication in a newspaper.

(f) The fees, commissions, expenses, and the reasonable costs associated with the sale of property levied upon by warrant pursuant to this section, including, but not limited to, appraisers' fees, auctioneers' fees, and advertising fees are an obligation of the support obligor and may be collected from the obligor by virtue of the warrant or in any other manner as though these items were support payments delinquent for at least 30 days.

SEC. 13.  Section 11354 is added to the Welfare and Institutions Code, to read:

11354.  In any action or proceeding brought by the district attorney to establish parentage pursuant to Section 11475.1, the court shall enter a judgment establishing parentage upon the filing of a written stipulation between the parties provided that the stipulation is accompanied by a written advisement and waiver of rights which is signed by the defendant. The written advisement and waiver of rights shall be developed by the Judicial Council.

SEC. 14.  Section 11355 is added to the Welfare and Institutions Code, to read:

11355.  (a) Notwithstanding any other provision of law, in any action filed by the district attorney pursuant to Section 11350, 11350.1, or 11475.1, a judgment shall be entered if the defendant fails to file an answer or otherwise appear in the action within 30 days of service of process upon the defendant.

(b) If the defendant fails to file an answer with the court within 30 days of having been served as specified in subdivision (c) of Section 11475.1, the proposed judgment shall become effective unless the district attorney has filed a declaration and amended proposed judgment pursuant to subdivision (c).

(c) If the district attorney receives additional financial information within 30 days of service of the complaint and proposed judgment on the defendant and the additional information would result in a support order that is different from the amount in the proposed judgment, the district attorney shall file a declaration setting forth the additional information and an amended proposed judgment. The declaration and amended proposed judgment shall be served on the defendant in compliance with Section 1013 of the Code of Civil Procedure or otherwise as provided by law. The defendant's time to answer or otherwise appear shall be extended to 30 days from the date of service of the declaration and amended proposed judgment.

(d) Upon entry of the judgment, the clerk of the court shall mail by first-class mail, postage prepaid, a notice to the defendant that his

90

or her default has been taken and that the proposed judgment has been entered.

SEC. 15.   Section 11356 is added to the Welfare and Institutions Code, to read:

11356.   (a) In any action filed by the district attorney pursuant to Section 11350, 11350.1, or 11475.1, the court may, on any terms that may be just, relieve the defendant from that part of the judgment or order concerning the amount of child support to be paid. This relief may be granted after the six-month time limit of Section 473 of the Code of Civil Procedure has elapsed, based on the grounds, and within the time limits, specified in this section.

(b) This section shall apply only to judgments or orders for support that were based upon presumed income as specified in subdivision (c) of Section 11475.1 and that were entered after the entry of the default of the defendant under Section 11355. This section shall apply only to the amount of support ordered and not that portion of the judgment or order concerning the determination of parentage.

(c) The court may set aside the child support order contained in a judgment described in subdivision (b) if the defendant's income was substantially different at the time the judgment was entered from the income defendant was presumed to have. A "substantial difference" means that amount of income that would result in an order for support that deviates from the order entered by default by 20 percent or more. If the difference between the defendant's actual income and the presumed income would result in an order for support that deviates from the order entered by default by less than 20 percent, the court may set aside the child support order only if the court states in writing or on the record that the defendant is experiencing an extreme financial hardship due to the circumstances enumerated in Section 4701 of the Family Code and that a set aside of the default judgment is necessary to accommodate those circumstances.

(d) Application for relief under this section shall be accompanied by a copy of the answer or other pleading proposed to be filed together with an income and expense declaration and tax returns for any relevant years. The Judicial Council may combine the application for relief under this section and the proposed answer into a single form.

(e) The burden of proving that the actual income of the defendant deviated substantially from the presumed income shall be on the defendant.

(f) A motion for relief under this section shall be filed within 90 days of the first collection of money by the district attorney or the obligee. The 90-day time period shall run from the date that the district attorney receives the first collection or from the date that the defendant is served with notice of the collection, whichever date

90

occurs first. If service of the notice is by mail, the date of service shall be as specified in Section 1013 of the Code of Civil Procedure.

