# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN MAXWELL,<br><br>    Plaintiff,<br><br>    v.<br><br>LISA PACIONE, *et al.*,<br><br>    Defendants. | Case No. 1:24-cv-00409-JLT-CDB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND AS TO COUNTY DEFENDANTS ONLY<br><br>(Doc. 48) |

    In this action, Shawn Maxwell, proceeding *pro se*, asserts various causes of action arising under 42 U.S.C. § 1983 and state claims against judicial officers, governmental agencies, the mother of his child and others related to paternity and child support determinations.

    On August 16, 2024, the assigned magistrate judge issued findings and recommendations that (1) Plaintiff's claims seeking relief from state court orders are barred by the *Rooker-Feldman* Doctrine (Doc. 48 at 8), (2) the Superior Court Defendants are immune from suit in federal court under the Eleventh Amendment and common law judicial immunity (*id.* at 12), (3) County Defendants are not immune from liability (*id.* at 13), (4) Plaintiff did not adequately allege section 1983 claims against the County Defendants (*id.* at 14), (5) leave to amend Plaintiff's claims against Superior Court Defendants would be futile (*id.* at 15), (6) leave to amend Plaintiff's claims against County Defendants would not be futile (*id.* at 16), and (7) Defendants

1 | Leon and Trujillo cannot be liable for Plaintiff's claims in light of California's litigation privilege
2 | and this deficiency cannot be cured by amendment (*id.* at 24).

3 |      Plaintiff filed timely objections on September 5, 2024. (Doc. 49). Defendant Trujillo filed
4 | a response to the objections on September 16, 2024. (Doc. 50). Plaintiff improperly filed a reply
5 | to Defendant's response on October 4, 2024. (Doc. 51). *See* Local Rule 304.

6 |      In his objections, Plaintiff asserts that the findings and recommendations mischaracterized
7 | his complaint (Doc. 49 at 2), failed to consider critical sur-replies (*id.* at 7), misinterpreted the
8 | relief sought (*id.* at 8), failed to address alleged lack of jurisdiction and procedural irregularities
9 | (*id.* at 9), improperly found judicial immunity (*id.* at 10), failed to consider the impropriety of
10 | Defendant Marquez's recusal (*id.* at 12), failed to consider breach of duty by Defendants Pacione,
11 | Loo, and Marquez (*id.* at 13), failed to consider federal financial incentives and conflicts of
12 | interest (*id.* at 23), improperly granted the Anti-SLAPP motions (*id.* at 31), misapplied the
13 | litigation privilege (*id.* at 32), misapplied the *Rooker-Feldman* Doctrine (*id.* at 36), and numerous
14 | other objections. *See* (Doc. 49).

15 |      Defendant Trujillo responds to Plaintiff's objections, reiterating her principal argument in
16 | support of dismissing Plaintiff's action because her activities in the petition for child support are
17 | protected acts under California Code of Civil Procedure section 425.16(e) in that seeking child
18 | support services through DCSS is an official proceeding (Doc. 50 at 3), that disclosure of Social
19 | Security numbers in seeking child support is not a fraudulent act (*id.*), and that Plaintiff's
20 | argument that Defendant was an unauthorized party contradicts the language of California Rule of
21 | Court 5.16(b)(5) and, even if Defendant had no legal right or standing to initiate the action
22 | seeking child support, any such argument should have been brought in that action or on appeal
23 | (*id.* at 4).

24 |      According to 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this
25 | case. Having carefully reviewed the entire file, including Plaintiff's objections, Defendants'
26 | response to the objections, and Plaintiff's improper reply, the Court finds the findings and
27 | recommendations to be supported by the record and proper analysis. The objections do not
28 | materially call into question the magistrate judge's conclusions. Accordingly, the Court

**ORDERS**:

1. The findings and recommendations issued on August 16, 2024 (Doc. 48) are **ADOPTED in FULL**;
2. Plaintiff's claims against the Superior Court Defendants are **DISMISSED** with prejudice;
3. Plaintiff's claims against the County Defendants are **DISMISSED** without prejudice;
4. Plaintiff's claims against Defendants Leon and Trujillo are **DISMISSED** with prejudice;
5. The Anti-SLAPP motions by Defendants Leon and Trujillo are **GRANTED** and attorney's fees awarded;
6. Defendants Leon and Trujillo **SHALL FILE** any request for attorney's fees supported with declarations and records sufficient to provide a proper basis for determining how much time was spent on particular claims within 14 days of entry of this order; and
7. Plaintiff is **GRANTED** leave to amend his complaint to the extent of pleading *Monell* claims and any cognizable state law causes of action against the County Defendants. Plaintiff **SHALL FILE** any such amended complaint within 21 days of entry of this order.

IT IS SO ORDERED.

Dated:   **October 9, 2024**

UNITED STATES DISTRICT JUDGE

3