UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN MAXWELL, <br><br> Plaintiff, <br><br> v. <br><br> LISA PACIONE, in her official and individual capacities; REYMONDA MARQUEZ, in her official and individual capacities; CYNTHIA LOO, in her official and individual capacities; MONICA MEZA TRUJILLO; DAVID LEON; KERN COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES; KERN COUNTY, <br><br> Defendants. | Case No. 1:24-cv-00409-JLT-CDB <br><br> ORDER DIRECTING COUNSEL FOR DEFENDANT DAVID LEON TO FILE BILLING RECORDS IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS <br><br> (Doc. 53) <br><br> **10-DAY DEADLINE** |

**Background**

Plaintiff Shawn Maxwell, proceeding pro se, initiated this action with the filing of a complaint on April 4, 2024. (Doc. 1). On May 17, 2024, defendants Kern County and Kern County Department Child Support Services ("DCSS"), collectively the "County Defendants," filed a motion to dismiss. (Doc. 16). On May 20, 2024, defendants Cynthia Loo ("Loo"), Raymonda Marquez ("Marquez") and Lisa Pacione ("Pacione"), collectively the "Superior Court Defendants," filed a motion to dismiss. (Doc. 17). Separately, Defendants Monica Meza Trujillo ("Trujillo") and David Leon ("Leon") each filed motions to strike Plaintiff's complaint under

California's "anti-SLAPP" statute. (Docs. 18, 19, 25).[1] Plaintiff filed oppositions to each of the motions (Docs. 21, 22, 23, 36) and all Defendants filed replies (Docs. 27, 28, 32, 40). On June 25, 2024, the assigned district judge referred the pending motions to dismiss and to strike to the undersigned for preparation of findings and recommendations. (Doc. 38).

Upon review of the parties' filings, the undersigned deemed the motions suitable for disposition without hearing and oral argument, and accordingly, took the fully briefed motions under submission pursuant to Local Rule 230(g). *See* (Docs. 39, 43). Thereafter, Plaintiff filed a motion for default judgment (Doc. 41) which he subsequently withdrew following the filing by County Defendants of their opposition. *See* (Docs. 44, 47). On August 16, 2024, the undersigned issued an order directing the Clerk of the Court to terminate Plaintiff's withdrawn motion for default judgment, as well as findings and recommendations to grant Defendants' motions to dismiss and motions to strike. (Doc. 48). The assigned district judge adopted the findings and recommendations on October 10, 2024. (Doc. 52).

Pending before the Court is Defendant Leon's motion for attorney's fees, filed on October 17, 2024. (Doc. 53).

**Governing Legal Standard**

California's anti-SLAPP statute's fee-shifting provision states that "a prevailing defendant on a special motion to strike shall be entitled to recover that defendant's attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c). Pursuant to that provision, "any SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001). "[T]o calculate attorneys' fees for defendants who prevail on an anti-SLAPP motion," courts utilize the lodestar method. *Shahid Buttar for Cong. Comm. v. Hearst Commc'ns, Inc.*, No. 21-cv-05566-EMC, 2023 WL 2989023, at *3 (N.D. Cal. Apr. 18, 2023).

The lodestar method calculates attorney fees by "by multiplying the number of hours reasonably expended by counsel on the particular matter times a reasonable hourly rate." *Florida*

---

[1] Defendant Leon filed two motions to strike that are virtually identical except that the second motion to strike was noticed for hearing on a different date than the first motion and was accompanied with a proof of service on Plaintiff, whereas the initial motion to strike did not indicate whether service had been made on Plaintiff. *Cf.* (Doc. 18 *with* Doc. 25).

1    *v. Dunne*, 915 F.2d 542, 545 n.3 (9th Cir. 1990) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433

2    (1983)). The product of this computation, the "lodestar" amount, yields a presumptively reasonable

3    fee. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013); *Camacho v. Bridgeport*

4    *Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

5         "The fee applicant bears the burden of documenting the appropriate hours expended in the

6    litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987

7    F.2d 1392, 1397 (9th Cir. 1992) (citing *Hensley*, 461 U.S. at 437). Thus, a court "may not

8    uncritically accept a fee request," but must review the time billed and assess whether it is reasonable

9    in light of the work performed and the context of the case. *Common Cause v. Jones*, 235 F. Supp.

10   2d 1076, 1079 (C.D. Cal. 2002); *see McGrath v. Cnty. of Nevada*, 67 F.3d 248, 254 n.5 (9th Cir.

11   1995) (a court may not adopt representations regarding the reasonableness of time expended

12   without independent review); *Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1385 (9th Cir. 1984)

13   (remanding an action for a thorough inquiry on the fee request when "the district court engaged in

14   the 'regrettable practice' of adopting the findings drafted by the prevailing party wholesale" and

15   explaining a court should not "accept[] uncritically [the] representations concerning the time

16   expended").

17   **Discussion**

18        In the motion for attorney's fees, counsel attaches an attorney declaration but does not attach

19   the relevant billing records. (Doc. 53-2). In her declaration accompanying the motion for attorney's

20   fees, counsel Mandy L. Jeffcoach states that she spent 5.30 hours "in total reviewing pleadings and

21   revising the Anti-SLAPP Motion." (Doc. 53-2 at 4, ¶ 13). She provides that her partner "Devon R.

22   McTeer spent 26 hours reviewing pleadings, conducting legal research, drafting and revising the

23   Anti-SLAPP Motion as well as the Reply Brief in support of the same." *Id.* She further declares

24   that her office has spent additional time preparing the motion for attorney's fees. She states that she

25   herself spent ".5 hours on the present Motion" and that "Ms. McTeer has spent a total of 9.6 hours

26   on the present Motion." *Id.* ¶ 14. She anticipates Ms. McTeer will "spend an additional 3.0 hours

27   preparing the Reply brief." *Id.* In support of these hours, she provides that her "office conducted

28   legal research relating to Anti-SLAPP Motions and their applicability to the facts alleged in the

1  present action, we assessed the merits of the claims asserted by Plaintiff in his Complaint, reviewed

2  the general procedures, rules and standards for a special motion to strike under CCP § 425.16,

3  determined the applicability of the statute to the specific facts of this case and the remedies thereto

4  and drafted the Anti-SLAPP Motion and the Reply Brief." *Id. ¶* 12. In total, Ms. Jeffcoach states

5  that she spent 5.8 hours and Ms. McTeer spent 35.6 hours in preparing both the anti-SLAPP motion

6  and the motion for attorney's fees, without inclusion of the 3 additional hours estimated for

7  preparing a reply, as no opposition has been filed.

8        Without accompanying billing records, the Court cannot conduct a thorough inquiry on the

9  fee request. *See* Local rule 293.  The Court will order counsel to file all relevant bills and invoices

10  documenting the tasks completed and the amount of time spent on the action, as Ms. Jeffcoach has

11  represented she is amenable to providing. *Id.* at 5, ¶ 16.

12  **Conclusion and Order**

13        It is HEREBY ORDERED that, **within 10 days** of issuance of this order, counsel for

14  Defendant David Leon shall file all billing records and invoices relevant to her motion for attorney's

15  fees (Doc. 53).

16  IT IS SO ORDERED.

17  Dated:   **December 12, 2024**

18  UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28