UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN MAXWELL,<br><br>  Plaintiff,<br><br>  v.<br><br>LISA PACIONE, *et al.*,<br><br>  Defendants. | Case No. 1:24-cv-00409-JLT-CDB<br><br>FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT DAVID LEON'S MOTION FOR ATTORNEY'S FEES AS MODIFIED<br><br>(Docs. 53, 62)<br><br>ORDER GRANTING DEFENDANT DAVID LEON'S REQUEST FOR JUDICIAL NOTICE<br><br>(Doc. 53-3)<br><br>**14-DAY DEADLINE** |

Plaintiff Shawn Maxwell, proceeding pro se, initiated this action with the filing of a complaint on April 5, 2024. (Doc. 1). On May 17, 2024, defendants Kern County and Kern County Department Child Support Services ("DCSS"), collectively the "County Defendants," filed a motion to dismiss.  (Doc. 16).  On May 20, 2024, defendants Cynthia Loo ("Loo"), Raymonda Marquez ("Marquez") and Lisa Pacione ("Pacione"), collectively the "Superior Court Defendants," filed a motion to dismiss. (Doc. 17). Separately, Defendants Monica Meza Trujillo ("Trujillo") and David Leon ("Leon") each filed a motion to strike Plaintiff's complaint under California's "anti-SLAPP" statute, California Code of Civil Procedure § 425.16.  (Docs. 18, 19,

25).¹ Plaintiff filed oppositions to each of the motions (Docs. 21, 22, 23, 36) and all Defendants filed replies (Docs. 27, 28, 32, 40). On June 25, 2024, the assigned district judge referred the pending motions to dismiss and to strike to the undersigned for preparation of findings and recommendations. (Doc. 38).

Upon review of the parties' filings, the undersigned deemed the motions suitable for disposition without hearing and oral argument, and accordingly, took the fully briefed motions under submission pursuant to Local Rule 230(g). *See* (Docs. 39, 43). Thereafter, Plaintiff filed a motion for default judgment (Doc. 41) which he subsequently withdrew following the filing by County Defendants of their opposition. *See* (Docs. 44, 47). On August 16, 2024, the undersigned issued an order directing the Clerk of the Court to terminate Plaintiff's withdrawn motion for default judgment, as well as findings and recommendations to grant Defendants' motions to dismiss and motions to strike. (Doc. 48). The assigned district judge adopted the findings and recommendations on October 10, 2024. (Doc. 52). Relevant here, Plaintiff's claims against Defendant Leon ("Defendant") were dismissed with prejudice, Defendant's anti-SLAPP request for attorney's fees was granted, and Defendant was directed to file any request for attorney's fees supported by declarations and records within 14 days. *Id.*

Pending before the Court is Defendant's motion for attorney's fees, filed on October 17, 2024. (Doc. 53). Plaintiff did not file an opposition. Accordingly, the Court construes Plaintiff's failure to file any opposition as non-opposition to the motion. *See, e.g., Reade v. New York Times Co.*, No. 222CV00543WBSKJN, 2023 WL 2602296, at *1 (E.D. Cal. Mar. 22, 2023) (finding the same when plaintiff failed to file an opposition to a motion for attorney's fees arising from a successful anti-SLAPP motion to dismiss). However, on November 1, 2024, Plaintiff filed a notice of appeal of the Court's order dismissing his complaint and a motion to stay proceedings pending the appeal. (Docs. 54, 55). On November 25, 2024, the Ninth Circuit Court of Appeals dismissed Plaintiff's appeal, finding that the Court lacked jurisdiction because the order appealed

---

¹ Defendant Leon filed two motions to strike that are virtually identical except that the second motion to strike was noticed for hearing on a different date than the first motion and was accompanied with a proof of service on Plaintiff, whereas the initial motion to strike did not indicate whether service had been made on Plaintiff. *Cf.* (Doc. 18 <u>with</u> Doc. 25).

2

from was not final or appealable. (Doc. 60). The mandate issued on December 17, 2024, and the following day, the undersigned denied Plaintiff's motion to stay as moot. (Docs. 63, 64).

**I.      Background**

Plaintiff's claims arise from his involvement in a child custody case in the Superior Court of Kern County. Defendant Monica Meza Trujillo ("Trujillo") is the coparent of Plaintiff's minor child. (Doc. 1, ¶ 22). Defendant David Leon ("Leon") served as Trujillo's attorney in the underlying state court action. *Id.*, ¶ 143.

