1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SHAWN MAXWELL,

          Plaintiff,

    v.

LISA PACIONE, *et al.*,

          Defendants.

Case No. 1:24-cv-00409-JLT-CDB

ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO TIMELY FILE AN AMENDED COMPLAINT

(Doc. 52)

**14-DAY DEADLINE**

## **Background**

On October 10, 2024, the Court entered an order adopting the assigned magistrate judge's findings and recommendations to dismiss with prejudice the majority of Plaintiff Shawn Maxwell's claims, excepting only his *Monell* claims and state law causes of action against County of Kern defendants, which the Court dismissed without prejudice. (Doc. 52). The Court ordered: "Plaintiff is **GRANTED** leave to amend his complaint to the extent of pleading *Monell* claims and any cognizable state law causes of action against the County Defendants. Plaintiff **SHALL FILE** any such amended complaint within 21 days of entry of this order." *Id.* at 3 (emphasis in original).

Plaintiff did not timely file an amended complaint. However, on November 1, 2024, Plaintiff filed a notice of appeal of this action to the Ninth Circuit Court of Appeals (Doc. 55) and a motion for stay of execution of all orders pending appeal (Doc. 54). On November 25, 2024,

1    the Ninth Circuit dismissed Plaintiff's appeal for lack of jurisdiction (Doc. 60), and the mandate

2    issued on December 17, 2024 (Doc. 63).  Accordingly, on December 18, 2024, the Court denied

3    Plaintiff's motion to stay as moot.  (Doc. 64).

4        Even assuming *arguendo* that the full 21-day period within which Plaintiff was required to

5    file any amended complaint was subject to tolling during the pendency of the appeal and until the

6    denial as moot of Plaintiff's motion to stay, more than 21 days have passed since Plaintiff's

7    motion for stay was denied and Plaintiff has failed to file *anything* with the Court – let alone an

8    amended complaint curing deficiencies previously noted by the Court in Plaintiff's asserted

9    *Monell* claims or related state law causes of action against the County Defendants over which the

10    Court could exercise supplemental jurisdiction.

11        Federal Rule of Civil Procedure 41(b) allows the Court to dismiss an action if the plaintiff

12    fails to comply with a court order.  Fed. R. Civ. P. 41(b).[1]  "By its plain text, a Rule 41(b)

13    dismissal . . . requires a court order with which an offending plaintiff failed to comply."  *Applied*

14    *Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 891 (9th Cir. 2019) (internal quotation marks,

15    citation, and footnote omitted).  Prior to recommending dismissal, the undersigned will extend to

16    Plaintiff one opportunity to explain in writing why this action should not be dismissed in its

17    entirety with prejudice and the case closed for Plaintiff's failure to comply with Court orders and

18    to prosecute this action.

19

20                 *Remainder of This Page Intentionally Left Blank*

21

22

23

24

25

26

27

28

---

[1] Similarly, this District's Local Rule 110 states that "[f]ailure of counsel or of a party to comply with these Rules *or with any order of the Court* may be grounds for imposition by the Court of *any and all sanctions* authorized by statute or Rule or within the inherent power of the Court."  E.D. Cal. L.R. 110 (emphases added).

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED, **within 14** days of the date of service of this order, Plaintiff SHALL either (1) show cause in writing why this action should not be dismissed in light of his failure to timely file an amended complaint, to comply with the Court's orders, and to prosecute this action, or (2) file a notice of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i).

**Failure to respond to the Court's order will result in a recommendation that this action be dismissed with prejudice in its entirety and the case closed.**

IT IS SO ORDERED.

Dated:  __**January 22, 2025**__                 _____

UNITED STATES MAGISTRATE JUDGE

3