UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN MAXWELL,<br><br>   Plaintiff,<br><br> v.<br><br>LISA PACIONE, *et al.*,<br><br>   Defendants. | Case No. 1:24-cv-00409-JLT-CDB<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S CONSTRUED UNTIMELY MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT<br><br>(Docs. 67, 68, 70)<br><br>**14-DAY DEADLINE** |

**I. Background**

Plaintiff Shawn Maxwell, proceeding pro se, initiated this action with the filing of a complaint on April 4, 2024. (Doc. 1).

On May 17, 2024, defendants Kern County and Kern County Department Child Support Services ("DCSS"), collectively the "County Defendants," filed a motion to dismiss Plaintiff's complaint. (Doc. 16). On May 20, 2024, Defendants Cynthia Loo ("Loo"), Raymonda Marquez ("Marquez") and Lisa Pacione ("Pacione"), collectively the "Superior Court Defendants," filed a motion to dismiss Plaintiff's complaint. (Doc. 17). Separately, Defendants Monica Meza Trujillo ("Trujillo") and David Leon ("Leon") each filed a motion to strike Plaintiff's complaint. (Docs. 18, 19, 25). Plaintiff filed oppositions to each of the motions (Docs. 21, 22, 23, 36) and all Defendants filed replies (Docs. 27, 28, 32, 40). On June 25, 2024, the assigned district judge

1  referred the pending motions to dismiss and to strike to the undersigned for preparation of
2  findings and recommendations. (Doc. 38).

3        On October 16, 2024, the undersigned issued findings and recommendations to dismiss
4  with prejudice the majority of Plaintiff's claims. (Doc. 48). On October 10, 2024, the Court
5  entered an order adopting the undersigned's findings and recommendations in full and dismissed
6  the majority of Plaintiff's claims with prejudice, excepting only Plaintiff's *Monell* claims and
7  state law causes of action against County Defendants, which the Court dismissed without
8  prejudice. (Doc. 52). The Court ordered: "Plaintiff is **GRANTED** leave to amend his complaint
9  to the extent of pleading *Monell* claims and any cognizable state law causes of action against the
10 County Defendants. Plaintiff **SHALL FILE** any such amended complaint within 21 days of
11 entry of this order." *Id.* at 3 (emphasis in original).

12       Plaintiff did not timely file an amended complaint. However, on November 1, 2024,
13 Plaintiff filed a notice of appeal of this action to the Ninth Circuit Court of Appeals (Doc. 55) and
14 a motion for stay of execution of all orders pending appeal (Doc. 54). On November 25, 2024,
15 the Ninth Circuit dismissed Plaintiff's appeal for lack of jurisdiction (Doc. 60), and the mandate
16 issued on December 17, 2024 (Doc. 63). Accordingly, on December 18, 2024, the Court denied
17 Plaintiff's motion to stay as moot. (Doc. 64).

18       On January 22, 2025, the Court ordered Plaintiff to show cause why this action should
19 not be dismissed for Plaintiff's failure to timely file an amended complaint pursuant to leave
20 granted by the Court in its order dismissing Plaintiff's claims. (Doc. 66). The Court noted in its
21 order that:

22       Even assuming arguendo that the full 21-day period within which
      Plaintiff was required to file any amended complaint was subject to
23       tolling during the pendency of the appeal and until the denial as
      moot of Plaintiff's motion to stay, more than 21 days have passed
24       since Plaintiff's motion for stay was denied and Plaintiff has failed
      to file *anything* with the Court – let alone an amended complaint
25       curing deficiencies previously noted by the Court in Plaintiff's
      asserted *Monell* claims or related state law causes of action against
26       the County Defendants over which the Court could exercise
27       supplemental jurisdiction.

28 *Id.* at 2 (emphasis in original).

