UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN MAXWELL,<br><br>   Plaintiff,<br><br>   v.<br><br>LISA PACIONE, *et al.*,<br><br>   Defendants. | Case No. 1:24-cv-00409 JLT CDB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S CONSTRUED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT, AND DISMISSING ACTION WITH PREJUDICE<br><br>(Doc. 73) |

Shawn Maxwell, proceeding pro se, brings this action against judicial officers, governmental agencies, the mother of his child, and others related to paternity and child support determinations. On October 10, 2024, the Court dismissed Plaintiff's original complaint. (Doc. 52.) Though certain claims and defendants were dismissed with prejudice, Plaintiff was granted leave to amend his *Monell* claim and any cognizable state law causes of action against the County Defendants. (*Id.* at 3.) Plaintiff filed a notice of appeal on November 1, 2024. (Doc. 55.) The Ninth Circuit dismissed the appeal for lack of jurisdiction on December 17, 2024. (Docs. 60, 63.) On January 22, 2025, the magistrate judge issued an order directing Plaintiff to show cause why this action should not be dismissed for failure to timely file a first amended complaint curing the deficiencies previously noted by the Court. (Doc. 66.)

On February 5, 2025, Plaintiff filed two, substantially identical documents, both titled

1   "response to order to show cause and request to accept the first amended complaint for filing."
2   (Docs. 67, 68.) Plaintiff separately lodged a copy of the proposed first amended complaint the
3   same day. (Doc. 70.)
4       On June 17, 2025, the magistrate judge issued findings and recommendations, construing
5   Plaintiff's filings as an untimely motion for leave to file an amended complaint and
6   recommending the motion be denied. (Doc. 73.) The magistrate judge noted that in the proposed
7   first amended complaint, Plaintiff failed to remedy the previously identified pleading deficiencies,
8   repeated claims barred by the *Rooker-Feldman* Doctrine and judicial immunity (*id.* at 6), and
9   again failed to adequately allege section 1983 claims against the County Defendants (*id.* at 6–7).
10  The magistrate judge found that further leave to amend would be futile. (*Id.* at 7.)
11      The Court served the findings and recommendations on the parties and notified them that
12  any objections were due within 14 days. (*Id.* at 8.) The Court also advised the parties that the
13  "failure to file any objections within the specified time may result in the waiver of certain rights
14  on appeal." (*Id*. (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).) No party filed
15  objections, and the time do so has expired.
16      According to 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this
17  case. Having carefully reviewed the entire file, the Court concludes the findings and
18  recommendations are supported by the record and proper analysis. As the magistrate judge
19  correctly explained, it would be futile to permit the filing of the lodged amended complaint,
20  which fails to cure the deficiencies in Plaintiff's *Monell* claim against the County.[1] Accordingly,
21  the Court **ORDERS**:
22      1.    The findings and recommendations issued on June 17, 2025 (Doc. 73), are
23      2.    Plaintiff's request for the Court to accept the first amended complaint for filing
24          (Docs. 67, 68, 70) is **DENIED**.
25      3.    This action is **DISMISSED** with prejudice.
26  ///
27  ///

---

[1] The lodged amended complaint does not attempt to articulate any state law claims, so it is unnecessary to evaluate the exercise of supplemental jurisdiction.

2

4. The Clerk of the Court is directed to **CLOSE** this case.

IT IS SO ORDERED.

Dated: __**July 10, 2025**__

_____
UNITED STATES DISTRICT JUDGE