1
2
3
4
5
6
7
8
**UNITED STATES DISTRICT COURT**
9
**EASTERN DISTRICT OF CALIFORNIA**
10

11  SHAWN MAXWELL,                              Case No. 1:24-cv-00409 JLT CDB

12                        Plaintiff,            ORDER DENYING PLAINTIFF'S MOTION
                                                TO ALTER OR AMEND JUDGMENT
13       v.                                     PURSUANT TO FEDERAL RULE OF CIVIL
                                                PROCEDURE 59(e)
14  LISA PACIONE, *et al.*,
                                                (Docs. 77, 78, 79)
15                        Defendants.

16

17        Shawn Maxwell, proceeding pro se, initiated this action with the filing of a complaint on

18  April 5, 2024. (Doc. 1.)

19        Following the Court's grant of Defendants' motions to dismiss Plaintiff's original

20  complaint (*see* Docs. 48, 52), on July 11, 2025, the Court denied Plaintiff's untimely, construed

21  motion for leave to file a first amended complaint and dismissed the action with prejudice. (Docs.

22  73, 74.) The Court found that granting Plaintiff leave to file the lodged amended complaint would

23  be futile given it failed to remedy the pleading deficiencies previously identified by the Court,

24  repeated claims barred by the *Rooker-Feldman* Doctrine and judicial immunity and failed to

25  adequately allege 42 U.S.C. § 1983 claims against the County Defendants. Judgment was entered

26  that same day. (Doc. 75.)

27        Pending before the Court is Plaintiff's motion to alter or amend the judgment pursuant to

28  Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. 77.) Defendants Cynthia Loo,

1   Raymonda Marquez, and Lisa Pacione (collectively, the "Superior Court Defendants") filed an

2   opposition on August 19, 2025, and Plaintiff filed a reply on August 29, 2025. (Docs. 78, 79.)

3        Federal Rule of Civil Procedure 59(e) permits a party to move a court to alter or amend its

4   judgment. "A district court may grant a Rule 59(e) motion if it is presented with newly discovered

5   evidence, committed *clear error*, or if there is an intervening change in the controlling law."

6   *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks, citation omitted;

7   emphasis in original). Reconsideration is an "extraordinary remedy, to be used sparingly in the

8   interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*,

9   229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for

10  reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331

11  F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona*, 229 F.3d at 883). A Rule 59(e) motion "may not be

12  used to relitigate old matters, or to raise arguments or present evidence that could have been

13  raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008)

14  (internal quotation marks omitted).

15       Plaintiff does not dispute the underlying facts as to his failure to state a claim. Plaintiff

16  states he identified violations pursuant to section 1983, as well as municipal liability, and should

17  have been given leave to amend. Plaintiff contends that the Court (1) misapplied the anti-SLAPP

18  framework as the underlying state court action was confidential pursuant to state law, (2)

19  overextended the doctrine of judicial immunity, and (3) did not provide special consideration to

20  the fact that Plaintiff was proceeding pro se. Plaintiff requests the Court to vacate the judgment,

21  reinstate the case, and grant Plaintiff leave to amend. (Doc. 77 at 2-3.)

22       The Superior Court Defendants argue that denial of leave to amend was not clear error as

23  Plaintiff's claims are barred by the *Rooker-Feldman* Doctrine, Eleventh Amendment immunity,

24  and judicial immunity, and "there is no plausible way to cure the defects through amendment."

25  (Doc. 78 at 3.) Additionally, the Superior Court Defendants assert that Plaintiff "undoubtedly

26  challenges judicial acts taken" by said Defendants "in their judicial capacities" and "no

27  allegations suggest that these judicial acts were taken in the complete absence of jurisdiction." *Id.*

28  at 4.

In reply, Plaintiff argues that his amended complaint was timely filed, the motion asserted clear error of law arising from the Court's failure "to review the [first amended complaint]," he is entitled to further leave to amend, judicial immunity does not bar claims based on non-judicial conduct, and that he has shown good cause for the motion. (*See* Doc. 79.)

Plaintiff addresses none of the Court's prior analysis and provides no argument to support a finding of clear error warranting an "extraordinary remedy" such as the one Plaintiff seeks. Plaintiff fails to identify any newly discovered evidence, show the Court committed a clear error in evaluating the allegations in the pleadings, or argue an intervening change in controlling law necessitates an amendment of the Court's order. *See Wood*, 759 F.3d at 1121. Rather, Plaintiff merely disputes the findings of the Court and presents substantially the same arguments he offered earlier and which the Court rejected. *See Gates v. Colvin*, No. ED CV 16-00049 AFM, 2017 WL 8220232, at *1 (C.D. Cal. Sept. 5, 2017) ("Mere disagreement with the result does not justify the filing of a Rule 59(e) motion.") (citing *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002)). Accordingly, Plaintiff's motion (Doc. 77) is **DENIED**.

IT IS SO ORDERED.

Dated: __**November 14, 2025**__

UNITED STATES DISTRICT JUDGE