**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHAWN MAXWELL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>LISA PACIONE, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:24-cv-00409 JLT CDB<br><br>INDICATIVE RULING TO DENY PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)<br><br>(Docs. 84, 87) |

Shawn Maxwell, proceeding pro se, initiated this action with the filing of a complaint on April 5, 2024. (Doc. 1.)

The Court granted Defendants' motions to dismiss Plaintiff's original complaint (*see* Docs. 48, 52). In July 2025, Plaintiff then filed an untimely motion, which the Court construed as a motion for leave to file a first amended complaint. (Doc. 73) The Court denied the motion and dismissed the action with prejudice. (Doc. 74.) The Court found that granting Plaintiff leave to file the lodged amended complaint would be futile because it failed to remedy the pleading deficiencies previously identified by the Court, repeated claims barred by the *Rooker-Feldman* Doctrine and judicial immunity and failed to adequately allege 42 U.S.C. § 1983 claims against the County Defendants. The Court entered judgment that same day. (Doc. 75.)

On November 14, 2025, the Court denied Plaintiff's motion to alter or amend the judgment pursuant Federal Rule of Civil Procedure 59(e). (Doc. 80.) Therein, the Court indicated

"Plaintiff addresses none of the Court's prior analysis and provides no argument to support a finding of clear error" warranting Rule 59(e) relief. (*Id*. at 3.) On December 10, 2025, Plaintiff noticed an appeal from the judgment. (Doc. 81.) On December 15, 2025, Plaintiff filed the pending Rule 60(b) motion. (Doc. 84.)

In general, the filing of a notice of appeal divests the court of jurisdiction "over those aspects of the case involved in the appeal." *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997). Thus, the Court lacks jurisdiction to rule on Plaintiff's later-filed Rule 60(b) motion. However, Federal Rule of Civil Procedure 62.1 permits the Court to treat Plaintiff's motion as a request for an indicative ruling. Fed. R. Civ. P. 62.1(a)[1]; *Braun–Salinas v. Am. Family Ins. Grp*., 2015 WL 128040, at *2 (D. Or. Jan. 8, 2015) (applying Rule 62.1 to a motion for reconsideration filed after a notice of appeal). Accordingly, the Court issues this as an indicative ruling.

Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ... of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied ... or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Plaintiff argues that the judgment should be set aside under Rule 60 because he recently discovered that the judge handling his underlying family law case should have been automatically disqualified from handling the matter and thus "lacked authority" to issue the resulting custody and visitation orders. (Doc. 84 at 3.) In addition, he argues the proceedings violated his due process rights. (*Id*.)[2] None of these arguments overcome the Court's original finding that

---

[1] Rule 62.1(a) provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."

[2] Plaintiff makes related arguments invoking Fed. R. Civ. P. 60(b)(6)'s "extraordinary circumstances" standard, but those arguments are tethered to his challenges to the state court judgment. (*See* Doc. 84 at 4.)

Plaintiff's attempts to challenge the state court's actions are barred by *Rooker-Feldman* and judicial immunity. (See Docs. 74, 80.) Because the arguments raised are without merit, the Court issues an indicative ruling to **DENY** the Rule 60(b) motion.

Plaintiff has also moved to strike the County Defendants' opposition to his Rule 60(b) motion on the ground that he was not served with that filing. (Doc. 87.) That motion is **DENIED AS MOOT** because the Court did not need to consider the opposition in reaching the above conclusion.

**CONCLUSION AND ORDER**

For the reasons set forth above:

(1)    Plaintiff's Rule 60(b) motion is construed as a request for an indicative ruling under Rule 62.1(a).

(2)    So construed, the Court issues an indicative ruling that Plaintiff's Rule 60(b) motion (Doc. 84) is **DENIED.**

(3)    Plaintiff's motion to strike (Doc. 87) the County Defendants' opposition is **DENIED AS MOOT**.

(4)    The case shall remain **CLOSED**.

IT IS SO ORDERED.

Dated:    **February 23, 2026**

UNITED STATES DISTRICT JUDGE

3