(g) In all proceedings under this section, before granting relief, the court shall consider the amount of time that has passed since the entry of the order, the circumstances surrounding the defendant's default, the relative hardship on the child or children to whom the duty of support is owed, the caretaker parent, and the defendant, and other equitable factors that the court deems appropriate.

(h) If the court grants the relief requested, the court shall issue a new child support order using the appropriate child support guidelines currently in effect. The new order shall have the same commencement date as the order set aside.

SEC. 16. Section 11475.1 of the Welfare and Institutions Code is amended to read:

11475.1. (a) Each county shall maintain a single organizational unit located in the office of the district attorney which shall have the responsibility for promptly and effectively establishing, modifying, and enforcing child support obligations, including medical support, enforcing spousal support orders established by a court of competent jurisdiction, and determining paternity in the case of a child born out of wedlock. The district attorney shall take appropriate action, both civil and criminal, to establish, modify, and enforce child support and, when appropriate, enforce spousal support orders when the child is receiving public assistance, including Medi-Cal, and, when appropriate, may take the same actions on behalf of a child who is not receiving public assistance, including Medi-Cal.

(b) Actions brought by the district attorney to establish paternity or child support or to enforce child support obligations shall be completed within the time limits set forth by federal law. The district attorney's responsibility applies to spousal support only where the spousal support obligation has been reduced to an order of a court of competent jurisdiction. In any action brought for modification or revocation of an order that is being enforced under Title IV-D of the Social Security Act (42 U.S.C. Sec. 651 et seq.), the effective date of the modification or revocation shall be as prescribed by federal law (42 U.S.C. Sec. 666(a)(9)), or any subsequent date.

(c) (1) The Judicial Council, in consultation with the department and representatives of the California Family Support Council, the Senate Committee on Judiciary, the Assembly Committee on Judiciary, and a legal services organization providing representation on child support matters, shall develop simplified summons, complaint, and answer forms for any action for support brought pursuant to this section or Section 11350.1. The Judicial Council may combine the summons and complaint in a single form.

(2) The simplified complaint form shall provide the defendant with notice of the amount of child support that is sought pursuant to the guidelines set forth in Article 2 (commencing with Section 4050)

90

of Chapter 2 of Part 2 of the Family Code based upon the income or income history of the defendant as known to the district attorney. If the defendant's income or income history is unknown to the district attorney, the complaint shall inform the defendant that income shall be presumed in an amount that results in a court order equal to the minimum basic standard of adequate care provided in Section 11452 unless information concerning the defendant's income is provided to the court. The complaint form shall be accompanied by a proposed judgment. The complaint form shall include a notice to the defendant that the proposed judgment will become effective if he or she fails to file an answer with the court within 30 days of service.

(3) (A) The simplified answer form shall be written in simple English and shall permit a defendant to answer and raise defenses by checking applicable boxes. The answer form shall include instructions for completion of the form and instructions for proper filing of the answer.

(B) The answer form shall be accompanied by a blank income and expense declaration or simplified financial statement and instructions on how to complete the financial forms. The answer form shall direct the defendant to file the completed income and expense declaration or simplified financial statement with the answer, but shall state that the answer will be accepted by a court without the income and expense declaration or simplified financial statement.

(C) The clerk of the court shall accept and file answers, income and expense declarations, and simplified financial statements that are completed by hand provided they are legible.

(4) (A) The simplified complaint form prepared pursuant to this subdivision shall be used by the district attorney or the Attorney General in all cases brought under this section or Section 11350.1.

(B) The simplified answer form prepared pursuant to this subdivision shall be served on all defendants with the simplified complaint. Failure to serve the simplified answer form on all defendants shall not invalidate any judgment obtained. However, failure to serve the answer form may be used as evidence in any proceeding under Section 11356 of this code or Section 473 of the Code of Civil Procedure.

(C) The Judicial Council shall add language to the governmental summons, for use by the district attorney with the governmental complaint to establish parental relationship and child support, informing defendants that a blank answer form should have been received with the summons and additional copies may be obtained from either the district attorney's office or the superior court clerk.