**II.     Governing Law**

California's anti-SLAPP statute's fee-shifting provision provides that "a prevailing defendant on a special motion to strike shall be entitled to recover that defendant's attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c). Pursuant to that provision, "any SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001). To calculate attorneys' fees for defendants who prevail on an anti-SLAPP motion, courts use the lodestar method. *Shahid Buttar for Cong. Comm. v. Hearst Commc'ns, Inc.*, No. 21-cv-05566-EMC, 2023 WL 2989023, at *3 (N.D. Cal. Apr. 18, 2023).

"The Supreme Court has stated that the lodestar is the 'guiding light' of its fee-shifting jurisprudence, a standard that is the fundamental starting point in determining a reasonable attorney's fee." *Van Skike v. Dir., Office of Workers' Comp. Programs*, 557 F.3d 1041, 1048 (9th Cir. 2009) (quoting *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

District courts in the Ninth Circuit are required "to calculate an award of attorneys' fees by first calculating the 'lodestar' before departing from it." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008) (internal citation and quotation marks omitted). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* at 978 (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)). The court "should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

"In addition to setting the number of hours, the court must also determine a reasonable hourly rate, 'considering the experience, skill, and reputation of the attorney requesting fees.'" *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986) ("In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.")). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979.

For the purposes of analyzing fee awards, "[l]odestar analysis is generally the same under California law and [f]ederal law." *Rodriguez v. Cnty. of Los Angeles*, 96 F. Supp. 3d 1012, 1017 (C.D. Cal. 2014), aff'd, 891 F.3d 776 (9th Cir. 2018). The lodestar figure is presumptively reasonable. *Dague*, 505 U.S. at 562 ("We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee ..."). It follows that "[a]djustments to the lodestar amount are allowed only if circumstances warrant ... and are reserved for rare or exceptional cases." *Rouse v. L. Offs. of Rory Clark*, 603 F.3d 699, 704 (9th Cir. 2010) (internal citations and quotation marks omitted).

In light of these governing standards, "any adjustments to the lodestar must be carefully tailored, drawing from a finite pool of factors relevant to the reasonableness determination and only to the extent a factor has not been subsumed within the lodestar calculation." *Schmidt v. City of Modesto*, No. 1:17-cv-0144-DAD-MJS, 2018 WL 6593362, at *2 (E.D. Cal. Dec. 14, 2018) (citing *Camacho*, 523 F.3d at 982) (citing the factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)). Those factors include the preclusion of other employment by the attorney due to acceptance of the case; time limitations imposed by the client or the circumstances; the amount of money involved and the results obtained; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. *Rouse*, 603 F.3d at 705; *see also Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006).

///

**III.     Discussion**

As a preliminary matter, Defendant requests the Court to take judicial notice of documents filed in this action. (Doc. 53-3). Specifically, Defendant requests the Court take notice of the operative complaint (Doc. 1), Defendant's motion to strike the complaint (Doc. 18), the undersigned's findings and recommendations to grant motions to dismiss and to strike filed by numerous Defendants, including Defendant Leon (Doc. 48), and the assigned district judge's order adopting the aforementioned findings and recommendations, granting Defendant Leon's motion to strike (Doc. 52). The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). Accordingly, the Court grants Defendant's request (Doc. 53-3) and takes notice of the above filings (Docs. 1, 18, 48, 52).

The Court now turns to the motion for attorney's fees. First, the Court must analyze whether Defendant Leon is entitled to fees. Here, it is clear that Defendant prevailed on his anti-SLAPP motion to strike Plaintiff's complaint, which was granted in its entirety and with prejudice, resulting in the dismissal of Plaintiff's claims against him. (Doc. 52). As such, he is the prevailing party and is entitled to a mandatory award of attorney's fees and costs, pursuant to California Code of Civil Procedure § 425.16(c). *See Prehired, LLC v. Provins*, No. 2:22-CV-00384-DAD-AC, 2023 WL 4187461, at *3 (E.D. Cal. June 26, 2023) (holding defendant as prevailing party due to granting of motion to strike dismissing both of plaintiff's claims).