Pending before the Court is Plaintiff's response to the Court's show cause order. (Docs. 67, 68). Plaintiff asserts, in brief, that he is pro se and does not have experience drafting complaints, he sought help from non-lawyers, defendants would not be prejudiced, and dismissal would be unjust. *See id.* Plaintiff requests the Court to accept his first amended complaint. *Id.* at 3. With his response, Plaintiff lodged a first amended complaint with the Court. (Doc. 70).

## II. Governing Law

### a. Amendment

Federal Rule of Civil Procedure 15 permits a plaintiff to amend the complaint once as a matter of course no later than 21 days after service of the complaint or 21 days after service of a responsive pleading or motion to dismiss, whichever is earlier. *See* Fed. R. Civ. P. 15(a)(1). After such time has passed or plaintiff has once amended their complaint, amendment may only be by leave of the court or by written consent of the adverse parties. Fed. R. Civ. P. 15(a)(2). "Rule 15(a) is very liberal" and a court should freely give leave to amend when "justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *see Chodos v. W. Publ. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("it is generally our policy to permit amendment with 'extreme liberality'") (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)).

Granting or denying leave to amend a complaint under Rule 15 is within the discretion of the court. *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir, 1981); *Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143, 1152 (9th Cir. 2011) ("refusing Chudacoff leave to amend a technical pleading error, albeit one he should have noticed earlier, would run contrary to Rule 15(a)'s intent.").

A court ordinarily considers five factors in assessing whether to grant leave to amend: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). The factors are not weighed equally. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th

Cir. 1995); *see Atkins v. Astrue*, No. C 10–0180 PJH, 2011 WL 1335607, at *3 (N.D. Cal. Apr. 7, 2011) (the five factors "need not all be considered in each case"). Undue delay, "by itself … is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). On the other hand, futility of amendment, by itself, may justify the denial of a motion for leave to amend. *Bonin*, 59 F.3d at 845; *cf. Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (the consideration of prejudice to the opposing party carries the greatest weight).

In conducting this five-factor analysis, the court generally grants all inferences in favor of permitting amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

### b. Pleading Standards

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief [.]" Fed. R. Civ. P. 8(a)(2). This means that the complaint must state its claims simply, concisely, and directly. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which the claims rest. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996).

A claim is legally frivolous when it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The central question is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

To avoid dismissal for failure to state a claim, the complaint must contain more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quotations and citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, a claim

upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the Court must accept the allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In reviewing a pro se complaint, the Court is to liberally construe the pleadings in the light most favorable to the plaintiff and resolve all doubts in plaintiff's favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) ("where the petitioner is *pro se*, particularly in civil rights cases, [courts should] should construe the pleadings liberally and . . . afford the petitioner the benefit of any doubt."); *see United States. v. Qazi*, 975 F.3d 989, 992-93 (9th Cir. 2020) ("It is an entrenched principle that pro se filings however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers.") (citations and internal quotations omitted). However, while factual allegations are accepted as true, legal conclusions are not. *Twombly*, 550 U.S. at 555. In giving liberal interpretation to a pro se complaint, the Court may not supply essential elements of a claim that were not initially pled, *Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011), and the Court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Generally, if the Court finds that a pro se complaint fails to state a claim, it must give the pro se litigant leave to amend the complaint "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotation omitted). However, if amendment of the pleading would be futile, leave to amend may be denied. *See Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1116 (9th Cir. 2014) (explaining that futility of amendment can justify the denial of leave to amend and the Court's "discretion in denying amendment is particularly broad when it has previously given leave to amend").

///

### III. Discussion

In its order dismissing Plaintiff's complaint, the Court granted Plaintiff leave to file an amended complaint; however, Plaintiff did not timely file an amended complaint and only lodged a proposed amended complaint in response to the Court's show cause order. Accordingly, the Court will construe Plaintiff's filings (Docs. 67, 68, 70) as, more properly, an untimely motion for leave to file an amended complaint. *See Castro v. United States*, 540 U.S. 375, 381–82 (2003) (explaining that courts may recharacterize a pro se motion to "create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis").