(d) In any action brought or enforcement proceedings instituted by the district attorney pursuant to this section for payment of child or spousal support, an action to recover an arrearage in support payments may be maintained by the district attorney at any time within the period otherwise specified for the enforcement of a

90

support judgment, notwithstanding the fact that the child has attained the age of majority.

(e) The county shall undertake an outreach program to inform the public that the services described in subdivisions (a) to (c), inclusive, are available to persons not receiving public assistance. There shall be prominently displayed in every public area of every office of the units established by this section a notice, in clear and simple language prescribed by the Director of Social Services, that the services provided in subdivisions (a) to (c), inclusive, are provided to all individuals whether or not they are recipients of public social services.

(f) In any action to establish a child support order brought by the district attorney in the performance of duties under this section, the district attorney may make a motion for an order effective during the pendency of that action, for the support, maintenance, and education of the child or children that are the subject of the action. This order shall be referred to as an order for temporary support. This order shall have the same force and effect as a like or similar order under the Family Code.

The district attorney shall file a motion for an order for temporary support within the following time limits:

(1) If the defendant is the mother, a presumed father under Section 7611 of the Family Code, or any father where the child is at least six months old when the defendant files his answer, the time limit is 90 days after the defendant files an answer.

(2) In any other case where the defendant has filed an answer prior to the birth of the child or not more than six months after the birth of the child, then the time limit is nine months after the birth of the child.

If more than one child is the subject of the action, the limitation on reimbursement shall apply only as to those children whose parental relationship and age would bar recovery were a separate action brought for support of that child or those children.

If the district attorney fails to file a motion for an order for temporary support within time limits specified in this section, the district attorney shall be barred from obtaining a judgment of reimbursement for any support provided for that child during the period between the date the time limit expired and the motion was filed, or, if no such motion is filed, when a final judgment is entered.

Nothing in this section prohibits the district attorney from entering into cooperative arrangements with other county departments as necessary to carry out the responsibilities imposed by this section pursuant to plans of cooperation with the departments approved by the State Department of Social Services.

Nothing in this section shall otherwise limit the ability of the district attorney from securing and enforcing orders for support of a

90

spouse or former spouse as authorized under any other provision of law.

(g) As used in this article, "enforcing obligations" includes, but is not limited to, (1) the use of all interception and notification systems operated by the State Department of Social Services for the purposes of aiding in the enforcement of support obligations, (2) the obtaining by the district attorney of an initial order for child support, which may include medical support or which is for medical support only, by civil or criminal process, (3) the initiation of a motion or order to show cause to increase an existing child support order, and the response to a motion or order to show cause brought by an obligor parent to decrease an existing child support order, or the initiation of a motion or order to show cause to obtain an order for medical support, and the response to a motion or order to show cause brought by an obligor parent to decrease or terminate an existing medical support order, without regard to whether the child is receiving public assistance, and (4) the response to a notice of motion or order to show cause brought by an obligor parent to decrease an existing spousal support order when the child or children are residing with the obligee parent and the district attorney is also enforcing a related child support obligation owed to the obligee parent by the same obligor.

(h) As used in this section, "out of wedlock" means that the biological parents of the child were not married to each other at the time of the child's conception.

(i) The district attorney is the public agency responsible for administering wage withholding for the purposes of Title IV-D of the Social Security Act (42 U.S.C. Sec. 651 et seq.). The district attorney shall seek an earnings assignment order for support in any case as soon as the obligor is in arrears in payment of support pursuant to Chapter 8 (commencing with Section 5200) of Part 5 of Division 9 of the Family Code.

Nothing in this section shall limit the authority of the district attorney granted by other sections of this code or otherwise granted by law.

(j) In the exercise of the authority granted under this article, the district attorney may intervene, pursuant to subdivision (b) of Section 387 of the Code of Civil Procedure, by ex parte application, in any action under the Family Code, or other proceeding wherein child support is an issue or a reduction in spousal support is sought. By notice of motion, order to show cause, or responsive pleading served upon all parties to the action, the district attorney may request such relief as appropriate which the district attorney is authorized to seek.