**A. Reasonableness of Hours Billed**

"Once a party is found eligible for fees, the district court must then determine what fees are reasonable …" *Klein v. City of Laguna Beach*, 810 F.3d 693, 698 (9th Cir. 2016) (citation omitted). A fee applicant must provide records documenting the tasks completed and the amount of time spent. *Hensley*, 461 U.S. at 424; *see Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007). The Court "has its own independent duty to review the submitted itemized log of hours to determine the reasonableness of the hours requested in each case." *California Open Lands v. Butte Cnty. Dep't of Pub. Works*, No. 2:20-CV-00123-DJC-DMC, 2024 WL 4819205, at *4 (E.D. Cal. Nov. 18, 2024) (internal quotations omitted).

In her declaration accompanying the motion for attorney's fees, counsel Mandy L.

Jeffcoach states that she spent 5.3 hours "in total reviewing pleadings and revising the Anti-SLAPP Motion." (Doc. 53-2 at 4, ¶ 13). She provides that her partner "Devon R. McTeer spent 26 hours reviewing pleadings, conducting legal research, drafting and revising the Anti-SLAPP Motion as well as the Reply Brief in support of the same." *Id.* She attests to having spent additional time preparing the motion for attorney's fees. She states that she herself spent ".5 hours on the present Motion" and that "Ms. McTeer has spent a total of 9.6 hours on the present Motion." *Id.*, ¶ 14. She anticipates Ms. McTeer will "spend an additional 3.0 hours preparing the Reply brief." *Id.* In support of these hours, she provides as follows:

> [O]ur office conducted legal research relating to Anti-SLAPP Motions and their applicability to the facts alleged in the present action, we assessed the merits of the claims asserted by Plaintiff in his Complaint, reviewed the general procedures, rules and standards for a special motion to strike under CCP § 425.16, determined the applicability of the statute to the specific facts of this case and the remedies thereto and drafted the Anti-SLAPP Motion and the Reply Brief.

*Id.*, ¶ 12.

In total, Ms. Jeffcoach states that she spent 5.8 hours and Ms. McTeer spent 35.6 hours in preparing both the anti-SLAPP motion and the motion for attorney's fees. Time spent preparing a motion for attorney's fees appropriately is included. *See Prehired, LLC*, 2023 WL 4187461, at *5 (E.D. Cal. June 26, 2023) ("In calculating the reasonable number of hours spent by defense counsel in the anti-SLAPP context, courts include time spent in connection with the anti-SLAPP motion, time spent on the motion for fees and costs, and time spent preparing other motions associated with the motion to strike.") (internal citations and quotation marks omitted).

Because counsel for Defendant did not file billing records with their motion for fees, on December 12, 2024, the Court ordered counsel for Defendant to file billing records. (Doc. 61). Counsel timely filed their billing records on December 17, 2024. (Doc. 62). The entries evidence total billable time for Ms. McTeer as 41.1 hours and for Ms. Jeffcoach as 11 hours. *See id.* A review of the entries does not evidence inclusion of excessive or entirely duplicative billing, nor billing for clerical or secretarial tasks. *See Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) ("filing, transcript, and document organization time was clerical in nature and should have been subsumed in firm overhead rather than billed at paralegal rates"); *Missouri v. Jenkins ex rel.*

*Agyei*, 491 U.S. 274, 288 n.10 (1989) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them.").

However, the billing records include multiple entries whose descriptors have been entirely redacted. For example, an entry on May 14, 2024, lists ".3" hours billed by Ms. Jeffcoach, with the descriptor entirely redacted (Doc. 62 at 2); another on September 6, 2024, lists ".5" hours billed by Ms. Jeffcoach, also with an entirely redacted descriptor (*id.* at 11). In total, these entries add up to 6.6 hours for Ms. Jeffcoach and .2 hours for Ms. McTeer. In their motion, counsel for Defendant do not provide any explanation for the redactions or otherwise address any applicable privilege or basis for confidentiality.

Because these entries are too vague to properly assess whether the work therein was in furtherance of either the anti-SLAPP motion to strike or the instant motion, the Court deducts these hours from the total listed in the billing records. *See Bell v. Vista Unified Sch. Dist.*, 82 Cal. App. 4th 672, 689 (2000) (finding that if billing entries are vague, the trial court may "simply cast them aside"); *accord Chalmers*, 796 F.2d at 1210, amended on denial of rehearing, 808 F.2d 1373 (9th Cir. 1986) ("Those hours may be reduced by the court where documentation of the hours is inadequate.").[2] Discounting this time from the totals listed in the billing records results in 4.4 hours billed for Ms. Jeffcoach and 40.9 hours billed for Ms. McTeer.