#### a. Plaintiff Repeats Claims Barred by the *Rooker-Feldman* Doctrine and Judicial Immunity

In the undersigned's findings and recommendations to dismiss all claims with prejudice excepting only those claims alleging municipal liability against the County Defendants (Doc. 48), and the district judge's subsequent order adopting (Doc. 52), Plaintiff was advised that his claims against the Superior Court Defendants were barred by the *Rooker-Feldman* doctrine, as well as Eleventh Amendment and common law immunities. (Doc. 48 at 8-13). Plaintiff was advised that these "deficiencies cannot be cured by amendment of Plaintiff's complaint." *Id.* at 24.

Despite this, in his proposed amended complaint, Plaintiff names the Kern County Superior Court as a Defendant and includes substantially the same claims that the Court already dismissed with prejudice (Doc. 52 at 3). (Doc. 70 at 4, 12-14). Thus, for the reasons articulated in the earlier findings and recommendations, Kern County Superior Court is improperly named as a Defendant and these claims are improperly included in the proposed amended complaint.

#### b. Plaintiff Again Fails to Adequately Allege Section 1983 Claims Against County Defendants

In the earlier findings and recommendations, the Court set forth the legal standards applicable to claims brought under 42 U.S.C. § 1983, and specifically those brought against a municipal entity under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). (Doc. 48 at 14-15). Plaintiff was granted leave to amend his complaint to the extent of pleading *Monell* claims and any cognizable state law claims against County Defendants. (Doc. 52 at 3).

6

The proposed amended complaint again fails to adequately allege policies, practices and/or training by County Defendants with sufficient clarity to state a cognizable *Monell* claim.

First, under the portion of his proposed amended complaint titled "Monell Claim for Unconstitutional Policies or Practices – 42 U.S.C. § 1983," Plaintiff again includes improper claims against the Kern County Superior Court which the Court previously dismissed with prejudice, as set forth above in subsection (a) above. (Doc. 70 at 15-16). Regarding County Defendants, Plaintiff merely provides conclusory language with no supporting facts that evidences any policy, practice, or training. The Court is unable to draw any reasonable inferences from Plaintiff's meager pleadings about the existence of any operative policy, practice, or training the resulted in Defendants' alleged violation of Plaintiff's constitutional rights. Thus, Plaintiff states summarily that County Defendants "maintained a policy or custom of initiating enforcement actions," "exhibited a pattern of selectively enforcing Title IV-D obligations," and "prioritized Title IV-D enforcement actions as a revenue-generating tool for the county … incentivizing the filing of baseless claims." *Id.* at 17. Plaintiff provides no facts, argument, or reasoning to support any such claims.

### c. Further Leave to Amend Would Be Futile

Notwithstanding the Court's earlier grant of leave to amend, Plaintiff failed to file his amended complaint within the deadline established by the Court. Plaintiff now seeks leave to file his amended complaint, but despite having significantly more time than the 21 days granted to him to file his amended complaint (Doc. 52), Plaintiff has lodged a proposed amended complaint repleading claims already dismissed with prejudice and again failing to properly allege *Monell* claims.

In considering the five factors set forth in *Nunes*, the undersigned finds that Plaintiff unduly delayed by failing to file his amended complaint within the deadline established by the Court. More importantly, however, any further leave to amend would be futile. Despite the Court's recitation of the governing legal standards in its findings and recommendation (Doc. 48) and order adopting (Doc. 52), Plaintiff has repleaded barred causes of action against immune Defendants and failed to bring any cognizable claims against the County Defendants, under either federal or state law.

7

Accordingly, the undersigned will recommend that Plaintiff's motion for leave to amend the complaint be denied.

### IV.     Conclusion and Recommendation

For the foregoing reasons, the undersigned HEREBY RECOMMENDS that Plaintiff's request to accept first amended complaint (Docs. 67, 68, 70), construed as an untimely motion for leave to file amended complaint, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **June 17, 2025**                                         _____
                                                                                          UNITED STATES MAGISTRATE JUDGE