(k) The district attorney shall comply with any guidelines established by the State Department of Social Services which set time standards for responding to requests for assistance in locating absent

90

parents, establishing paternity, establishing child support awards, and collecting child support payments.

(*l*) As used in this article, medical support activities which the district attorney is authorized to perform are limited to the following:

(1) The obtaining and enforcing of court orders for health insurance coverage.

(2) Any other medical support activity mandated by federal law or regulation.

(m) (1) Notwithstanding any other provision of law, venue for an action or proceeding under this part shall be determined as follows:

(A) Venue shall be in the superior court in the county that is currently expending public assistance.

(B) If public assistance is not currently being expended, venue shall be in the superior court in the county where the child who is entitled to current support resides or is domiciled.

(C) If current support is no longer payable through, or enforceable by, the district attorney, venue shall be in the superior court in the county that last provided public assistance for actions to enforce arrearages assigned pursuant to Section 11477.

(D) If subparagraphs (A), (B), and (C) do not apply, venue shall be in the superior court in the county of residence of the support obligee.

(E) If the support obligee does not reside in California, and subparagraphs (A), (B), (C), and (D) do not apply, venue shall be in the superior court of the county of residence of the obligor.

(2) Notwithstanding paragraph (1), if the child becomes a resident of another county after an action under this part has been filed, venue may remain in the county where the action was filed until the action is completed.

(n) The district attorney of one county may appear on behalf of the district attorney of any other county in an action or proceeding under this part.

SEC. 17. Section 11478.2 of the Welfare and Institutions Code is amended to read:

11478.2. (a) In all actions involving paternity or support, including, but not limited to, proceedings under the Family Code, and under this division, the district attorney and Attorney General represent the public interest in establishing, modifying, and enforcing support obligations. No attorney-client relationship shall be deemed to have been created between the district attorney or Attorney General and any person by virtue of the action of the district attorney or the Attorney General in carrying out these statutory duties.

(b) The provisions of subdivision (a) are declarative of existing law.

(c) In all requests for services of the district attorney or Attorney General pursuant to Section 11475.1 relating to actions involving

90

paternity or support, not later than the same day an individual makes a request for these services in person, and not later than five working days after either (1) a case is referred for services from the county welfare department, (2) receipt of a request by mail for an application for services, or (3) an individual makes a request for services by telephone, the district attorney or Attorney General shall give notice to the individual requesting services or on whose behalf services have been requested that the district attorney or Attorney General does not represent the individual or the children who are the subject of the case, that no attorney-client relationship exists between the district attorney or Attorney General and those persons, and that no such representation or relationship shall arise if the district attorney or Attorney General provides the services requested. Notice shall be in bold print and in plain English and shall be translated into the language understandable by the recipient when reasonable. The notice shall include the advice that the absence of an attorney-client relationship means that communications from the recipient are not privileged and that the district attorney or Attorney General may provide support enforcement services to the other parent in the future.

(d) The district attorney or Attorney General shall give the notice required pursuant to subdivision (c) to all recipients of services under Section 11475.1 who have not otherwise been provided that notice, not later than the date of the next annual notice required under Section 11476.2. This notice shall include notification to the recipient of services under Section 11475.1 that the recipient may inspect the clerk's file at the county clerk's office, and that, upon request, the district attorney, or, if appropriate, the Attorney General, will furnish a copy of the most recent order entered in the case.

(e) The district attorney, or, if appropriate, the Attorney General, shall serve a copy of the complaint for paternity or support, or both on recipients of support services under Section 11475.1, as specified in paragraph (2) of subdivision (e) of Section 11350.1. A notice shall accompany the complaint which informs the recipient that the district attorney or Attorney General may enter into a stipulated order resolving the complaint, and that if the recipient wishes to assist the prosecuting attorney, he or she should send all information on the noncustodial parent's earnings and assets to the prosecuting attorney.