Comparing this time to that sought in Defendant's motion for fees, counsel provides 35.6 hours billed for Ms. McTeer, which is below the 40.9 hours calculated by reducing her entirely redacted entries from her billable time in the records. Further, 4.4 hours is below the 5.8 hours sought in the motion for Ms. Jeffcoach. In both cases, the Court will use the lesser of the two numbers for purposes of the lodestar calculation.

---

[2] Generally, courts do not accord attorney billing records special protections absent a showing of specific prejudice or harm. *See, e.g., Grouse River Outfitters Ltd. v. Oracle Corp.*, No. 16-cv-02954-LB, 2019 WL 8752333, at 2 (N.D. Cal. Sept. 27, 2019) ("Oracle has not shown 'good cause' for sealing its counsel's billing rates and invoices."); *Muench Photography, Inc. v. Pearson Educ., Inc.*, No. 12-cv-01927-WHO, 2013 WL 6698465, at 2 (N.D. Cal. Dec. 18, 2013) ("[T]he Court is unclear how disclosure of mundane descriptions of typical attorney tasks, such as 'review and revise documents and reports' or 'confer with [attorney] re: same and collection and production of documents,' even taken as a whole, reveals sensitive information or confidential litigation strategy."); *Ferrington v. McAfee, Inc.*, No. 10-cv-01455-LHK, 2013 WL 3814474, at *2 (N.D. Cal. July 22, 2013) ("The Court has reviewed counsel's descriptions, and none of these descriptions reveal confidential litigation strategy.").

Lastly, as the motion is unopposed, there has been no opportunity or need for a reply brief. It follows that the Court will decline to include the three (3) additional hours requested to prepare a potential reply brief in Ms. McTeer's total time billed. In sum, the Court finds 4.4 hours billed by Ms. Jeffcoach and 35.6 hours billed by Ms. McTeer in regards to the anti-SLAPP motion to strike and the motion for attorney's fees to be reasonable and consistent with, or less than, decisions of other judges of this Court and other districts within California. *See Scott v. Kelkris Associates, Inc.*, No. 2:10-cv-1654-WBS-DAD, 2012 WL 1131360, at *6 (E.D. Cal. Mar. 29, 2012) (finding 34.6 hours to be a reasonable amount of time expended on an anti-SLAPP motion); *Harper v. Lugbauer*, No. 11-cv-01306-JW, 2012 WL 1499174, at *3-4 (N.D. Cal. Apr. 9, 2012) (finding 26 hours to be a reasonable amount of time expended on an anti-SLAPP motion); *Garrett v. Hine*, No. 1:21-cv-0845-DAD-BAK, 2022 WL 2791236, at *5 (E.D. Cal. July 15, 2022) (finding 150 hours spent on anti-SLAPP motion reasonable, even though "somewhat bloated"); *see also Shepard v. Miler*, No. 2:10-cv-1863-WBS-JFM, 2011 WL 1740603, at *7 (E.D. Cal. May 5, 2011) (finding 234.8 hours to be a reasonable amount of time expended on an anti-SLAPP motion, which included 217.3 hours of attorney time on the anti-SLAPP motion and reply brief and 59.3 hours of attorney time on the motion for attorney's fees).

### B. Reasonableness of Hourly Rates

In determining a reasonable rate for attorney's fees, "the burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). A reasonable hourly rate is not defined by reference to the rates actually charged by the prevailing party. *Chalmers*, 796 F.2d at 1210. Rather, reasonable fees must be calculated based on the prevailing market rates charged by "attorneys in the relevant community engaged in 'equally complex [f]ederal litigation.'" *Van Skike*, 557 F.3d at 1046. Thus, when a case is filed in the Eastern District of California, this District "is the appropriate forum to establish the lodestar hourly rate..." *Jadwin v. County of Kern*, 767 F. Supp. 2d 1069, 1129 (E.D. Cal. 2011).

Courts may also draw upon "[d]ecisions by other courts regarding the reasonableness of

the rate sought," as well as the court's "own experience in determining what constitutes a reasonable rate." *Base v. FCA US LLC*, No. 17-cv-01532-JCS, 2020 WL 363006, at *4 (N.D. Cal. Jan. 22, 2020).