(f) (1) The district attorney or Attorney General shall provide written notice to recipients of services under Section 11475.1 of the initial date and time, and purpose of every hearing in a civil action for paternity or support. The notice shall include the following language:

90

### IMPORTANT NOTICE

It may be important that you attend the hearing. The district attorney does not represent you or your children. You may have information about the noncustodial parent, such as information about his or her income or assets, or your need for support that will not be presented to the court unless you attend the hearing. With the permission of the court, you have the right to be heard in court and tell the court what you think the court should do with the child support order.

If you have a court order for support that arose as part of your divorce, this hearing could change your rights or your children's rights to support. You have the right to attend the hearing and, with the permission of the court, to be heard.

If you would like to attend the hearing and be told about any changes to the hearing date or time, notify this office by ____. The district attorney or Attorney General will then have to tell you about any changes to the hearing date or time.

(2) The notice shall state the purpose of the hearing or be attached to the motion or other pleading which caused the hearing to be scheduled.

(3) The notice shall be provided separate from all other material and shall be in at least 14-point type. The failure of the district attorney or Attorney General to comply with this subdivision shall not affect the validity of any order.

(4) The notice shall be provided not later than seven calendar days prior to the hearing, or, if the district attorney or Attorney General receives notice of the hearing less than seven days prior to the hearing, within two days of the receipt by the district attorney or Attorney General of the notice of the hearing.

(5) The district attorney or Attorney General shall, in order to implement this subdivision, make reasonable efforts to ensure that the district attorney or Attorney General has current addresses for recipients of support enforcement services.

(g) The district attorney or Attorney General shall give notice to recipients of services under Section 11475.1 of every order obtained by the district attorney or Attorney General that establishes or modifies the support obligation for the recipient or the children who are the subject of the order, by sending a copy of the order to the recipient. The notice shall be made within 30 calendar days after the order has been filed. The district attorney or Attorney General shall also give notice to these recipients of every order obtained in any other jurisdiction, that establishes or modifies the support obligation

90

for the recipient or the children who are the subject of the order, and which is received by the district attorney or Attorney General, by sending a copy of the order to the recipient within 30 calendar days after the district attorney or Attorney General has received a copy of the order. In any action enforced under Chapter 6 (commencing with Section 4800) of Part 5 of Division 9 of the Family Code, the notice shall be made in compliance with the requirements of that chapter. The failure of the district attorney or Attorney General to comply with this subdivision shall not affect the validity of any order.

(h) The district attorney or Attorney General shall give notice to the noncustodial parent against whom a civil action is filed that the district attorney or Attorney General is not the attorney representing any individual, including, but not limited to, the custodial parent, the child, or the noncustodial parent.

(i) Nothing in this section shall be construed to preclude any person who is receiving services under Section 11475.1 from filing and prosecuting an independent action to establish, modify, and enforce an order for current support on behalf of himself or herself or a child if that person is not receiving public assistance.

(j) A person who is receiving services under Section 11475.1 but who is not currently receiving public assistance on his or her own behalf or on behalf of a child shall be asked to execute, or consent to, any stipulation establishing or modifying a support order in any action in which that person is named as a party, before the stipulation is filed. The district attorney or Attorney General shall not submit to the court for approval a stipulation to establish or modify a support order in such an action without first obtaining the signatures of all parties to the action, their attorneys of record, or persons authorized to act on their behalf.

(k) The district attorney or Attorney General shall not enter into a stipulation which reduces the amount of past due support, including interest and penalties accrued pursuant to an order of current support, on behalf of a person who is receiving support enforcement services under Section 11475.1 and who is owed support arrearages that exceed unreimbursed public assistance paid to the recipient of the support enforcement services, without first obtaining the consent of the person who is receiving services under Section 11475.1 on his or her own behalf or on behalf of the child.

(l) The notices required in this section shall be provided in the following manner:

(1) In all cases in which the person receiving services under Section 11475.1 resides in California, notice shall be provided by mailing the item by first-class mail to the last known address of, or personally delivering the item to, that person.