Ms. Jeffcoach states that she charged $255.00 per hour and Ms. McTeer charged $245.00 per hour. In support of her hourly rate, Ms. Jeffcoach provides that:

> I have been a licensed attorney in California since 2004, for approximately twenty (20) years. Since admission to the Bar of the State of California, I have practiced general civil litigation including business litigation and legal malpractice. I am a certified specialist in legal malpractice and my experience in legal malpractice includes defending malicious prosecution and abuse of process claims against legal professionals. I have experience in both filing and defending against Anti-SLAPP Motions.

(Doc. 53 at 2, ¶ 7). In support of Ms. McTeer's hourly rate, she provides that Ms. McTeer is "also a partner with our law office, is the other attorney primarily working on this matter." *Id.* at 3, ¶ 8. She states that Ms. McTeer has been "licensed to practice law since 2004. Since admission to the Bar of the State of California, Ms. McTeer has also practiced general civil litigation including business litigation and legal malpractice" and that she "has extensive experience in legal malpractice actions, includes defending malicious prosecution and abuse of process claims against legal professionals." *Id.* She provides that Ms. McTeer also "has experience in both filing and defending against Anti-SLAPP Motions." *Id.*

Without the benefit from counsel for Defendant of a survey of fee awards in the Eastern District of California (*see generally* Doc. 53), the undersigned has reviewed relatively recent decisions addressing fees in related matters and concludes that the proposed hourly rates are reasonable. *See Reade v. New York Times Co.*, No. 2:22-CV-00543-WBS-KJN, 2023 WL 2602296, at *2 (E.D. Cal. Mar. 22, 2023) (finding rates ranging from $300 to $600 for six different attorneys to be appropriate for purpose of awarding fees after successful anti-SLAPP motion to dismiss); *Prehired, LLC v. Provins*, No. 2:22-CV-00384-DAD-AC, 2023 WL 4187461, at *4 (E.D. Cal. June 26, 2023) (finding $395 for attorney with 45 years' experience on the low end of the range following successful anti-SLAPP motion to dismiss); *Garrett v. Hine*, No. 1:21-CV-0845-DAD-BAK, 2022 WL 2791236, at *5 (E.D. Cal. July 15, 2022) (finding rates ranging

1  from $230 to $360 for four different attorneys to be appropriate for purpose of awarding fees after
2  successful anti-SLAPP motion to dismiss); *AT&T Mobility LLC v. Yeager*, No. 2:13-CV-00007
3  KJM DB, 2018 WL 1567819, at *4 (E.D. Cal. Mar. 30, 2018) (finding $300 for attorney with 35
4  years' experience appropriate for purpose of same).

5        **C. Calculation of the Lodestar Figure**

6        As noted *supra*, for purposes of the lodestar, the applicable hourly rates for Ms. Jeffcoach
7  and Ms. McTeer are $255.00 and $245.00, respectively. The applicable attorney hours are 4.4 for
8  Ms. Jeffcoach and 35.6 for Ms. McTeer.

9        The lodestar is $1,122 for Ms. Jeffcoach and $8,722 for Ms. McTeer, for a total of $9,844.

10       **D. Adjustments to the Lodestar**

11       Where the litigation "involved a contingent risk or required extraordinary legal skill
12 justifying augmentation of the unadorned lodestar in order to approximate the fair market rate for
13 such services," the court may adjust the lodestar accordingly. *Ketchum v. Moses*, 24 Cal. 4th
14 1122, 1132 (2001).

15       Defendant does not request adjustment of the lodestar figure or use of a multiplier (*see*
16 *generally* Docs. 53 and 62) and there is no opposition from the Plaintiff. The Court, therefore,
17 declines to adjust the figure upwards or downwards.

18 **IV.    Conclusion and Recommendation**

19       Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for
20 attorney's fees (Docs. 53, 62) be granted in the amount of $9,844.

21       These Findings and Recommendations will be submitted to the United States District
22 Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days**
23 after being served with a copy of these Findings and Recommendations, a party may file written
24 objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to
25 Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without
26 leave of Court and good cause shown. The Court will not consider exhibits attached to the
27 Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the
28 exhibit in the record by its CM/ECF document and page number, when possible, or otherwise

reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **January 14, 2025**

UNITED STATES MAGISTRATE JUDGE