(2) In all actions enforced under Chapter 6 (commencing with Section 4800) of Part 5 of Division 9 of the Family Code, unless

90

otherwise specified, notice shall be provided by mailing the item by first-class mail to the initiating court.

(m) Notwithstanding any other provision of this section, the notices provided for pursuant to subdivisions (c) to (g), inclusive, shall not be required in foster care cases.

SEC. 18.  No reimbursement is required by this act pursuant to Section 6 of Article XIII B of the California Constitution for any costs incurred pursuant to this act because this act provides additional revenue that is specifically intended to fund the costs in an amount sufficient to pay for the program or level of service mandated by this act, within the meaning of Section 17556 of the Government Code.

Notwithstanding Section 17580 of the Government Code, unless otherwise specified, the provisions of this act shall become operative on the same date that the act takes effect pursuant to the California Constitution.

O

90

Shawn Maxwell
324 Beardsley Ave B
Bakersfield, California
Phone: 1-661-472-8632
Email: shawn.maxwell@gmail.com

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SHAWN MAXWELL,** | **Case No. 1:24-cv-00409-CDB** |
| **Plaintiff,** | **PROOF OF SERVICE –** **ACKNOWLEDGEMENT OF SERVICE** |
| **v.** | |
| **LISA PACIONE, et al.,** | |
| **Defendants** | |

I, Natasha Jones, the undersigned, certify and declare that I am over the age of 18 years, and reside in the County of Kern, State of California, and not a party to the above-entitled cause. My address is 324 Beardsley Avenue A, Bakersfield, Ca 93308.

On, July 5, 2024, I served a true copy of

1. **SURREPLY IN RESPONSE TO DAVID LEON'S REPLY IN SUPPORT OF SPECIAL MOTION TO STRIKE**

by personally delivering it to the persons indicated below in the manner as provided in Fed. R. Civ. P. 5(b); by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following:

1

1.  **Leonard C. Herr**
    **Herr Pendersen & Berglund LLP**
    **100 Willow Plaza, Suite 300**
    **Visalia, Ca 93291**

3.  **Derick E. Konz**
    **Angelo, Kilday & Kilduff, LLP**
    **601 University Avenue, Suite 150**
    **Sacramento, Ca 95825**

2.  **Kimberly L. Marshall**
    **Margo A. Raison, County Counsel**
    **1115 Truxtun Avenue, Fourth Floor**
    **Bakersfield, Ca 93301**

4.  **Mandy L. Jeffcoach**
    **Whitney, Thompson & Jeffcoach LLP**
    **970 Alluvial Avenue**
    **Fresno, Ca 93711**

Place of Mailing: Bakersfield, California

Executed on July 5, 2024, at Bakersfield, California

I hereby certify under the penalty of perjury that the foregoing is true and correct.

Date: July 5, 2024

_____
*Signature of Person Making Service*

Natasha Jones
Name of Person Making Service

## ACKNOWLEDGEMENT OF SERVICE

I, _____ received a true copy of the within document on

_____.

_____          _____
*Signature*                                                    Party Served

2

Shawn Maxwell
324 Beardsley Ave B
Bakersfield, California
(661) 472-8632
Shawn.maxwell@gmail.com

July 5, 2024

Clerk of the Court
United States District Court
Eastern District of California
2500 Tulare St. Ste 1501
Fresno, CA 93721-2201

Re: Submission of Original Fillings and Proof of Service Form (1:24-cv-00409-CDB)

Dear Clerk of the Court,

I hope this letter finds you well. Enclosed you will find one (1) filing and one (1) proof of services associated with that filing. For your convenience and for official records, I have also included a conformed copy of the pleading and the proof of service.

I kindly request that the originals be filed with the court and that the enclosed conformed copies receive a court file stamp to verify their processing. Please use the enclosed self-addressed stamped envelope to return the stamped copies to me.

Thank you for your attention to this matter and for facilitating the processing of these documents. Should you need any further information or if there are any issues with the enclosed documents, please feel free to contact me at the phone number or email address provided above.

Sincerely,

Shawn Maxwell